IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.                                CASE NO. 8:21-cv-02127-SDM-AEP

THE UNITED STATES,
THE THIRTEENTH JUDICIAL
STATE COURT, et al.,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and the Court's October 5, 2021 Order (Doc. 16), striking the amendment as unauthorized, Plaintiff Angela DeBose files this curative motion, requesting leave of the Court to file a second amended complaint. The proposed Second Amended Complaint is attached, (**Exhibit A**). In support, Plaintiff states as follows:

**MEMORANDUM OF LAW**

Fed. R. Civ. P. 15 addresses amended and supplemental pleadings, in general. Hence, subsection (a) states:

> (a) **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one

> to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a). Likewise, Local Rule 15.1, the other rule pursuant to which Plaintiff brings her Motion to Amend, also applies to amendments and states:

> A party who moves to amend a pleading must describe the type of the proposed amended pleading in the motion (i.e., motion to amend answer, motion to amend counterclaim). Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. Failure to comply with this rule is not grounds for denial of the motion. The proposed amended document will be filed at the time of filing the motion and submitted to the Court for approval. However, typographical errors in briefs or other documents shall be brought to the attention of the Court.

On September 14, 2021, the Court strickened Plaintiff's original complaint and ordered an amendment that was later filed on September 20, 2021. On September 30, 2021, the Plaintiff filed her Second Amended Complaint; however, the Plaintiff did not file a motion requesting leave of the court or attach the proposed

amendment because based on the first sentence of the rule, it did not appear to Plaintiff Pro Se that she was required to do so at this early phase of the case. On October, 5, 2021, the Court strickened the Second Amended Complaint.

Specifically, Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt". *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the Court has discretion to deny pleading amendments under Federal Rule of Civil Procedure 15(a), there is a strong preference in the Eleventh Circuit for allowing them. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). While leave to amend a pleading is "freely given" under Rule 15(a), a court must also consider the requirements of Federal Rule of Civil Procedure 16(b)(4), which provides that a Case Management and Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998). In reviewing a *pro se* complaint, the Court holds the pleading to a less stringent standard and construes the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction of *pro*

*se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993). That said, a motion for leave to amend is appropriate where the court has not clearly indicated that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action. *Freeman v. Rice*, 399 F. App'x 540, 544 (11th Cir. 2010) (citation omitted).

Plaintiff filed the Second Amended Complaint before any party has filed notice of appearance and therefore could not consent; before the development of a scheduling order, to the Plaintiff's knowledge, identifying the time permitted by the Court for amendment; and before any Answer or responsive pleading has been served by any defendant. Allowing Plaintiff to file the Second Amended Complaint would serve justice and promote judicial efficiency. Furthermore, there would be no substantial or undue prejudice, bad faith, undue delay, or futility. *See Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870 (11th Cir. 2017) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). The Supreme Court in *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 222 (1962), held that "this mandate is to be heeded." (Emphasis added). "In the absence

of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'". *Id.*

Through the Second Amended Complaint, Plaintiff seeks to specifically list in the style of the case certain Defendants that were previously named in the original complaint and amended complaint ordered by the Court and in what capacity they are sued. Additionally, Plaintiff corrected misnumbered allegations and added new allegations (¶¶101-106) based on a related case that through discovery will show the Government's significant involvement, interference, or unlawful practices. Through the above changes, Plaintiff has not added any new party.

Good Cause Requirement

It is well-established that a party should be given leave to amend a pleading unless the party has abused the amendment privilege. Amendments should be liberally granted, even after the answer is filed and particularly when the motion is made prior to judgment. Therefore, a "Rule 15(a) motion is timely if filed before entry of the judgment." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006). As stated, the Defendants have neither appeared nor answered. A copy of the original complaint was mailed requesting waiver service of a summons. The Court issued an Order striking the original complaint due to an improper font size. As a result, the documents requesting waiver of service of summons were returned to the Plaintiff because the documents now predated the

Amended Complaint. Subsequent to this action, summons were issued by the Court and the Second Amended Complaint was served on Defendants. Under the above and foregoing circumstances, second amendment will not prejudice the Defendants. In *Broyles v. Correctional Medical Services*, No. 08-1638, 2009 WL 3154241 (6th Cir. Jan 23, 2009), the Sixth Circuit addressed this issue. There the plaintiff amended his complaint within the time permitted under Rule 15(a)(1), but the district court struck the amended complaint because it added new parties and the plaintiff had not previously sought leave of court pursuant to Rule 21. *Id.* at *3. The Sixth Circuit reversed, holding that the district court abused its discretion in striking the amended complaint because Rule 15(a) is interpreted liberally and provides plaintiffs with an absolute right to amend. *Id.* Thus, under federal law, the "thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986).

**WHEREFORE**, Plaintiff's respectfully requests that the Court accept this curative motion and allow Plaintiff's Second Amended Complaint (attached) and service of summons as filed, according additional time to Defendants, if the Court should deem this just and fair.

Respectfully submitted,

/s/ *Angela DeBose*
Angela DeBose

## CERTIFICATE OF GOOD FAITH/CONFERRAL

I hereby certify that Plaintiff, as movant, did not filed the Second Amended Complaint in bad faith or for delay. The Plaintiff could not confer nor conciliate with the parties who may be affected by the relief sought in the motion. Plaintiff could not discuss the possibility of withdrawing the Second Amended Complaint if Defendants would concede that Plaintiff could file the motion for leave to amend, unopposed. Therefore, conciliation was not possible and could not be reached.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October **12th**, 2021, a true and correct copy of the above and foregoing was filed with the clerk and will notify any parties of record.

/s/ *Angela DeBose*
Angela DeBose

1107 W. Kirby St.
Tampa, FL 33604
Telephone: (813) 923-6959
Email: awdebose@aol.com