UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

                    Plaintiff,

v.

THE UNITED STATES, THE
THIRTEENTH JUDICIAL CIRCUIT,
CHIEF JUDGE RONALD FICARROTTA
in his official capacity, JUDGE G. RICE
individually and/or in her official
capacity, JUDGE GREGORY P. HOLDER          Case No. 8:21-cv-02127-SDM-AEP
individually and/or in his official
capacity, JUDGE JAMES M. BARTON,
individually and officially, THE
UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, RALPH
WILCOX in his official capacity, GERARD
SOLIS in his official capacity, LOIS
PALMER in her official capacity,
GREENBERG TRAURIG, P.A., RICHARD
MCCREA, individually,

                    Defendants.

## MOTION TO ENJOIN PLAINTIFF AS A VEXATIOUS LITIGANT
## AND TO DISMISS ALL CLAIMS AGAINST
## GREENBERG TRAURIG, P.A. AND RICHARD MCCREA

The Second Amended Complaint in this action is yet another recitation of

Plaintiff's previously litigated and dismissed claims, and demonstrates that

Plaintiff is a vexatious litigant. Far from heeding the warnings of numerous

judges in the Middle District of Florida and Thirteenth Judicial Circuit, Plaintiff

continues to file harassing lawsuits, including as Defendants Greenberg Traurig,

P.A. ("GT") and Richard McCrea ("McCrea," collectively with GT the "GT Defendants"), that cause numerous parties and the GT Defendants to waste their time and resources. The GT Defendants therefore move for an order enjoining Plaintiff as a vexatious litigant from proceeding with any claims against them.

The GT Defendants also move to dismiss all of the claims asserted against them in the Second Amended Complaint, with prejudice, because the claims are barred by the doctrines of res judicata, collateral estoppel, and litigation privilege. The claims against the GT Defendants—Counts IV, VIII, IX, XIII, XIV, XV, XVII—should also be dismissed because each fails to state a cause of action.

Furthermore, the Second Amended Complaint—the only complaint served on the GT Defendants—has been stricken by the Court. (Doc. 16.) As such, and because Plaintiff has unsuccessfully litigated these same issues and claims on a number of occasions and in multiple forums, Plaintiff's claims against the GT Defendants should be dismissed with prejudice.

## BACKGROUND

Plaintiff's employment at the University of South Florida ("USF") was terminated in 2015. Since then, she has filed no less than eight lawsuits,[1] which

---

[1] The related lawsuits that DeBose has initiated in the past 5 years include: (1) *DeBose v. USF Bd. of Trustees, USF Academic Affairs, Student Success of USF, Paul Dosal*, Case No. 9:15-mc-018 (M.D. Fla. Filed: Feb. 4, 2015); (2) *DeBose v. USF Bd. of Trustees, USF, Ellucian, L.P.*, Case No. 8:15-cv-2787 (M.D. Fla. Filed: Dec. 4, 2015); (3) *DeBose v. USF Bd. of Trustees, USF Academic Affairs, Student Success of USF, Paul Dosal*, Case No. 15-CA-5663 (Fla 13th Jud. Cir. Filed: Jun. 22, 2015); (4) *DeBose v. USF Bd. of Trustees, Greenberg Traurig, P.A.*, Case No. 17-CA-1652 (Fla. 13th Jud. Cir. Filed: Feb. 21, 2017); (5) *DeBose v. Ellucian LP*, Case No. 17-CA-2114 (Fla. 13th Jud. Cir. Filed: March 7, 2017); (6) *DeBose v. Ellucian LP, Andrea Diamond*, Case No. 18-CA-893 (Fla. 13th Jud. Cir. Filed: Jan. 29, 2018); (7) *DeBose v. USF Bd. of Trustees, Greenberg Traurig, P.A.*, Case No. 8:19-cv-1132 (M.D. Fla. Filed: May 10, 2019); (8) *DeBose v.*

produced at least 15 appeals[2] (collectively, the "Related Actions"). The basis for her unsuccessful claims is her belief that the disposal of back-up personnel files included the destruction of key documents that would show that her termination was improper. In at least three of these lawsuits, the GT Defendants, the law firm and individual lawyer who represented USF in the Related Actions, were also named as defendants. While Plaintiff alleges that the GT Defendants had a role in failing to disclose the personnel files and thereafter embarked on a conspiracy with various judges in the Middle District and Thirteenth Judicial Circuit to deprive Plaintiff of her opportunity to litigate, all of the issues raised in the Second Amended Complaint stem from the same set of factual circumstances and have been litigated multiple times and resolved against Plaintiff.

