IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.                              CASE NO. 8:21-cv-02127-SDM-AEP

THE UNITED STATES,
THE THIRTEENTH JUDICIAL
STATE COURT, et al.,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO ENJOIN PLAINTIFF AS A VEXATIOUS LITIGANT
AND TO DISMISS ALL CLAIMS AGAINST GREENBERG TRAURIG, P.A. AND
RICHARD MCCREA**

Plaintiff Angela DeBose responds in opposition to the motion filed by Defendants' Greenberg-Traurig, P.A. ("GTLAW") and Richard McCrea ("McCrea") to enjoin Plaintiff as a vexatious litigant and to dismiss all claims against GTLAW and McCrea. In response, Plaintiff states as follows:

### PROCEDURAL HISTORY

Plaintiff filed her original complaint on September 7, 2021, (Doc. 1). On September 11, 2021, Plaintiff requested waiver of summons of certain Defendants, specifically the United States ("the Government"), the Thirteenth Judicial Circuit Court ("the state court" and/or "state court judges"), and the University of South Florida Board of Trustees ("USFBOT"). On September 14, 2021, the Court issued an order striking the complaint pursuant to Local Rule 1.08, directing Plaintiff to file an Amended Complaint in 14-pt font, (Doc. 5). Thus, the Court

also returned the waiver of summons. On September 20, 2021, Plaintiff filed her Amended Complaint, (Doc. 11). On September 30, 2021, Plaintiff subsequently filed a Second Amended Complaint, specifically listing in the case style Defendants previously named in the original / amended complaints and the capacity in which they were sued, (Doc. 13). Plaintiff also order summons to serve process on Defendants, (Docs. 14, 15). On October 5, 2021, the Court issued an order striking the Second Amended Complaint as unauthorized, (Doc. 16), as Plaintiff did not request leave of the Court before filing. On October 12, 2021, Plaintiff filed a curative Motion for leave to file her Second Amended Complaint, (Doc. 17). Prior to the Court's Order on October 29, 2021 granting the amendment, (Doc. 24), Defendants GTLAW and McCrea filed a Motion to Dismiss the Second Amended Complaint and seeking other relief, (Doc. 18), on October 25, 2021. Notably, Defendants GTLAW and McCrea filed Notice of Appearance ("NOA") after their motion on October 26, 2021, (Doc. 19).

## LEGAL STANDARD

**Standard of Review**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

**<u>Assertion of 12(b) Defenses</u>**

A defendant is required to serve an answer on plaintiff within "20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i).  Instead of answering within that 20-day period, defendant may choose to make a preliminary Rule 12(b) motion to dismiss. Should the motion prove unsuccessful, defendant is allowed 10 days after service of the court's unfavorable decision on the motion to answer. Fed. R. Civ. P. 12(a)(4)(A).  The seven challenges that Federal Rule 12(b) specifically allows to be made by preliminary motion are the following:

–(1) lack of subject-matter jurisdiction;
–(2) lack of personal jurisdiction;
–(3) improper venue;
–(4) insufficient process;
–(5) insufficient service of process;
–(6) failure to state a claim upon which relief can be granted; and
–(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The party may join all motions under Rule 12 into a single motion. Fed. R. Civ. P. 12(g)(1).  A defendant who brings a preliminary motion to dismiss that asserts fewer than all of the defenses and later attempts to assert an additional Rule12(b) defense for the first time in the answer will in most instances waive it. Similarly, a defendant cannot make successive preliminary motions to dismiss:  Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion. Fed. R. Civ. P. 12(g)(2).

# ARGUMENT

Defendants made a special appearance to challenge the Second Amended Complaint. Because the Defendants filed their MTD before filing NOA, it is not clear whether the Defendants overt act was to submit to or challenge the Court's jurisdiction. Defendants also filed their MTD challenging the Second Amended Complaint when it was strickened and the unserved Amended Complaint on these Defendants was in effect. This voluntary appearance was entered by the Defendants' own will or consent, with service of process outstanding. Defendants then filed a general NOA, submitting to the authority of the Court, after their MTD.