For example, in *DeBose v. USF Bd. of Trustees, Greenberg Traurig, P.A.*, Case No. 17-CA-1652 (Fla. 13th Jud. Cir. Filed: Feb. 21, 2017), Plaintiff alleged the GT Defendants failed to preserve or disclose the destroying of documents from her personnel file and acted in a way to procure favorable judgments. Am.

---

*USF Bd. of Trustees, Greenberg Traurig, P.A., Gerard Solis, Richard McCrea*, Case No. 19-CA-004473 (Fla. 13th Jud. Cir. Filed: April 29, 2019).

[2] The appeals arising from the related lawsuits include: (1) *DeBose v. USF Bd. of Trustees, et al.*, Case No. 17-14025 (11th Cir.); (2) *DeBose v. USF Bd. of Trustees, et al.*, Case No. 17-14793 (11th Cir.); (3) *DeBose v. USF Bd. of Trustees, et al.*, Case No. 2D18-3779 (Fla. 2d DCA); (4) *DeBose v. USF Bd. of Trustees, et al.*, Case No. 2D18-3940 (Fla. 2d DCA); (5) *DeBose v. USF Bd. of Trustees, et al.*, Case No. 18-12226 (11th Cir.); (6) *DeBose v. USF Bd. of Trustees, et al.*, Case No. 18-13545 (11th Cir.); (7) *DeBose v. USF Bd. of Trustees, et al.*, Case No. 18-13803 (11th Cir.); (8) *DeBose v. USF Bd. of Trustees, et al.*, 18-14637 (11th Cir.); (9) *In re DeBose*, Case No. 18-11238  (11th Cir.); (10) *DeBose v. Ellucian LP*, Case No. 2D18-2830 (Fla. 2d DCA); (11) *DeBose v. USF Bd. of Trustees, et al.*, Case No. 2D19-611 (Fla. 2d DCA); (12) *DeBose v. USF Bd. of Trustees, et al.*, Case No. 19-10865 (11th Cir.); (13) *DeBose v. Ellucian LP*, Case No. 2D19-1023 (Fla. 2d DCA); (14) *DeBose v. Ellucian LP*, Case No. 2D19-1505 (Fla. 2d DCA); and (15) *DeBose v. Ellucian, L.P., et al*, Case No. 19-11701 (11th Cir.).

Complaint ¶¶ 36, 118, *DeBose*, Case No. 17-CA-1652 (May, 1, 2019) (Ex. 1). She brought claims for breach of fiduciary duty, constructive or common law fraud, fraudulent concealment, fraudulent misrepresentation, fraudulent nondisclosure, negligent supervision, aiding and abetting fraud, and abuse of process. *Id*. Her claims were dismissed with prejudice, with a final judgment entered on July 22, 2020, which was affirmed on appeal on May 21, 2021. Order Denying Pl.'s Mot. to Strike. Affirmative Def. and for Other Relief and Denying Pl.'s Mot. to File Second Am. Compl. with Prejudice, *DeBose*, Case No. 17-CA-1652 (July 13, 2020) (Ex. 2); Final Judgment, *DeBose*, Case No. 17-CA-1652 (July 22, 2020); Opinion, *DeBose v. USF Bd. of Trustees and Greenberg Traurig, P.A.,* Case No. 2D20-2455 (Fla. 2d DCA May 21, 2021).

Similarly, in *DeBose v. USF Bd. of Trustees, Greenberg Traurig, P.A.*, Case No. 8:19-cv-1132 (M.D. Fla. Filed: May 10, 2019), Plaintiff filed an Independent Action for Relief from Judgment to Remedy Fraud on the Court alleging that a second amended judgment in *DeBose v. USF Bd. of Trustees, USF, Ellucian, L.P.,* Case No. 8:15-cv-2787 (M.D. Fla. Filed: Dec. 4, 2015)—which set aside a jury verdict in Plaintiff's favor in one of the Related Actions—was tainted by the GT Defendants' purported fraud. Doc. 1, *DeBose*, Case No. 8:19-cv-1132 (May 10, 2019). Finding that a Rule 60(b) motion should be filed in the underlying Related Action, Plaintiff's claims were again dismissed. Doc. 1, *DeBose*, Case No. 8:19-cv-1132 (May 16, 2019).