**<u>Defendants have acceded to the Personal Jurisdiction of this Court</u>**

Defendants' special appearance to challenge the Second Amended Complaint was prior to October 29, 2021 Order, authorizing Plaintiff to file it by November 3, 2021. It is a matter of record that the Defendants' MTD does not challenge the Court's personal jurisdiction in its MTD; therefore, such an argument is abandoned or waived. A challenge to personal jurisdiction is abandoned when a defendant fails to raise the issue in either a responsive pleading or Rule 12 motion. "Federal Rule of Civil Procedure 12(h) states unequivocally that a claim based on a 'lack of jurisdiction over the person . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment therefore permitted by Rule 15(a) . . . .'" *Stubbs*, 447 F.3d 1357, 1365 (11th Cir. 2006) (quoting Fed. R. Civ. P. 12(h)); *see also Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (explaining that a defendant waives personal jurisdiction defense by not interposing it in responsive pleading or motion to dismiss); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1213, n.4 (11th Cir. 1999) ("By omitting this defense from its motion, Essex waived any challenge it could have asserted to the court's exercise of personal jurisdiction over it."). Defendants have not

nominally preserved the defense by raising a question of personal jurisdiction under Rule 12(b)(2). Rather, Defendants have chosen to consider themselves in Court 'for all purposes' and to litigate actively on the merits thereby surrendering any jurisdictional objections. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2nd Cir. 1999).

**Defendants' MTD is Premature and thus not Ripe for Adjudication**

Justiciability refers to the types of matters that a court can adjudicate. If a case is "nonjusticiable," then the court cannot hear it. *See Baker v. Carr*, 369 U.S. 186, 210-11 (1962). The MTD now under submission by Defendants GTLAW and McCrea was premature and not ripe for adjudication, when submitted. The MTD sought dismissal of the Plaintiff's Second Amended Complaint, which had been strickened by the Court and was, therefore, moot. *See Arizonans for Official English* v. *Arizona*, 520 U.S. 43 (1996)(Mootness has been described as "the doctrine of standing set in a time frame); *see also United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). Defendants were aware that the Plaintiff had filed a motion for leave to amend to file the Second Amended Complaint and that the motion was pending. The only actual case or controversy that existed at the time that was capable of being resolved by the Court was the Plaintiff's Amended Complaint. Consequently, Defendants MTD seeks an advisory opinion—which is not "properly judicial." *Muskrat v. United States*, 219 U.S. 346, 352 (1911).

**No Jurisdiction Exists to Rule on Unserved Defendants**

Defendants GTLAW and McCrea were served process on October 4, 2021. At the time the Defendants filed their MTD on October 25, 2021, the Plaintiff's Second Amended Complaint was strickened by the Court twenty days prior on October 5, 2021. The only authorized complaint was the Amended Complaint, which Defendant was not served. Though

5

Plaintiff filed a motion to cure with the Court, the Defendants did not know if the Second Amended Complaint would be authorized. Therefore, it was procedurally improper for the Defendants to file the MTD in the manner they did, and it would be error for the Court to entertain the *special appearance MTD* by these Defendants. As other courts have noted, without personal service of process, a court is without jurisdiction over a defendant. *Royal Lace Paper Works, Inc. v. Pest-Guard Prods., Inc.*, 240 F.2d 814, 816 (5th Cir. 1957). Thus, a court that has no jurisdiction over a defendant has no authority to rule on substantive *motions* such as those brought by GTLAW and McCrea in this case. See *Wortham v. Am. Family Ins. Co.*, No. C01-2067, 2002 WL 31128057, at *3 (N.D. Iowa Sept. 17, 2002) (holding that a district court has no authority to rule on a Rule 12(b)(6) *motion* brought by an unserved defendant). Technically, the Second Amended Complaint and Service of Process on the Defendants is not valid until the Plaintiff files her Second Amended Complaint, which is projected to occur on or by November 3, 2021, as the Court has ordered.