Further, in *DeBose v. USF Bd. of Trustees, Greenberg Traurig, P.A.,*

*Gerard Solis, Richard McCrea*, Case No. 19-CA-004473 (Fla. 13th Jud. Cir. Filed: April 29, 2019), Plaintiff filed yet another lawsuit alleging fraud on the court, fraudulent misrepresentation, fraudulent concealment, and violation of Chapter 895, Florida Statutes. Her claims were dismissed, with prejudice, on July 13, 2020, with Judge Holder stating "[h]aving spent many hours reviewing the various pleadings and papers within [some of the Related Actions] the Court concludes that the grounds set forth within the Defendants' Motions are well taken and absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." Order Granting Defs.' USFBOT and Gerard Solis, and Defs.' Greenberg Traurig, P.A., Gerard Solis, and Richard McCrea, Mots. To Dismiss Am. Compl. with Prejudice, *DeBose v. USF Bd. of Trustees, Greenberg Traurig, P.A., Gerard Solis, Richard McCrea*, Case No. 19-CA-004473 (July 13, 2020) (Ex. 3). On appeal, the Second District Court of Appeal affirmed. *DeBose v. USF Bd. of Trustees, Greenberg Traurig, P.A., Gerard Solis, Richard McCrea*¸ Case No. 2D20-2455 (Fla. 2d DCA. May 21, 2021).

This latest concoction of Plaintiff's claims against the GT Defendants in the Second Amended Complaint is essentially the same as those in the Related Actions, matters unsuccessfully litigated by Plaintiff in numerous lawsuits. Plaintiff's Second Amended Complaint is yet another attempt to continue to harass the GT Defendants in what is now a six-year campaign to avenge Plaintiff's belief that she was improperly terminated from employment at USF. "Three or

four lawsuits over one employment relationship is enough." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002).

## ARGUMENT

Plaintiff has (i) repeatedly filed duplicative suits rearguing a position that has been rejected a multitude of times by numerous trial and appellate courts, (ii) continued to cause needless expense to the GT Defendants, (iii) had no objective expectation of prevailing, and (iv) placed an unnecessary burden on the Court. As such, the Court should enjoin Plaintiff as a vexatious litigant and put an end to her filing of frivolous lawsuits concerning the same unsuccessful claims. In addition, for the reasons discussed in more detail below, Plaintiff's claims against the GT Defendants should be dismissed with prejudice.

## I. Plaintiff is a Vexatious Litigant and Should Be Enjoined

This Court has inherent power to protect its jurisdiction from conduct impairing the Court's ability to carry out Article III functions. *Laosebikan v. Coca-Cola Co.*, 415 Fed. Appx. 211, 214–15 (11th Cir. 2011). When litigants engage in repetitive filing of duplicative papers to argue positions "rejected a multitude of times by numerous trial and appellate courts, [and] where such litigation causes needless expense to other parties, where the litigants have no objective, good-faith expectation of prevailing, and where the multiple filings place an unnecessary burden on the courts," the court has the inherent authority to enjoin vexatious litigants. *In re Dicks*, 306 B.R. 700, 701 (Bankr. M.D. Fla. 2004) (ordering that any proposed filing be initially submitted to the Court for

review). Indeed, a "vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." *Riccard*, 307 F.3d at 1298.

A litigant is vexatious where they have "repeatedly abused the judicial process through a series of actions brought in state and federal courts" and "attempted to relitigate [] issues, which were decided adversely to [the litigant] by both state and federal courts." *In re Farris*, 330 Fed. Appx. 833, 835 (11th Cir. 2009). An injunction against a vexatious litigant is supported by a "history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel." *Dicks*, 306 B.R. at 705–06. More specifically,

> [T]he movant must show: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective, good-faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* These factors are satisfied here, where Plaintiff: (1) has a documented history of filing harassing and duplicative lawsuits; (2) has no good-faith expectation of prevailing as informed by multiple courts; (3) is unrepresented by counsel; (4) has caused needless and ongoing expense to the GT Defendants and other parties, and poses an unnecessary burden on the courts and their personnel through the filing of the Related Actions; and (5) needs to be subject to an order prohibiting the filing of claims because prior dismissals have not prevented the

initiation and pursuit of subsequent, duplicative proceedings.

Courts have ordered the same relief in similar and even less egregious circumstances. For example, in *Laosebikan*, the Eleventh Circuit found that the trial court "did not abuse its discretion by issuing a permanent injunction to keep [plaintiff] from filing any future complaints against Coca-Cola without court approval" where the substance of the plaintiff's employment discrimination and state tort claims against Coca-Cola "were substantially similar to a previous complaint filed against Coca-Cola that resulted in summary judgment . . . which [the court] affirmed on appeal." 415 Fed. Appx. at 213-215. In that case, enjoining the litigant was proper because *res judicata* barred his claims and Coca-Cola showed a substantial likelihood of success on the merits; Coca-Cola demonstrated it would "suffer irreparable harm by having to defend itself against a vexatious litigant who repeatedly asserted baseless allegations of fraud and criminal conduct against it," and the litigant was not harmed or "foreclosed from accessing the court because the order only required him to first submit any prospective complaint to the court for screening before it was filed." *Id*. at 215.