**If Defendants' Premature, Unripe Motion is Reviewed, It Should Fail on the Merits**

**I.  Plaintiff is not a Vexatious Litigant and Should Be Enjoined**

Vexatious litigation is legal action which is brought solely to harass or subdue an adversary. The Defendants have alleged that the Plaintiff is a vexatious litigant and should be enjoin from filing. The threshold for vexatious litigation is quite high. Evidence that a litigant is a frequent plaintiff or defendant alone is insufficient to support a vexatious litigant designation.[1] There must be a finding of bad faith. A court may exercise this power "to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."

---

[1] *Roston v. Edwards*, (1982) 127 Cal.App.3d at 847, 179 Cal.Rptr. 830.

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (quotation marks omitted). This power is "unlock[ed]" only upon a finding of bad faith. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "A finding of bad faith is warranted where," among other things, "a frivolous argument" is "knowingly or recklessly raise[d]." Id. (quotation marks omitted).  Here, the moving party (i.e. Defendants) have not demonstrated that the Plaintiff is vexatious, and nor have they made an affirmative showing *based on evidence* that the case has little chance of prevailing on the merits.

**II. Res Judicata, Collateral Estoppel, and Litigation Privilege do not Apply.**

Defendants argue that Plaintiff's claims are barred by res judicata, collateral estoppel, and litigation privilege and must be dismissed. Defendants also heavily rely on the void orders in state court actions 17-CA-001652 and 19-CA-004473 in making these claims, in which the Defendants claimed the same defenses—initially based on Plaintiff's public records case (15-CA-005663), though a final order/judgment had not been rendered, and subsequently based on Plaintiff's federal case, at a time when Plaintiff was the prevailing party following a unanimous jury verdict (**See Plaintiff's Affidavit attached**):

**Table-1 – Timeline of Cases and Final Rendition**

| **Date Filed** | **Number** | **Description** | **Rendition** |
|---|---|---|---|
| 2015/02/04 | 8:15-mc-00018-EAK-MAP | Fed - TRO/Injunction | NA |
| 2015/06/22 | 15-CA-005663 | State - Public Records - USF | 2020/01/21 |
| 2015/12/04 | 8:15-cv-02787-EAK-AEP | Fed - Discrimination | **2019/02/14** |
| **2017/02/21** | 17-CA-001652 | State – Dec. Relief / Fraud | 2020/07/22 |
| 2017/03/07 | 17-CA-002114 | State - Public Records - Ellucian | 2019/04/02 |
| 2018/01/29 | 18-CA-000893 | State - Removed by Ellucian | NA |
| 2018/02/27 | 8:18-cv-00473-EAK-AAS | Fed - Removal-1 Ellucian | 2018/10/17 |
| 2019/01/25 | 8:19-cv-00200-JSM-AEP | Fed - Removal-2 Ellucian | 2019/04/02 |
| 2019/04/29 | 19-CA-004473 | State - Independent Action | 2020/07/21 |

**Table 2.  Spoliation and Sanctions**

| Action | Date Filed | Date of Orders | Date of Final Judgment |
|---|---|---|---|
| Federal Discrimination Complaint | 12/04/2015 | | **02/14/2019** |
| Spoliation | | 04/05/2016 | 04/05/2016 |
| Sanctions | | 08/07/2017 | 08/07/2017 |
| 17-CA-001652 | **02/21/2017** | | 07/22/2020 |

In the instant case, the Defendants seek again to raise these defenses not because they have merit but because they have had some measure of success in raising the defenses to conceal their fraud. A review of the Second Amended Complaint will show that the Defendants' reliance on state actions 17-CA-001652 and 19-CA-004473 are without merits.  The defenses of res judicata, collateral estoppel, and litigation privilege are not plain or evident on the face of the Second Amended Complaint.

In Case 17-CA-001652, Judge Elizabeth G. Rice ("Judge Rice") was not authorized to enter the order dismissing Appellant's Amended Complaint.  Specifically, Judge Rice was barred by a legally sufficient motion seeking her disqualification.  Florida judges have the obligation to voluntarily recuse themselves for a variety of reasons, including bias or prejudice regarding a party or an economic interest in the matter.  Fla. Code Jud. Conduct Cannon 3E. Disqualification.  Litigants have a statutory right to request disqualification of trial court judges when prejudice is reasonably feared.  Fla. Stat. §38.10 (2011); Fla. R. Jud. Admin. 2.330(d); *Livingston v. State,* 441 So. 2d 1083, 1087 (Fla. 1983).  A disqualification motion must be "legally sufficient." Fla. R. Jud. Admin. 2.330(f). This prerequisite is not examined based on evidence; rather, it is the litigant's perspective that is important. *Livingston* at 1087.   The motion must establish an "objectively reasonable" fear of prejudice because subjective fear is