Similarly, in *Riccard*, the litigant filed no less than four lawsuits against his former employer, numerous complaints before various administrative agencies and executive brand departments of state and federal government, and complaints against the attorneys representing the former employer. 307 F.3d at 1282. After prohibiting the litigant from filing any actions against the former employer without leave of court, which the litigant disobeyed, the trial court

expanded the injunction to include a prohibition that the litigant be precluded from "filing claims *in any kind of forum* against not only [the employer], but any of the [employer's] past, present, or future attorneys or agents." *Id.* at 1285 (emphasis added). The Eleventh Circuit affirmed the modification of the injunction. *Id.* at 1299-1300.

Here, Plaintiff has filed no less than eight lawsuits involving the same underlying facts and issues, in the guise of a multitude of improperly pled and duplicative claims. In at least three separate lawsuits, Plaintiff expanded her reach to include the GT Defendants. Her claims against the GT Defendants have been consistently dismissed in the Related Actions.

Without an order prohibiting Plaintiff from "filing any action, complaint, claim for relief, suit, controversy, cause of action, grievance, writ, petition, accusation, charge or any similar instrument" against the GT Defendants and "its present, former or future agents, representatives, employees, directors, officers, attorneys, parents, assigns, predecessors or successors ... in any court, forum, tribunal, self-regulatory organization or agency (including law enforcement), whether judicial, quasi-judicial, administrative, federal, state or local, including Bar disciplinary and/or grievance committees ... whether for pecuniary advantage or otherwise, without first obtaining leave of this Court...." it is undeniable that Plaintiff will continue to harass the GT Defendants with her baseless filings, exposing them to the expense and burden of never-ending litigation. *Riccard*, 307 F.3d at 1298. This Court should therefore enter such an order enjoining

Plaintiff from further filings.

## II. Plaintiff's Claims are Barred and Must Be Dismissed

### A.      Res judicata bars Plaintiff's claims.

Res judicata forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine applies not just to the exact legal theories previously advanced but to all theories and claims arising from those asserted facts. "[I]f a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Solis v. Glob. Acceptance Credit Co., L.P.*, 601 F. App'x. 767, 771 (11th Cir. 2015).

Although the GT Defendants were not parties to all of Plaintiff's prior lawsuits, the GT Defendants were parties in at least three of the Related Actions, where courts dismissed Plaintiff's claims regarding the alleged destruction of records and any abuse of process.[3] *DeBose*, Case No. 17-CA-1652; *DeBose*, Case No. 8:19-cv-1132; *DeBose*, Case No. 19-CA-004473. Indeed, in *DeBose*, Case No. 19-CA-004473, Judge Holder stated that Plaintiff's claims were "absolutely preclude[d]" by res judicata. *See* Order Granting USFBOT and Gerard Solis, and Defs.' Greenberg Traurig, P.A., Gerard Solis, and Richard McCrea, Mots. To

---

[3] A court can take judicial notice of orders and decisions made by other courts when the preclusive effect of those decisions is at issue. *See Kinard v. Centurion of Fla., LLC*, 3:19-CV-490-J-34JRK, 2020 WL 3542650, at *11 (M.D. Fla. June 30, 2020) ("[J]udicial notice of related court cases can only be taken either to recognize the judicial act that the order represents or the subject matter of the litigation."); *Budik v. Ashley*, 36 F. Supp. 3d 132 (D.D.C. 2014), aff'd, 2014 WL 6725743 (D.C. Cir. 2014) (a court can take judicial notice of relevant facts in the court's own records and public records from other lawsuits).

Dismiss Am. Compl. with Prejudice, *DeBose*, Case No. 19-CA-004473 (July 13, 2020).