inadequate. *Id*. The motion must be sworn or supported by a party's sworn affidavit. Fla. R. Jud. Admin. 2.330(c)(3); *e.g.*, *Wal-Mart Stores, Inc. v. Carter,* 768 So. 2d 21 (Fla. 1st DCA 2000); *Skarka v. Lennar Homes, Inc.,* 29 So. 3d 1170 (Fla. 1st DCA 2010). Once an order is entered, the judge can take no action. Fla. R. Jud. Admin. 2.330(j); *e.g.*, *Valdes-Fauli v. Valdes-Fauli,* 903 So. 2d 214, 217-18 (Fla.3d DCA 2005); *Hatfield v. State,* 46 So. 3d 654 (Fla. 2d DCA 2010); *Fernwoods Condominum Ass'n #2, Inc. v. Alonso,* 26 So. 3d 27 (Fla. 3d DCA 2009). Judge Rice ruled on a motion to dismiss while her recusal or disqualification was pending, in violation of Florida Statutes section 38.10 and Florida Rule of Judicial Administration 2.160(f). Statutorily, Judge Rice was prohibited from further proceedings and was required to immediately rule on the legal sufficiency of the motion for disqualification. *Fuster-Escalona v. Wisotsky,* 781 So.2d 1063, 1066 (Fla. 2000). If a motion to recuse is technically sufficient, and the facts alleged therein also "would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial from the judge," the motion is legally sufficient and should be granted. *Nunez v. Backman,* 645 So.2d 1063, 1064 (Fla. 4th DCA 1994). In such circumstance, the facts alleged are to be taken as true and their veracity should not be considered by the judge. *State Farm Mut. Auto. Ins. Co. v. Penland,* 668 So.2d 200, 204 (Fla. 4th DCA 1995). When a motion to recuse should have been granted as legally sufficient, the order denying the Rule 3.850 motion must be vacated because it was entered after the motion to recuse was filed. *See Wisotsky* at 1066. Additionally, Judge Rice was subsequently recused and transferred to a different division. **(See Plaintiff's Affidavit, Attachment A)**. Given this discrepancy, Judge Rice was not authorized to rule on the Defendants' motion to dismiss when she did. Therefore, under 1.540(b)(4), the Florida counterpart to Rule 60(b), the prior judge's order is void.

In state court actions 17-CA-001652 and 19-CA-004473, the orders issued by Judge Holder were unauthorized orders and final judgments. Judge Holder was not assigned or appointed to Appellant's case and the judge did not have jurisdiction to rule at any time. **(See Plaintiff's Affidavit, Attachment B)**. Judge Holder improperly interfered in Ms. DeBose's cases on behalf of USFBOT and its attorney, so that the litigated matters could not be reviewed substantively on the merits by the proper court and set for a trial by jury. There was absolutely no evidence to show that the Chief Judge did in fact appoint Judge Holder. First, the Circuit Court did not issue any notice of Judge Holder's appointment. There is no evidence in the record from GTLAW or McCrea that the Chief Judge authorized Judge Holder's interference. Plaintiff obtained evidence through a third-party request for administrative records of the judicial branch in accordance with Florida Rule of Judicial Administration 2.420 and article I, section 24 of the Florida Constitution that disclosed that Judge Holder did not have any special assignments from the Chief Judge in 2020 that authorized his actions, **(Affidavit, Attachment B)**. Judge Holder's attempted and completed judicial acts are utterly null and void and of no effect under Chapter 38 generally, section 38.02, and Rule 1.540(b)(4). Arguably, if Judge Holder was assigned by the Chief Judge or had jurisdiction, Judge Holder operated in excess of the court's jurisdiction in failing to adhere to the strict requirements of Rule 1.440 to set the matters for trial. The Florida Supreme Court has held that trial courts "lack jurisdiction" until proper pleadings are filed. *Lovett v. Lovett*, 112 So. 768, 776 (Fla. 1927). In addition, Judge Holder's orders were also due to be set aside, pursuant to the Plaintiff's 1.530 motion to vacate timely filed on July 19, 2020. The motion to vacate was subject to a *de novo* review. It was improper for Judge Holder to deny the motion since he was the subject of the illegality or unlawful action and hastened to improperly act to render final judgment when dismissal was