The claims alleged in the Second Amended Complaint arise out of the same nucleus of operative facts as Plaintiff's prior lawsuits, including *DeBose*, Case No. 19-CA-004473, and there is no question that the claims in the present lawsuit could have been advanced in them. Specifically, Plaintiff's claims in this Second Amended Complaint consist of intentional interference with employment contracts; conversion of property interest in dismissed cases; misuse of the legal process and procedure in violation of Florida law; common law fraud, fraudulent concealment, or alternatively fraudulent misrepresentation; vicarious liability; intentional infliction of emotional distress, and civil conspiracy. (Doc. 13.) The basis for each of these claims stems from Plaintiff's termination of employment, her subsequent public records request, and her allegations of a conspiracy between GT Defendants and the local judiciary to deprive her of the opportunity to litigate. Like *DeBose*, Case No. 19-CA-004473, Plaintiff's claims in the amended complaint in *DeBose*, Case No. 17-CA-1652 (May, 1, 2019), which were dismissed with prejudice and affirmed on appeal, were virtually identical and consisted of claims for breach of fiduciary duty, constructive or common law fraud, fraudulent concealment, fraudulent misrepresentation, fraudulent nondisclosure, negligent supervision, aiding and abetting fraud, and abuse of process all resulting from the same nucleus of operative facts. *See* Am. Complaint, *DeBose*, Case No. 17-CA-1652 (May, 1, 2019).

"[I]n determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Quinn v. Ocwen Loan Servicing, LLC*, 709 F. App'x 530, 532, (11th Cir. 2017); *see also Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015) ("[R]es judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts." (quoting *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993). All elements of res judicata are therefore present, such that Plaintiff's claims are barred and should be dismissed with prejudice.

### B.   Collateral estoppel also bars Plaintiff's claims against the GT Defendants.

Collateral estoppel applies "once a court has decided an issue of fact or law necessary to its judgment." *Callasso v. Morton & Co.*, 324 F. Supp. 2d 1320, 1324 (S.D. Fla. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Collateral estoppel bars re-litigation of issues where: (1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1501 (11th Cir. 1984).

All of the collateral estoppel requirements are met here and support

dismissal of the claims in the Second Amended Complaint against the GT Defendants. Specifically, Plaintiff introduced the issue of the purported destruction of and failure to produce documents throughout many of her Related Actions, and these issues were finally resolved. *See* Order Granting USFBOT and Gerard Solis, and Defs.' Greenberg Traurig, P.A., Gerard Solis, and Richard McCrea, Mots. To Dismiss Am. Compl. with Prejudice, *DeBose*, Case No. 19-CA-004473 (July 13, 2020). There is no question that these points were actually litigated by Plaintiff based on the number of motions, papers, and arguments submitted and heard in the Related Actions. Each court that addressed these issues, including Judge Porcelli and Judge Kovachevich, found that Plaintiff could not show bad faith by USF and its agents, and could not establish any prejudice. *See DeBose v. USF Bd. of Trustees,* Case No. 8:15-cv-2787 (M.D. Fla. Filed: Dec. 4, 2015). Plaintiff's litigation history clearly demonstrates that she has no legally cognizable claims against the GT Defendants, and the claims here should be dismissed with prejudice.

### C.   Florida's litigation privilege bars Plaintiff's claims against the GT Defendants.

"Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings." *Kodsi v. Branch Banking and Tr. Co.*, 15-CV-81053, 2018 WL 830117, at *3 (S.D. Fla. Feb. 12, 2018). The privilege has been extended to "cover all acts related to and occurring within judicial proceedings." *Id.* (citing *Echevarria, McCalla, Raymer, Barrett & Frappier v.*

*Cole,* 950 So. 2d 380, 384 (Fla. 2007)). Because Plaintiff's allegations against the GT Defendants are based entirely upon their conduct in the Related Actions and in assisting a client respond to a non-party subpoena, they are barred by the litigation privilege and the claims should be dismissed with prejudice.

## III. Plaintiff Fails to State a Claim Against the GT Defendants

### A. The allegations in Count IV do not amount to a claim for intentional interference with an employment contract.

The elements for tortious interference with a contractual relationship, employment or otherwise, are the same as the elements for tortious interference with a business relationship. *Mora-Gillespie v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 5:99-CV-93-OC-10C, 2000 WL 33323082, at *2 (M.D. Fla. Feb. 3, 2000). "Plaintiff must allege: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Id.* at *3. Plaintiff's Second Amended Complaint fails to set forth any actions by the GT Defendants amounting to interference with a business relationship. Instead, Plaintiff's allegations appear to concern the alleged underlying destruction of certain employment records at USF, as opposed to any interference with a business relationship by the GT Defendants. (Doc. 13 ¶ 171.) Plaintiff's allegations therefore do not state a claim for tortious interference against the GT Defendants.

**B.     Plaintiff does not allege any wrongdoing or cognizable claims against McCrea in Count VIII.**

Plaintiff's claim for conversion of property interest in dismissed cases in Count VIII alleges that Plaintiff "has been damaged as a result of the conduct of the Circuit Court." (Doc. 13 ¶ 226.) In addition to the alleged claim having no basis in fact, Plaintiff fails to state any cognizable claim against McCrea.