inappropriate, given the Plaintiff's substantial evidence in both cases. **(See Exhibits for 17-CA-001652 and 19-CA-004473)**. Undoubtedly, findings of fact are reviewed for competent, substantial evidence under Florida law. Even though a trial court's findings of fact are cloaked in a presumption of correctness, they are reviewed for whether they are supported by competent substantial evidence. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951); *Consol. Edison Co. v. Labor Bd.*, 305 U.S. 197,229 (1938). Here, Judge's Holders illegal, void orders should not be regarded, particularly given that he did not have jurisdiction and was not authorized to enter any orders. These procedural defects were tantamount to a lack of subject matter jurisdiction and the orders are should have been vacated by the Chief Judge.     The Court has an independent duty to take notice of a jurisdictional defect even if neither party raises the issue. A litigant or the court can raise a defect in jurisdiction at any time, even after a court has entered judgment. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citations omitted) (jurisdiction upheld); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). The Court and the opposing attorneys have an ethical obligation, as officers of the court, to raise and review fundamental jurisdictional issues once they become apparent. Here, the doctrine of res judicata is not applicable where the judgment was entered without complying with jurisdictional requirements. For that and other reasons, the judgment is void. See Harvard Law Review, Vol. 56, page 1 et seq.

In addition to the jurisdictional issues, the res judicata defense fails the "four identities" test. The doctrine of res judicata or claim preclusion enforces finality by discouraging relitigation of issues previously decided. Decisional law has emphasized each element of this definition, requiring, as an initial matter, 1) a judgment, 2 ) on the merits, 3) in a former suit. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235 (11th Cir. 1999). The application of res judicata

requires that certain similarities exist between the previous action and the new one. These similarities, often called the "four identities," are "1. Identity in the thing sued for. 2. Identity of the cause of action. . . 3. [Identity] of persons and of parties to the action. 4. Identity of the quality in the persons for or against whom the claim is made. *McDonald v. Hillsborough County School Bd.*, 821 F.2d 1563 (11th Cir. 1987). When the four identities are reviewed in the instant case, Defendants' argument clearly fail: (1) the prior decision was rendered by an unauthorized judge without jurisdiction; (2) the final judgment was void and not on the merits; (3) the parties were not identical in both suits; and (4) the prior and present causes of action are not the same. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). The claims are part of the same cause of action. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002) (citation omitted). With regard to collateral estoppel or issue preclusion, the argument also fails. For the doctrine of collateral estoppel to apply, an identical issue must be presented in a prior proceeding; the issue must have been a critical and necessary part of the prior determination; there must have been a full and fair opportunity to litigate that issue; the parties in the two proceedings must be identical; and the issues must have been actually and fully litigated and determined in a final decision of a court of competent jurisdiction. *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). As with most cases that raise this affirmative defense, the focus is on the analysis of whether the plaintiff had a full and fair opportunity to be heard. This does not mean whether a case was put on and decided. This is intended to be a review of "due process," whether embodied in the Fifth Amendment or the Fourteenth Amendment. If there is contravention of federal/Florida constitutional or non-constitutional standards, a further attempt to litigate that claim or defense, or issues relating thereto, may be warranted. In other instances, an additional opportunity to be heard