Under Florida law, "conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Rana Fin., LLC v. City Natl. Bank of New Jersey*, 347 F. Supp. 3d 1147, 1153 (S.D. Fla. 2018). Here, Plaintiff only alleges—however nonsensical—that the Circuit Court permitted the issuing of "void orders in the Plaintiff's cases to do a personal favor for . . . McCrea." (*Id.* at ¶ 226.) Plaintiff does not allege—and nor can she—that McCrea engaged in any conduct that converted a property interest away from Plaintiff, and the claim should therefore be dismissed.

**C.     Plaintiff's claim for "misuse of the legal process and procedure in violation of the Florida law" is insufficient for any relief.**

Plaintiff's claim in Count IX appears to be a misguided attempt to bring a claim for abuse of process. It fails because Plaintiff does not meet the requisite pleading standard. A complaint must contain sufficient factual matter for the court to draw the reasonable inference that the defendant is liable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To achieve this, the "heft" of the plaintiff's allegations must convince the court that liability is plausible—a level of

certainty somewhere between "possible" and "probable." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 557).   Where the well-pleaded facts do not permit the court to infer more than a mere *possibility* of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1949-50 (quoting and referencing *Twombly*).

Plaintiff's allegations that GT Defendants "used ex parte communications, deal-making, and other corruption through backdoor channels to procure favorable judgments" are entirely speculative and conclusory. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *McCullough v. Finley*, 907 F.3d 1324, 1335 (11th Cir. 2018) (The "complaint must contain factual allegations that are 'enough to raise a right to relief above the speculative level'") (citations omitted). The allegations in Count IX therefore do not state a plausible claim for relief.

### D. Count XIII[4] for common law fraud, fraudulent concealment, or fraudulent misrepresentation does not satisfy Rule 9(b)'s particularity requirement.

Count XIII of the Second Amended Complaint alleges an assortment of theories supposedly rooted in fraud.[5] Rule 9(b) requires fraud allegations to be

---

[4] There are two counts in the Second Amended Complaint labeled Count XIII.

[5] "The elements of common law fraud are 1) a false statement concerning a material fact; 2) knowledge by the person making the statement that the representation is false; 3) the intent by the person making the statement that the representation will induce another to act on it; and 4) reliance on the representation to the injury of the other party." *Knight v. E.F. Hutton and Co., Inc.*, 750 F. Supp. 1109, 1114 (M.D. Fla. 1990). "Under Florida law, the elements required for fraudulent misrepresentation and fraudulent concealment are the same." *V.C. v. Evenflo Co.,*

pled "with particularity." Fed. R. Civ. P. 9(b). Courts routinely dismiss claims that fail to meet the heightened pleading requirement.

For example, in *Paine v. Domino's Pizza, LLC*, 10-23158-CIV, 2011 WL 1102788, at *5 (S.D. Fla. Mar. 24, 2011), the court dismissed plaintiff's fraud, fraud in the inducement, and negligent misrepresentation claims where they failed to allege the precise statements made and the time and place of those statements. Similarly, in *Travelers Prop. Casualty Co. of Am. v. Charlotte Pipe & Foundry Co.*, 6:11-CV-19-ORL-28GJK, 2012 WL 983783, at *6-7 (M.D. Fla. Mar. 22, 2012), the court dismissed plaintiff's negligent misrepresentation and fraudulent misrepresentation counts where the allegations lacked sufficient particularity and were improperly attributed to a corporate entity as opposed to a specific person. Further, courts have held that Rule 9(b) requires plaintiffs to differentiate between defendants when suing more than one so that each defendant is separately informed of the allegations surrounding their participation in any fraud. *Dugas*, 101 F. Supp. 3d at 1255.

Here, Plaintiff's allegations in Count XIII simply do not contain the specificity necessary to state a fraud claim against the GT Defendants. Indeed,

---

*Inc.*, 6:20-CV-2-ORL-40GJK, 2020 WL 5803097, at *2 (M.D. Fla. Mar. 20, 2020). A claim for fraudulent misrepresentation may survive only when a plaintiff can show (1) a misrepresentation of material fact or suppression of the truth; (2) [a] knowledge of the representor of the misrepresentation, or [b] representations made by the representor without knowledge as to either the truth or falsity, or [c] representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof; (3) an intention that the representor induce another to act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation." *Dugas v. 3M Co.*, 101 F. Supp. 3d 1246, 1253–54 (M.D. Fla. 2015).

Plaintiff's "lumping all of Defendants together is fatal" to her claims. *Id.* (dismissing plaintiff's fraudulent concealment claims against defendants where the claims failed to differentiate between each defendant other than mentioning that each was responsible for producing a different product).