might be required by these standards. For example, this may occur in instances of manifest abuse of authority or manifest injustice, or where allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government or the judgment was rendered by a court lacking capability to make an adequately informed determination of a question. In the cases (17-CA-001652 and 19-CA-004473) relied upon by Defendants, the Plaintiff did not have a full and fair opportunity to litigate, particularly under the manifest injustice exception. See, e.g., *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 599 (1948); *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir. 1982); *Tipler v. E.I. duPont deNemours Co.*, 443 F.2d 125, 128 (6th Cir. 1971). Therefore, federal and Florida courts hold that collateral estoppel will not be invoked to bar relief. Thus, Plaintiff's claims in this action are not barred for reasons of claim preclusion. Finally, the *litigation privilege* only applies to communications made during the course of, and related to, a judicial proceeding. *Pack v. Unifund CCR Partners, G.P.*, No. 8:07-cv-1562-T- 27EAJ; 2008 WL 686800, *6 (M.D. Fla. Mar. 13, 2008) (claim that state court lawsuit was a "harassing communication" under the FCCPA barred by litigation privilege because it "necessarily occurred during a judicial proceeding and is related to such proceeding . . ."). In Case 17-CA-001652, the destruction of the Plaintiff's employment files was not required, necessary, or appropriate in order to defend against litigation by Ms. DeBose at the time of its occurrence; therefore, the *litigation privilege* does not apply. The resort to ex parte communications, use of backdoor channels, self-dealing, influence peddling, and fraud are not privileged. The litigation privilege is not automatic and does not apply across the board just by virtue of the fact that a party can document that there has been litigation. *Bruce v. Ocwen Loan Servicing, LLC*, Case No. 8:12-cv-1561-T-24 MAP (M.D. Fla. Oct. 15, 2012). This

13

affirmative defense may only be raised by a MTD where the defense is clearly apparent on the face of the complaint. Again, the Defendants' argument fails.

### III. Plaintiff's Second Amended Complaint Meets the Requisite Pleading Standards

Defendants argue that Plaintiff has failed to state a claim in its MTD, Paragraph III – A, B, C, E, F, and G. Specifically, the Defendants allege that several of Plaintiff's Counts do not properly plead a claim for intentional interference with an employment contract, negligent training and supervision, intentional infliction, or civil conspiracy; that Count VIII does not allege wrongdoing or cognizable claims against McCrea; etc. However, Plaintiff's Second Amended Complaint has sufficient specificity in its allegations to provide facts to apprise the opposite party of what is meant to be proved and the necessary allegations of fact. In order to withstand a 12(b)(6) motion, a pleading "must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Adinolfe v. United Tech. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). This standard imposes an "exceedingly low" threshold for the nonmoving party to survive a motion to dismiss for failure to state a claim. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Plaintiff's Second Amended Complaint goes well beyond Rule 8's General

Pleading standards. The complaint provides facts, details, and dates/times that go to the substance of the allegations.

Defendants also allege that Count XIII for common law fraud, fraudulent concealment, or fraudulent misrepresentation does not satisfy Rule 9(b)'s particularity requirement. Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." The particularity requirement, however, must be read in conjunction with Federal Rule of Civil Procedure 8(a), which provides that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985)(stating that "a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading" found in Rule 8). Thus, to comply with Rules 8 and 9(b), "some indicia of reliability must be given in the complaint to support the allegation of fraud". *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002).

To that end, the Plaintiff's Second Amended Complaint pleads facts as to time, place, and substance of the defendant's alleged fraud; specify the details of the Defendants' allegedly fraudulent acts; when they occurred; and who engaged in them. *Id*. at 1310.  (See also Plaintiff's Affidavit, Attachment A and B, and Exhibits for 17-CA-001652 and 19-CA-004473). If the specificity or particularity of the Plaintiff's allegations need to be sharpened, the complaint is capable of amendment and such amendment would not be futile.

**WHEREFORE**, Plaintiff's respectfully requests that the Court to deny the Defendants' motion to dismiss Plaintiff's Second Amended Complaint and enjoin Plaintiff as

15

a vexatious litigant on the basis that the motion is premature or unripe for adjudication or that it fails on the merits.

Respectfully submitted,

/s/ *Angela DeBose*
Angela DeBose

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November **2nd**, 2021, a true and correct copy of the above and foregoing was filed electronically and will notify all parties of record.

/s/ *Angela DeBose*
Angela DeBose

1107 W. Kirby St.
Tampa, FL 33604
Telephone: (813) 923-6959
Email: awdebose@aol.com