Moreover,  Plaintiff cannot possibly allege a fraud claim against the GT Defendants because the Second Amended Complaint—and her prior unsuccessful fraud-based claims—demonstrate that GT Defendants did not make any representations to Plaintiff and therefore could not induce her to act on any statement, and she in turn could not have relied on any statements. *V.C. v. Evenflo Co., Inc.*, 6:20-CV-2-ORL-40GJK, 2020 WL 5803097, at *2 (M.D. Fla. Mar. 20, 2020); *Dugas v. 3M Co.*, 101 F. Supp. 3d 1246, 1253–54 (M.D. Fla. 2015). This fatal flaw in Plaintiff's claim cannot be repaired with further amendment.

Because Count XIII and the 247 paragraphs Plaintiff incorporates into it fail to sufficiently allege, and cannot factually support, the elements of each fraud claim she is asserting or specifically attribute allegations to each defendant, the claim against the GT Defendants should be dismissed with prejudice.

### E.   Count XIV fails to state a negligent training and supervision claim.

Plaintiff alleges in Count XIV that "Defendants had a duty to properly train and supervise its staff, both employed and contracted." (Doc. 13 ¶ 266.) While labeled as a vicarious liability claim, this appears to be a negligent training and

supervision claim. Under Florida law, "[a]n employer is liable in tort for reasonably foreseeable damages resulting from the negligent training of its employees and agents" in relation to the implementation or operation of a training program. *See Watts v. City of Hollywood, Florida,* 146 F.Supp.3d 1254, 1269 (S.D. Fla. 2015). To survive a motion to dismiss, the complaint must include allegations identifying any relevant training program or policy. *Id.* To require otherwise would mean that "every time an employer allowed an employee to do something wrong or otherwise facilitated, however unintentionally, an employee's wrongful act, the employer would be liable for failure to train the employee." *Id.* "The negligent training cause of action is not this broad." *Id.* Here, Plaintiff does not identify a relevant training program or policy of GT or any other Defendant. This is fatal to her claim.

Similarly, in Florida, negligent supervision occurs when, "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicate his unfitness and the employer fails to take further action such as investigation, discharge, or reassignment." *Rampersad v. Denlyn, Inc.,* 5:21-CV-248-JSM-PRL, 2021 WL 4125763, at *2 (M.D. Fla. Aug. 23, 2021) (internal citations omitted). Plaintiff's Second Amended Complaint is devoid of these allegations relating to the GT Defendants, and no factual support exists for any such allegations. It is abundantly clear that McCrea was simply the individual lawyer who represented USF in the Related Actions, and no problems with training or supervision at GT

are at issue. As such, Plaintiff's claim should be dismissed with prejudice.

### F. Count XV does not state a claim for intentional infliction of emotional distress.

In order to state a cause of action for intentional infliction of emotional distress a plaintiff must plead: "1) the deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant caused the suffering; and 4) the suffering must have been severe." *Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499–500 (M.D. Fla. 1993). The "outrageous conduct" element requires intentional acts that are "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metropolitan Life Insurance Co. v. McCarson,* 467 So. 2d 277, 278 (Fla. 1985) (citations omitted). "Although there is no definitive example of what constitutes 'outrageous conduct' . . . [i]t is evident from the Florida case law on this subject that conduct must be exceedingly outrageous and reprehensible in order to form the basis for a claim of intentional infliction of emotional distress." *Golden*, 818 F. Supp. at 1499.

A number of cases have affirmed the dismissal of claims where the conduct complained of was far more egregious than alleged here.[6] The facts alleged in

---

[6] *See Hernandez v. Tallahassee Med. Ctr., Inc.*, 896 So. 2d 839, 840 (Fla. 1st DCA 2005) (affirming dismissal and concluded that the conduct did not exceed all bounds of decadency where the plaintiff claimed that her employer directed her to report to work immediately even though it knew that she might be suffering symptoms of a serious epileptic-seizure condition, subsequent to which she suffered a seizure, lost control of her car, and suffered serious and permanent injuries); *Gellman v. Neulion USA, Inc.*, 6:14-CV-1123-ORL, 2015 WL 997869, at *1-3 (M.D. Fla. Mar. 6, 2015) (granting motion to dismiss plaintiff's claim that he was exposed to a

Count XV do not amount to the type of objectively outrageous conduct that is actionable under Florida law.  Indeed, the entirety of the claims in Plaintiff's Second Amended Complaint stems from the termination of Plaintiff's employment, a subsequent public records request, and her own lawsuits. Plaintiff's claim for intentional infliction of emotional distress should therefore be dismissed for failure to state a claim under Rule 12(b)(6).

### G.    Count XVII does not state a claim for civil conspiracy.

In order to state a cause of action for civil conspiracy, "the plaintiff must sufficiently allege: (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the conspiracy." *State Farm Mut. Automobile Ins. Co. v. Lewin*, 8:20-CV-2428-VMC-TGW, 2021 WL 1541087, at *13 (M.D. Fla. Apr. 20, 2021)

hostile and unprofessional work environment which exacerbated his depression and anxiety where the employer communicated to plaintiff's social worker—while plaintiff was in hospital—that plaintiff had been terminated); *Golden*, 818 F. Supp. at 1499-1500 (granting motion to dismiss where the employee alleged that his employer "misrepresented and concealed vital financial information, misrepresented their plans to reduce employment, induced Plaintiff to forego other employment opportunities, terminated Plaintiff despite his satisfactory performance, systematically eliminated older employees, including the Plaintiff, replaced Plaintiff and other employees with younger persons, discharged Plaintiff without warning, ejected him from his office without giving him an opportunity to collect his personal effects (which Defendants destroyed), and refused for months to pay Plaintiff severance pay and other entitlement); *Lay v. Roux Laboratories, Inc.*, 379 So. 2d 451, 452 (Fla. 1st DCA 1980) (affirming dismissal where the alleged conduct consisted of the employer's threats of termination and use of humiliating language, including vicious verbal attacks and racial epithets, because though extremely reprehensible, the conduct did not reach the level of outrageousness and atrociousness required by Florida law); *Scheller v. American Medical International, Inc.*, 502 So. 2d 1268, 1271 (Fla. 4th DCA 1987) (affirming dismissal where  it was alleged that the employer excluded plaintiff from social affairs, falsely accused him of theft, prohibited him from conversing with colleagues, published false information about his income, and evicted him from his office); *see also Nims v. Harrison,* 768 So. 2d 1198, 1201 (Fla. 1st DCA 2000) (finding that plaintiff stated a cause of action for intentional infliction of emotional distress where defendants published a writing threatening to kill plaintiff and rape her children).

(citations and quotations omitted). "An agreement between two or more parties occurs when there is an express or implied agreement of two or more persons to engage in a criminal or unlawful act." *Id.*

The Second Amended Complaint does not include sufficient factual support for the GT Defendants' alleged role in any conspiracy. In particular, Plaintiff has not sufficiently alleged—nor could she—that the GT Defendants agreed to act and did act in furtherance of a common and overall objective of a conspiracy. Instead, Plaintiff merely alleges that Defendants "participated in a common design or scheme" and "coordinated or acted in concert together" in pursuit of a laundry list of conclusory and speculative allegations. Allegations of this sort which lack any factual description of, for example, an agreement to act are insufficient. *See Almanza*, 851 F.3d at 1066; *McCullough*, 907 F.3d at 1335. As such, Plaintiff's claim should be dismissed.

**CONCLUSION**

Vexatious litigation is an abuse of the judicial system and serves only to harass undeserving parties until a court firmly and fairly brings it to an end. Plaintiff's campaign of vexatious litigation must stop.

As such, and for all of the foregoing reasons, the GT Defendants respectfully request that the Court dismiss Plaintiff's claims in the Second Amended Complaint or any other pleading in this lawsuit with prejudice and enter an order enjoining Plaintiff as a vexatious litigant to prohibit her from filing any action against the GT Defendants and their present, former or future agents,

representatives, employees, directors, officers, attorneys, parents, assigns, predecessors or successors in any court, forum, tribunal, self-regulatory organization or agency, whether judicial, quasi-judicial, administrative, federal, state or local, including Bar disciplinary and/or grievance committees without first submitting the proposed filing to this Court for screening, and award such other relief as the Court may deem just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), and given the nature of this action and motion, undersigned counsel for the GT Defendants conferred with Plaintiff by email about the relief sought in this motion. Plaintiff opposes the relief sought.

Respectfully submitted,

*s/Joshua C. Webb*
Dennis P. Waggoner (FBN 509426)
dennis.waggoner@hwhlaw.com
julie.mcdaniel@hwhlaw.com
Joshua C. Webb (FBN #051679)
joshua.webb@hwhlaw.com
val.taylor@hwhlaw.com
Anisha P. Patel (FBN 116448)
anisha.patel@hwhlaw.com
regina.bigness@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, FL  33602
Tel: (813) 221-3900
Fax: (813) 221-2900
*Attorneys for Defendants Greenberg Traurig, P.A. and Richard McCrea*