## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO.  8:21-cv-02127-SDM-AEP

| | |
|---|---|
| **ANGELA DEBOSE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **THE UNITED STATES,** | ) |
| **THE THIRTEENTH JUDICIAL CIRCUIT,** | ) |
| **CHIEF JUDGE RONALD FICARROTTA** | ) |
| **in his official capacity,** | ) |
| **JUDGE ELIZABETH G. RICE** | ) |
| **individually and/or in her official capacity,** | ) |
| **JUDGE GREGORY P. HOLDER** | ) |
| **individually and/or in his official capacity,** | ) |
| **JUDGE JAMES M. BARTON,** | ) |
| **individually and officially,** | ) |
| **THE UNIVERSITY OF SOUTH FLORIDA** | ) |
| **BOARD OF TRUSTEES,** | ) |
| **RALPH WILCOX in his official capacity,** | ) |
| **PAUL DOSAL in his official capacity,** | ) |
| **GERARD SOLIS in his official capacity,** | ) |
| **LOIS PALMER in her official capacity,** | ) |
| **GREENBERG TRAURIG, P.A.,** | ) |
| **RICHARD MCCREA, individually** | ) |
| | ) |
| **Defendants.** | ) |
| | / |

### SECOND AMENDED COMPLAINT

Plaintiff Angela DeBose ("Ms. DeBose"), individually, brings this action

against the Defendants, the United States of America (hereinafter referred to as the

"United States" or "the Government"); the Thirteenth Judicial Circuit Court

("Hillsborough Circuit Court"); the University of South Florida Board of Trustees

("USFBOT"); Greenberg Traurig, P.A. ("GTLAW"); Judge Ronald Ficarrotta

("Judge Ficarrotta") in his official capacity as Chief Judge; Judge Elizabeth G.

Rice ("Judge Rice"), individually and/or in her official capacity; Judge Gregory P.

Holder ("Judge Holder"), individually and/or in his official capacity; Gerard Solis

("Mr. Solis"), in his official capacity as General Counsel; Richard McCrea ("Mr.

McCrea"), individually and/or in his capacity as an employee of Greenberg

Traurig, P.A. and subcontractor of USFBOT;  Ralph Wilcox ("Dr. Wilcox"), in his

official capacity as USF Provost and Executive Vice President; Paul Dosal ("Dr.

Dosal"), in his official capacity as Vice President for Student Affairs & Student

Success, and Lois Palmer ("Ms. Palmer"), in her capacity as a USF employee, and

alleges as follows:

## I. JURISDICTION AND VENUE

1.     Plaintiff is a resident of Hillsborough County, Florida, in the Middle District

of Florida.

2.     The claims herein are brought against the United States pursuant to the

Federal Tort Claims Act (28 U.S.C. § 2671, et seq.), for money damages as

compensation for loss of property and personal injuries that were caused by the

negligent and wrongful acts and omissions of employees of the United States

Government while acting within the scope of their offices and employment, under

circumstances where the United States, if a private person, would be liable to the

Plaintiff in accordance with the laws of the State of Florida, in Case No. 8:19-cv-

01132-JSM-AEP but also 8:15-cv-02787-VMC-AEP (formerly 8:15-cv-02787-

EAK-AEP), 8:18-cv-00473-EAK-AAS, 8:19-cv-00200-JSM-AEP,  8:15-mc-

00018-CEH-SPF (formerly 8:15-mc-00018-MAP-SPF), 1:20-cv-01435-RTH,

 and associated appeals.  The claims herein are brought against the Thirteenth

Judicial Circuit Court, the University of South Florida Board of Trustees, and

Greenberg Traurig, P.A., pursuant to the Florida Tort Claims Act (768.28 Fla.

Stat.), Chapter 119.0701, Chapter 770, Fla. Stat., Chapter 772 Fla. Stat.,  Chapter

817 Fla. Stat., Chapter 895, Fla. Stat., the Common Law of Florida, and 42 U.S.C.

§ 1983, for money damages and other relief as compensation for loss of property

and personal injuries that were caused by the negligent and wrongful acts and

omissions of employees of the Thirteenth Judicial Circuit Court while acting

within the scope of their offices and employment, under circumstances where the

State Court and State Agency and its contractors/subcontractors, and insurance

carriers, if a private person, would be liable to the Plaintiff in accordance with the

laws of the State of Florida, in Case Nos. 15-CA-005663, 17-CA-001652, 17-CA-

002114, and 19-CA-004473.

3.      Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in Middle District of Florida and/or Hillsborough County, Florida, and arose from the improper, illegal and perverted use of the legal process or unlawful ulterior motives in misusing or misapplying legal procedure, in a manner not contemplated by law, against Ms. DeBose by the United States Government, the Middle District of Florida, and the Thirteenth Judicial Circuit, and their agents.

4.      Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act and other conditions precedent to bring this suit.  All conditions precedent have occurred, have been performed, or have been waived. The Defendants have been given prior notice of any tort actions taken against it pursuant to the requirements of 28 U.S.C. § 2675 section and 768.28(6)(a), Florida Statutes.  The federal and state government agencies have not responded.

5.      The suit has been timely filed, in that Plaintiff timely served notice of her claims on the United States Department of Justice.  The U.S. Department of Justice is responsible for processing the claim on behalf of the Middle District of Florida and its federal district court judges.  No decision has been rendered by the Government.

6.      The suit has been timely filed, in that Plaintiff timely served notice of her claims on the State court/agency/contractor.  The Thirteenth Judicial Circuit Court,

the University of South Florida Board of Trustees, and Greenberg Traurig, P.A. are independently responsible for processing its claim.  No decision has been rendered by the Thirteenth Judicial Circuit Court, the University of South Florida, or Greenberg Traurig, P.A.

7.      Plaintiff seeks monetary damages for losses that arise from the wrongful acts and omissions of employees of the United States Government, specifically the Middle District Court of Florida, Tampa Division; the Thirteenth Judicial Circuit Court for intentional torts in cases involving the University of South Florida Board of Trustees, and Greenberg Traurig, P.A., while acting within the scope of their offices and employment, under circumstances where the Defendants, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Florida for various intentional torts and various species of fraud.  The term "Federal agency" includes the  judicial branch.  The term "state agency" includes the judicial branch, state universities, and contractors of a state agency performing work on the state agency's behalf.

## II. PARTIES

8.      The Plaintiff is a United States citizen and State of Florida resident in the City of Tampa, Hillsborough County, Florida.

<u>The United States</u>

9.     Defendant, United States, acting through the United States Middle District Court of Florida (hereinafter "Middle District Court of Florida"), is a republic formed pursuant to the U.S. Constitution, and exercising the powers therein subject to certain limitations the Federal Tort Claims Act that provides limited waivers of the Government's sovereign immunity, and (4) other statutes and regulations prescribing its authority.  The U.S. Department of Justice is responsible for processing the claim on behalf of the Middle District of Florida.

10.    The Defendant United States Government, specifically the Middle District Court of Florida, through Judge James S. Moody, Judge Virginia M. Covington, Judge Elizabeth A. Kovachevich,  Magistrate Anthony E. Porcelli, and Judge Cheryl E. Honeywell (collectively "federal district court judges") intentionally sought to cause injury to the Plaintiff by engaging in acts of misconduct in office against the Plaintiff, including failing to give precedence or perform their judicial duties; engaging in conduct prejudicial to the administration of justice to bring their judicial office into disrepute; failing to be impartial and fair or conversely demonstrating bias and prejudice; demonstrating a lack of competence and diligence; engaging  in ex parte communications and case fixing with the other Defendants; and making improper, illegal and perverted use of the legal process or having an ulterior motive in misusing or misapplying legal procedure.  The aforementioned federal district court judges have conspired, consorted, and

colluded with the Thirteenth Judicial Circuit Court, specifically through Chief

Judge Ronald C. Ficarrotta, Judge Elizabeth G. Rice, Judge Gregory P. Holder,

Judge Carl C. Hinson, Judge James Barton, et al., ("State Court Judges"); the

University of South Florida Board of Trustees ("USFBOT"), through its internal

counsel Gerard Solis, contracted counsel, Richard C. McCrea, contracted counsel

Cayla Page, and contractor Greenberg Traurig, P.A. ("GTLAW"),  against the

Plaintiff, Ms. DeBose.

11.    If subsequent discovery proves this to be true, the conduct of the federal

district judges, state court judges, USFBOT, and GTLAW, would constitute overt

acts of co-conspirators of a judicial syndicate who participated in unlawful

conversion, fraud, conspiracy, and other acts of judicial corruption to continue,

perpetuate, and facilitate USFBOT's pattern or practice of institutional

discrimination and systemic racism against black people.

12.    Ms. DeBose would be entitled to pursue the claims against the United States,

the Thirteenth Judicial Circuit, USFBOT, and GTLAW under the laws of the State

of Florida, including but not necessarily limited to claims in the nature of

intentional interference with persons and property, intentional interference with

contract and with prospective economic relations, tortious breach of the covenant

of good faith and fair dealing, misuse of the legal process, conversion, vicarious

liability, intentional infliction of emotional distress, breach of duty, professional

negligence, fraud, and conspiracy. Ms. DeBose's husband, Mr. Frank DeBose, would be entitled to pursue claims under the laws of the State of Florida on his own behalf, including but not necessarily limited to claims for loss of consortium, which is derivative of the claims of Ms. DeBose.  Ms. DeBose has filed complaints with the appropriate professional review boards and law enforcement agencies.

13.    The Defendant, Judge James S. Moody, is a federal district judge.

14.    The Defendant, Judge Virginia M. Covington, is federal district judge.

15.    The Defendant, Judge Elizabeth A. Kovachevich, was a federal district judge during all relevant times.

16.    The Defendant, Judge Anthony E. Porcelli, is a federal magistrate judge.

17.    The Defendant, Judge Cheryl E. Honeywell, is a federal district judge.

Thirteenth Judicial Circuit Court

18.    The Defendant Thirteenth Judicial Circuit Court ("Circuit Court"), in and for Hillsborough County, Florida, is a state court and trial court of original jurisdiction, created by the Florida Constitution. The Defendant Circuit Court through Chief Judge Ronald C. Ficarrotta, Judge Elizabeth G. Rice, Judge Carl C. Hinson, and Judge Gregory P. Holder, Judge James Barton, et al., (collectively "state court judges"), intentionally and willfully engaged in acts of misconduct in office; failing to give precedence or perform their judicial duties; engaging in conduct prejudicial to the administration of justice to bring their judicial office into

disrepute; failing to be impartial and fair or conversely demonstrating bias and prejudice; demonstrating a lack of competence and diligence; engaging in ex parte communications and case fixing; and making improper, illegal and perverted use of the legal process or having an ulterior motive in misusing or misapplying legal procedure.  The state court judges also colluded, conspired, and consorted with the federal district court judges and USFBOT and GTLAW agents against the Plaintiff.

19.    If subsequent discovery proves this to be true, the conduct of the state court judges would constitute overt acts of co-conspirators who participated with the federal district judges, USFBOT, and GTLAW in unlawful conversion, fraud, conspiracy, and other similar acts of judicial corruption.

20.    The Defendant, Judge Elizabeth G. Rice, is a Hillsborough circuit court judge.

21.    The Defendant, Judge Carl C. Hinson, is a Hillsborough circuit court judge.

22.    The Defendant, Judge Gregory P. Holder, was during all relevant times a Hillsborough circuit judge.

23.    The Defendant, James Barton, is a retired Hillsborough circuit court judge.

24.    The Defendant, Ronald C. Ficarrotta, is the chief judge and a circuit court judge of the Thirteenth Judicial Circuit, in and for Hillsborough County.

<u>University of South Florida Board of Trustees</u>

25.     The Defendant University of South Florida Board of Trustees ("USFBOT") is the governing body of the University of South Florida ("USF"), and public body corporate created by Article IX, Section 7 of the Constitution of the State of Florida.  Defendant USFBOT is based at 4202 E. Fowler Avenue, Tampa, Florida. At all times material hereto, USF was and is a public university within the State University System of the State of Florida and a "state agency," pursuant to §216.011(1) (qq), Florida Statutes.  The definition of public body presumably includes public universities within the State and records of a State University System higher educational institution, as defined in *National Collegiate Athletic Association v. Associated Press.* As a public university created and authorized pursuant to the laws of the State of Florida.  USFBOT, its counsels, employees, and agents knowingly and intentionally committed unlawful acts, including fraud, by Defendants Gerard Solis, Ralph Wilcox, Paul Dosal, and Lois Palmer.

26.     Defendant, Gerard Solis, is an employee and General Counsel of USFBOT.

27.     Defendant, Ralph Wilcox, is an employee and Provost of USFBOT.

28.     Defendant, Paul Dosal, is an employee and Vice President of Student Affairs of USFBOT.

29.     Defendant, Lois Palmer, is an employee and former Interim Registrar of USFBOT.

Greenberg Traurig, P.A.

30.     Defendant Greenberg Traurig, P.A. is a professional association practicing law in the State of Florida with its principal place of business being in Hillsborough County, Florida.  Greenberg Traurig, P.A. entered an agreement with USFBOT for private legal services.  As a Contractor for the University of South Florida, Greenberg Traurig, P.A. provides legal advice and representation on behalf of USFBOT. Greenberg employs and contracted the work from USFBOT to Richard C. McCrea and Cayla Page ("Ms. Page").  Defendant Greenberg Traurig, P.A. is based at 101 E. Kennedy Blvd., Suite 1900, Tampa, Florida 33602.

31.     Defendant Richard C. McCrea is an employee and attorney at law licensed to practice law in Florida, and shareholder of GTLAW.

32.     Defendant Cayla Page is an employee and attorney at law licensed to practice law in Florida of GTLAW.

### III.  FACTS

Case No. 8:19-cv-01132-JSM-AEP

33.     Plaintiff filed suit in case 8:19-cv-01132-JSM-AEP on May 10, 2019 against the USFBOT and GTLAW.

34.     The Government, through the Middle District Court of Florida, Tampa Division, accepted the Plaintiff's Complaint and the case was assigned to Judge Moody, district court judge, and Magistrate Judge Porcelli.

35.     Immediately following the assignment of Judge Moody and Magistrate

Judge Porcelli, the Government intentionally refused to perform its ministerial duty

to accept Plaintiff's filing fee following intake and processing of the case.

36.     The Government refused to perform its ministerial duty to issue a summons

for service of process on USFBOT and GTLAW.

37.     Though USFBOT and GTLAW were not served process and therefore did

not file a notice of appearance in the case, the Government through Judge Moody

and Magistrate Judge Porcelli, engaged in ex parte communications with

USFBOT's / GTLAW's counsels to inform them of the Plaintiff's legal action

against them.  The Government and USFBOT/GTLAW discussed and decided

substantive issues, including the immediate dismissal of Plaintiff's Complaint and

Independent Action to force Ms. DeBose to instead file a Motion for Relief in Case

No. 8:15-cv-02787-EAK-AEP, which was closed and on appeal.  The Government

immediately denied within one day, all motions filed by the Plaintiff in new Case

8:19-cv-01132-JSM-AEP so that the case could not proceed. During all relevant

times, USFBOT/GTLAW did not file a single pleading.  All actions were taken by

the Government on USFBOT's / GTLAW's behalf, following ex parte

communications with their representatives.  During all relevant times, Ms. DeBose

was not privy to the Government's verbal or written communication with

USFBOT/GTLAW.

38.    The Government knew or had reason to know that Ms. DeBose lawfully and timely filed the action under applicable federal law.  However, the Government intentionally engaged in actions to prevent the Plaintiff from bringing and prosecuting the action, failing to perform its ministerial duty to accord the Plaintiff due process to pursue her claims or submit pleadings for a review on the merits. The Government failed to perform the most basic of its ministerial duties (e.g., case status and scheduling deadlines and preparation, etc.).  The Government intentionally sought to terminate Ms. DeBose's right to sue and access the courts. The Government had no grounds that would permit it to find that the Plaintiff was a vexatious litigant, else the Government would have exercised lawful discretion to seek to enjoin the Plaintiff from filing or obtaining the court's permission to file. However, the Government, knowing that it would be unsuccessful if it pursued such an unauthorized, unconstitutional result, instead used backdoor channels.

39.    Ms. DeBose filed a motion to file electronically on May 15, 2019.  Ms. DeBose had e-filing access through PACER/ECF/CMF in other cases.  No action has ever been brought or finding ever reached at any time that Plaintiff abused her filing permissions.

40.     Sometime on or after August 3, 2021, following ex parte communications with the USFBOT/GTLAW lawyers, the Government[1] intentionally took action to bar Ms. DeBose's right of action and access to the state Circuit Court in Hillsborough County, Florida by engaging in ex parte communications and deal-making through backdoor channels with state court judges having no affiliation or jurisdiction over the Plaintiff's state court actions, specifically Judge Gregory P. Holder and retired Judge James Barton, to issue orders threatening to sanction the Plaintiff or hold her in contempt if she did not stop pursuing her cases and simply let USFBOT win.

41.     The Government acted intentionally to deprive the Plaintiff of access so that she would be inconvenienced and miss important filing deadlines.

42.     The Government knew or had reason to know that the Plaintiff had one-year to reopen/reinstate her case following the Government's dismissal of the action, *without prejudice*.  On January 15, 2020, Ms. DeBose hand-delivered her motion to reopen/reinstate her case. While the clerk's office accepted the filing, the Government, through Judge Moody and Magistrate Judge Porcelli, intentionally failed to perform its ministerial duty to allow a review on the merits or permit Ms. DeBose the opportunity to be heard, immediately denying the motion.  The

---

[1] Judge Moody, Magistrate Judge Porcelli, Judge Honeywell, and possibly Judge Sean P. Flynn may have consorted together to block Plaintiff access, with motions pending before that court.

Government failed to perform its ministerial duty to allow Ms. DeBose the right of an appeal.  The Government refused to certify its Order that dismissed the uncontested action as appealable.

43.    The Government, USFBOT/GTLAW, and the Thirteenth Judicial Circuit have colluded, consorted, coordinated, and conspired, using backdoor channels, deal-making, and case fixing to illegally and intentionally block the Plaintiff's right of self-representation.

Case 8:19-cv-00200-JSM-AEP

44.    The Government, through Judge Moody and Magistrate Judge Porcelli, operated a judicial syndicate in federal Case 8:19-cv-00200-JSM-AEP / state Case 18-CA-000893, with Thirteenth Judicial Circuit, through Judge Elizabeth Rice.

45.    Case 18-CA-000893 was filed in the Circuit Court by Ms. DeBose.  The case was unsuccessfully removed from the state Circuit Court and remanded back by the federal district court  in Case 8:18-cv-00473-EAK-AAS.  Judge Moody, Magistrate Judge Porcelli, and Judge Rice intentionally disregarded the prior federal district court remand order to allow the case to be removed a second time, violating federal law.  The Government intentionally failed to perform its ministerial duty to apply/uphold federal law to shield USFBOT and its co-defendant in the Plaintiff's federal discrimination case, Ellucian, L.P. ("Ellucian"), and to intentionally cause the Plaintiff personal injuries, economic harm, and

deprive her of a property interest in a final order/judgment that she won.  Judge

Moody, Magistrate Judge Porcelli, and Judge Rice consorted with Judge

Kovachevich, whose bias and animosity against Ms. DeBose caused Judge

Kovachevich to conspire with the Government to overturn her own remand order

and to refuse to sanction Ellucian to pay a monetary fine to the Plaintiff in Case

8:18-cv-00473-EAK-AAS that was  federally authorized.

46.     Defendants Judge Moody, Magistrate Judge Porcelli, Judge Kovachevich,

and Judge Rice, knew or had reason to know that USFBOT and  GTLAW, through

Mr. McCrea, Ms. Page, and Mr. Solis, violated federal law, committed a criminal

misdemeanor, were in contempt of court, and were guilty of other misconduct or

fraud by their failure to perform their ministerial duty to comply with discovery,

public records requests, court-issued subpoenas, etc. in federal case Nos. 8:15-cv-

02787-EAK-AEP, 8:18-cv-00473-EAK-AAS, 8:19-cv-00200-JSM-AEP and in

state cases 15-CA-005663, 17-CA-002114, 18-CA-000893, and 19-CA-

004473.The Government and the Circuit Court, specifically Judge Moody,

Magistrate Judge Porcelli, Judge Kovachevich, and Judge Rice respectively,

coordinated together to block the Plaintiff from showing evidence that Defendant

USFBOT and its former co-defendant Ellucian entered into a written agreement

involving Andrea Diamond, Ellucian Functional Consultant, doing a "write-up" on

behalf of USFBOT, Ralph Wilcox, and Paul Dosal as the pretext justification to

unlawfully terminate Ms. DeBose on account of her race.  During all relevant times, USFBOT withheld the contracts/agreements by and between USFBOT and Ellucian. USFBOT did not provide the contracts/agreements through discovery, Florida Public Records Act requests, subpoena, motions to compel, or by any Government order.

47.     Ms. DeBose received and provided proof of the existence of the contracts and agreements with Ellucian.  The federal district court judges and state court judge knew or had reason to know of the existence of the contracts/agreements, given that Ellucian's vendor relationship with USFBOT was uncontested and because the Government reviewed documents executed between USFBOT and Ellucian in response to Plaintiff's motion to compel at hearing that were purportedly privileged, confidential, or trademark secret.  The contracts/agreements are nonexempt public record, but the Government kept the documents from Ms. DeBose. The Government and the Circuit Court intentionally failed to perform their ministerial duty to enforce Federal/Florida discovery law, public records law, court-issued subpoenas, and its own court orders compelling production.  The Defendants knew or had reason to know that under federal and state law, USFBOT had a mandatory, nondelegable duty to produce the USFBOT-Ellucian-Diamond contracts/agreements and was not authorized to demand that Ms. DeBose obtain the documents from any other party, including Ellucian. The

Government and the Circuit Court intentionally set out to cause Ms. DeBose personal injuries and to convert her property interests in her claims in the above-referenced cases to USFBOT. The Government and the Circuit Court facilitated the breach of duty by USFBOT as a party and its lawyers with GTLAW.

Case 8:15-mc-00018-CEH-SPF (formerly 8:15-mc-00018-MAP-SPF)

48.    On February 4, 2015, the Plaintiff filed a Motion for a temporary restraining order (TRO) and Preliminary Injunction in 8:15-mc-00018-EAK-MAP, renumbered 8:15-mc-00018-CEH-SPF.

49.    On December 9, 2015, Ms. DeBose voluntarily dismissed the action.

50.    On May 12, 2020, Ms. DeBose filed a motion to reopen the case she voluntarily dismissed pursuant to Rule 41(a)(1)(a)(i) or (ii)  and the Plaintiff's "absolute right" to a first voluntary dismissal and freedom to return to court with the same claim.

51.    On May 19, 2020, the motion was fully briefed by the parties, with Judge Honeywell declining further pleadings. However, the Government, through Judge Honeywell, has rendered no decision and appears to be postured to follow the same course as Judge Moody and Magistrate Judge Porcelli in Case No. 8:19-cv-01132-JSM-AEP.

52.    On August 3, 2021, the Plaintiff filed a motion for hearing on the Motion to Reopen, given the Government's delay.  The Government either knows or has

18

reason to know that a motion for hearing or ruling on a motion is generally within 30 days of the last pleading.

53.     The Government, through Judge Honeywell, has failed to perform its ministerial duty to grant or deny Plaintiff's motion for hearing or to decide the substantive matter to reopen the case.

54.     The Government, through the Middle District of Florida and Judge Honeywell, appears to have ulterior motives, possibly unduly influenced by the other federal district court judges and state court judges, to allow the Plaintiff's motions to languish.

Case No. 8:15-cv-02787-VMC-AEP (formerly 8:15-cv-02787-EAK-AEP)

55.     The Plaintiff filed suit on December 4, 2015.

56.     The Government, through Judge Kovachevich and Magistrate Judge Porcelli,  received irrefutable evidence that in June 2015, a short time after Ms. DeBose was terminated, USFBOT's lawyers, Ralph Wilcox, and Paul Dosal commandeered student workers in the Registrar's Office to put Ms. DeBose's personnel files into shredding bins for destruction by a third-party shredding company.  The Government received evidence and an admission from USFBOT of the mass destruction of all the personnel files in the Registrar's Office.  The Plaintiff presented evidence that USFBOT  destroyed all of the personnel files so that it would not appear to a court or a jury that USFBOT retaliated by specifically

targeting Ms. DeBose.  The Government knew that USFBOT denied the

destruction in Answering the allegations of the Plaintiff's Complaint and was

USFBOT's / GTLAW's lawyers, employees, and agents only admitted the truth

because the evidence of their destruction was irrefutable.

57.    The Government knew or had reason to know from the court record that the

Plaintiff filed a police report, and the criminal matter was referred to the State

Attorney's Office for prosecution.

58.    The Government knew or had reason to know the Plaintiff and her lawyers

sought Federal Rule of Civil Procedure 11 sanctions and presented substantial

evidence at hearing.

59.    However, the Government intentionally failed to perform its ministerial duty

to accord the Plaintiff any relief for the destruction of her employment files though

the Government stipulated that USFBOT / GTLAW were on notice of the

employment dispute and the duty to preserve Ms. DeBose's evidence for trial.

With USFBOT's lies, misrepresentations, and sham affidavits from USFBOT, the

Government knew or had reason to know that USFBOT / GTLAW used a third

party to destroy Ms. DeBose's employment files, containing her employment

contracts and other evidence, in bad faith.  The Government facilitated the efforts

by USFBOT's lawyer to alter the timing of the destruction to October-November

of 2015 instead of June 2015 as proven, so that USFBOT, specifically Ralph

Wilcox, would not be perceived as committing multiple adverse employment actions in retaliation for Ms. DeBose filing EEOC charges against him.  The Government received substantial, credible evidence that Lois Palmer willfully and intentionally lied that she ordered the destruction to conceal or cover-up the fact that the orders actually came from Ralph Wilcox and Paul Dosal, whom Ms. DeBose charged with race discrimination and retaliation.

60.     The Government failed to perform its ministerial duty to disregard the improper personal pleas from USFBOT's lawyer to not grant Plaintiff's Rule 11 motion for sanctions.  The Government commandeered the reporter of the May 23, 2017 hearing to alter/remove the personal pleas of USFBOT's / GTLAW's lawyer and also edit out Ms. DeBose's objections.  Ms. DeBose emailed the reporter about the transcript and the availability of the audio/video recording to include the missing information but did not receive a response.  The Government delayed for several months to rule, despite *prima facie* evidence that USFBOT did in fact use a third-party shredding company to destroy Ms. DeBose's personnel files.    The Government, through Judge Kovachevich and Magistrate Judge Porcelli, intentionally failed to perform its ministerial duty to provide Ms. DeBose any relief or justice.  The Government did not give any an adverse inference jury instruction, reinstate Ms. DeBose's dismissed claims, or impose a monetary fine against USFBOT.  The Government did not enter a default judgment against USFBOT, in

whole or in part as to certain of the Plaintiff's claims.  The Government intentionally set out to convert Ms. DeBose's property interest in her intentional third-party spoliation claim to USFBOT.  The Government did not order USFBOT/GTLAW to identify the third-party contractor that shredded Ms. DeBose's employment files but instead cautioned USFBOT not to further plead or produce  documents that would put the identity of the contractor at issue.

61.    The Government, through Defendants Judge Kovachevich, Magistrate Judge Porcelli, and the USFBOT/ GTLAW lawyers, blocked the Plaintiff's Appeal No. 17-14025, on jurisdictional grounds. The Government knew or had reason to know that five circuits, including the 11th U.S. Circuit Court of Appeals, have held that a Rule 11 sanctions order is immediately appealable.  Nevertheless, the Government intentionally or fraudulently used backdoor channels to influence the Eleventh Circuit to stop the appeal of the Government's order denying sanctions. The Government set out to harm Ms. DeBose by increasing her costs when finality and/or settlement could have been reached earlier in the litigation.

62.    The Government failed to perform its ministerial duty on other occasions when it was proven that USFBOT/GTLAW and its lawyers withheld over 249 pages of documents evincing contracts/agreements by and between USFBOT and Ellucian from discovery.  USFBOT denied there was any agreement with Ellucian / Andrea Diamond in its Answer.  The Government intentionally failed to perform

22

its ministerial duty to require Andrea Diamond, a key fact witness, to appear at trial.  The Government conspired with USFBOT's counsel to move to have Ms. Diamond appear at trial through a De Bene Esse Deposition but USFBOT's motion failed.  The Government, having accorded no time to secure witnesses for trial, refused to enforce a court-issued subpoena for the witness to appear.  The Government refused the Plaintiff's motion for a continuance.  Instead, the Government intentionally misused the law or procedure to allow admission of Ms. Diamond's entire deposition transcript to the jury so that Diamond could not be examined about the debriefing she had with Provost Ralph Wilcox following the Ellucian visit to campus.  The Government knew or had reason to know USFBOT's claim that Ms. Diamond did not meet with Provost Wilcox was contested in Ms. Diamond's email, in which she stated she "met with the Provost and a Dean."  The Government then intentionally and fraudulently excluded Ms. Diamond's email as hearsay because she was unavailable to testify.

63.     The Government received evidence that USFBOT / GTLAW put on false evidence in submitting the lying Affidavit of Ralph Wilcox that USFBOT stopped issuing written employment contracts in 2005.  The Government and USFBOT consorted together to use Provost Wilcox's false Affidavit intentionally and knowingly in an impossibility defense to infer that Ms. DeBose could not possibly have an enforceable written employment contract in effect at the time of her

termination.  The Government received evidence of Ms. DeBose's written

employment contracts with USFBOT after 2005, in the court record.  The

Government also received the 2019 extended contracts of Paul Dosal and Ralph

Wilcox, which were like the contract extension Ms. DeBose received. The

Government knew or had reason to know that Ralph Wilcox lied and that USFBOT

put on false evidence, given the existence of these employment contracts, including

the Plaintiff's 2015 written employment contract and Paul Dosal's admission at

trial that he offered to extend Ms. DeBose's employment through 2019.

64.     The Government, through Judge Kovachevich and Magistrate Judge

Porcelli, intentionally misapplied law or procedure, to exclude over 550 pages of

evidence, including affidavits, depositions, documents, exhibits, and expert reports

to prove the Plaintiff's case.  The Government converted Ms. DeBose's economic

value or property interests in her evidence and claims to USFBOT.  The

Government intentionally mass excluded Ms. DeBose's summary judgment

evidence for an alleged failure to authenticate each page by affidavit.  The

Government knew or had reason to know this was not a requirement and even if it

was a requirement, the Plaintiff submitted multiple affidavits to authenticate her

evidence.  The Government knew or had reason to know of the change in the law

in 2010 to Federal Rule of Civil Procedure 56 to eliminate the authentication

requirement at the summary judgment stage.  Judge Kovachevich is a senior

federal district judge.  Together Judge Kovachevich and Magistrate Judge Porcelli, had combined experience on the federal bench of forty-three (43) years.  The Government knew or should have known of the change in the law in 2010 to Federal Rule of Civil Procedure 56 – Summary Judgment.  Because of the Government's negligence or intentional misuse of the legal process, several of the Plaintiff's claims were dismissed that should have proceeded to trial to be decided by a jury.

65.    The Government intentionally prevented Ms. DeBose from exercising her right of self-representation. The Government strickened the Plaintiff's entire pleadings at summary judgment and relied exclusively on the pleadings of Ms. DeBose's opposition.  The Government refused to perform its ministerial duty to review / decide the Plaintiff's Cross Motion for Summary Judgment and Evidence, though fully briefed by the parties.  The Government did not review Plaintiff's cross motion because if it had considered the pleadings and the evidence, the Plaintiff would have decidedly prevailed on all or part of her claims.  For example, the Plaintiff proved statistically the "inexorable zero" or the total absence of blacks or African Americans and black women appointed to director positions and higher, including the Assistant/Associate Vice President position.  The adverse impact was greatest to Ms. DeBose's classification (black female) under the four-fifths rule and standard deviation rule. The Government disregarded prima facie evidence

favorable to the Plaintiff that supported her disparate impact and promotion

discrimination claims. The Government intentionally misused the legal process and

failed to draw all reasonable inferences in the Plaintiff's favor at summary

judgment by intentionally excluding material evidence of a disputed fact. The

Government intentionally put the Plaintiff Pro Se on a chess clock and refused to

allow Ms. DeBose to testify substantively, as a fact witness, at her own trial.

66.    Ms. DeBose moved for Judge Kovachevich and Magistrate Judge Porcelli to

recuse themselves under 28 U.S. Code § 455. Judge Kovachevich and Magistrate

Judge Porcelli failed to perform their  ministerial duties.  Judge Kovachevich

denied the motion and Magistrate Judge Porcelli delayed taking action to step aside

when they both knew or had reason to know that they could not be fair or impartial

because of their strong bias and animosity against Ms. DeBose.  Neither Judge

Kovachevich nor Magistrate Judge Porcelli hid their desire to have USFBOT, a

state government agency, prevail in the case.

67.    At trial, a jury returned a unanimous verdict on the remaining claims in

favor of Ms. DeBose and against USFBOT, awarding Ms. DeBose $310,500 in

damages.  Ms. DeBose was subsequently was awarded taxed costs by the Clerk.

Ms. DeBose was also awarded front pay.  Five months after the verdict, the

Government overturned the jury verdict and fashioned a win for USFBOT.  The

Government, through Judge Kovachevich, Magistrate Judge Porcelli, Judge Moody

and USFBOT/GTLAW, intentionally consorted to use a tainted court-ordered mediation process to drastically reduce Ms. DeBose's potential recovery.   The Government knew or had reason to know remittitur was the appropriate procedure to challenge the jury award if the court found the amount excessive.  The Government instead sought to use backdoor channels, intimidation, reprisal, and total loss to force the Plaintiff to settle and accept a substantially lower amount. The Government used veiled threats at mediation to "shock and awe" the Plaintiff by ending her chances on appeal for reinstatement of the verdict, a new trial in Ms. DeBose's case in chief, or a remand back to state court following an illegal second removal in Case 8:19-cv-00200-JSM-AEP.  The Government projected that similar negative results would also occur in the Plaintiff's state court actions and appeals. The plans of the Government were exposed at mediation.

68.     The Government intentionally failed to perform its ministerial duty to ensure that mediation would be neutral, interactive, structured process.  The Government knew or had reason to know the mediation was tainted by an *ex parte* communication, specifically an 8-page letter to the mediator, Judge Elizabeth Jenkins, by USFBOT/GTLAW lawyer, Richard McCrea.  The letter contained argument about a potential settlement amount.  The Government knew or had reason to know of prior mediation impasses and reports by Peter Grille and Judge Gasper Ficarrotta where settlement was not achieved. The Government knew or

had reason to know that at the last mediation, USFBOT/GTLAW did not actually

negotiate or make any settlement offers.  Instead, USFBOT/GTLAW relied on the

Government and the mediators to low-ball and pressure Ms. DeBose.

69.     The mediation reached an impasse and the Government intentionally and

fraudulently  carried out its threats, coordinating with the state Circuit Court and

USFBOT/GTLAW.  denied Ms. DeBose's motion for new trial, though she won at

trial, forcing Ms. DeBose to appeal in Case 8:15-cv-02787-EAK-AEP.  Likewise,

Judge Moody denied the Plaintiff's motion for remand in Case 8:19-cv-00200-

JSM-AEP and went on to dismiss the case, causing an appeal.   The Government

and USFBOT/GTLAW lawyers used backdoor channels to the Eleventh Circuit to

have the clerk consolidate Ms. DeBose's appeals in Appeal Nos. 18-14637 and 19-

10865.  The consolidation was used to confuse the issues and deprived Ms.

DeBose her right of an appeal and a de novo review of the JMOL Order, which

would have affirmed the jury's verdict and/or a new trial in 19-10865.  The

Government and USFBOT used backdoor channels to the Eleventh Circuit clerks

to achieve this consolidation, which reviewed the summary judgment order only in

18-14637. The Eleventh Circuit determined the Government, through Judge

Kovachevich and Magistrate Judge Porcelli, misapplied the law to mass exclude all

of Ms. DeBose's evidence based on old law under Rule 56.  Despite the Eleventh

Circuit's finding that the error was "harmless" perhaps to Ellucian, in that claims

against it had been dismissed in the entirety, it was not harmless as to USFBOT. The Government intentionally dismissed the Plaintiff's meritorious claims so that they could not be decided by a jury.  The Government intentionally converted the Plaintiff's property interest in her promotion discrimination, gender discrimination, disparate impact discrimination, and contract claims to USFBOT.   The Government intentionally inflicted emotional distress upon Ms. DeBose because she would not settle the case for substantially less and let USFBOT have the win it fashioned. The Government intentionally defrauded Ms. DeBose of her economic and property interests in her case, claims, damages, and appeals.

71.    The Plaintiff obtained new evidence and filed a Complaint and Independent Action in Case No. 8:19-cv-01132-JSM-AEP and was forced by the Government to refile the action as a motion in Case 8:15-cv-02787-VMC-AEP, with Judge Covington and Magistrate Judge Porcelli.

72.    Magistrate Judge Porcelli intentionally failed to perform his ministerial duty to step aside because of his known bias and Ms. DeBose's fear that she would not receive a fair hearing.  Judge Covington intentionally misused the legal process and failed to perform her ministerial duty to hold an evidentiary hearing.  Judge Covington knew or had reason to know that the new evidence from Marquisha Wilson, a supervisor and member of the management team in the USF Registrar's Office, that Lois Palmer did not give the order to destroy Ms. DeBose files as

Palmer attested in her affidavit but rather the "higher-ups" Provost Wilcox and

Vice Provost Dosal.  Federal law directs that an evidentiary hearing be convened if

it concludes that a genuine dispute exists as to relevant and material issues of fact

and an evidentiary hearing would substantially assist it in making findings of fact

in an effective manner. The Plaintiff  raised a colorable entitlement to relief.

Additionally, the Government, specifically Magistrate Judge Porcelli, expressed at

hearing that if Lois Palmer was not the registrar and could not have possibly given

the order to destroy Ms. DeBose's employment files, it would be a game changer.

However, Judge Covington aligned herself with longtime friend Elizabeth

Kovachevich and acted in accordance with the conspiratorial arrangement set in

motion by Judge Kovachevich, Judge Moody, Magistrate Judge Porcelli, and the

USFBOT/GTLAW lawyers.  The Government did not order an evidentiary because

the evidence would expose the sanctionable misconduct or fraud committed by

USFBOT / GTLAW lawyers and employees.

73.    The Government, through Judge Covington and Magistrate Judge Porcelli,

refused to perform their ministerial duties to assign a new magistrate or

alternatively disqualify Magistrate Judge Porcelli as the sitting magistrate under 28

U.S. Code § 455.  Magistrate Judge Porcelli  was required to immediately rule on

the motion for recusal/reassignment/disqualification.  However, Magistrate Judge

Porcelli and Judge Covington delayed until such time that Judge Covington could

deny Rule 60 relief with prejudice.  Judge Covington used the denial to intentionally have it appear that the requirement that Magistrate Judge Porcelli step aside had been mooted as well as the requirement to hold an evidentiary hearing. The Government failed to perform it ministerial duty by holding no hearing.

74.     Judge Covington, Magistrate Judge Porcelli, and Judge Moody consorted and colluded with USFBOT and GTLAW to covert Ms. DeBose's property interests in her cases, claims, jury verdict, damages, and awards to USFBOT.  The Government intentionally misused the legal process and procedure so that their illegal orders in Case Nos. 8:19-cv-01132-JSM-AEP and 8:15-cv-02787-VMC-AEP and any appeals taken by Ms. DeBose, would not result in a reversal of the orders dismissing Ms. DeBose's claims at summary judgment and overturning the jury verdict in favor of Ms. DeBose five months after trial.

State Court Actions 15-CA-005663, 17-CA-001652, and 17-CA-004473

75.     On November 12, 2019, Plaintiff filed a motion to recuse/disqualify Judge Rice.

76.     On November 14, 2019, Judge Rice entered an order denying the motion for her recusal.

77.     On October 7, 2019, the Second District acknowledged a new case filed by Plaintiff—specifically a Writ of Prohibition directed towards Judge Rice to mandate

that the judge cease any action over Plaintiff's state court case(s), specifically filed in Case No. 19-CA-004473.

78.     The Plaintiff later discovered that Judge Rice was already recused sometime before January 6, 2020 because on January 6, 2020, Ms. DeBose's state court actions (15-CA-005663, 17-CA-001652, and 19-CA-004473) in Division C were reassigned to Judge Carl C. Hinson.

79.     The Circuit Court, through Chief Judge Ficarrotta, Judge Rice, and potentially Judge Hinson, intentionally failed to perform their ministerial duty to notify the Plaintiff of Judge Rice's recusal and Judge Hinson's assignment.  Under 38.07, when orders have been entered in any cause by a judge prior to the entry of any order of disqualification under s. 38.02 or s. 38.05, any party to the cause may, within 30 days after the filing in the cause of the order of the chief judge of the circuit or the Chief Justice of the Supreme Court, as provided for in s. 38.09, petition the new judge so designated for a reconsideration of the orders entered by the disqualified judge prior to the date of the entry of the order of disqualification. The Circuit Court did not give notice to the Plaintiff that so that she could make such a request to overturn the orders of Judge Rice in the 30-day period, denying the petition for a writ of mandamus (Part 1 and 2) in public records case 15-CA-005663 and refusing to set case 17-CA-001652 and 19-CA-004473 for trial.  Such a petition shall be granted as a matter of right.  The Circuit Court intentionally denied Ms. DeBose this

absolute right.  Judge Rice intentionally failed to perform her ministerial duty to declare that she had been recused to Ms. DeBose.

80.     The Circuit Court did not provide notice to the Plaintiff that as of January 6, 2020, Judge Carl C. Hinson was assigned to Ms. DeBose's cases in Division C, specifically Case Nos. 15-CA-005663, 17-CA-001652, and 19-CA-004473.   The Circuit Court intentionally or fraudulently concealed the reassignment from Ms. DeBose because it would have disclosed that Judge Rice lacked jurisdiction to issue any further orders or have any involvement in Ms. DeBose's cases.[2]  It would have heightened the Plaintiff's concerns about Judge Hinson who was unexplainably absent or resigned from the case, not performing the least of his ministerial duties.

81.     In an Order dated January 17, 2020 Order, Judge Rice denied Plaintiff's petition for a writ of mandamus in a public records case against USFBOT. Because Judge Rice was recused and Judge Hinson was reassigned the case as the presiding judge, Judge Rice lacked jurisdiction to issue any orders. However, Judge Rice unlawfully issued the order in another intentional act of misfeasance or malfeasance.  The January 17, 2020 order was legally null and void.  Judge Rice fraudulently made an illegal reservation of jurisdiction to "*enter any other or additional orders or judgments that may be necessary or appropriate, including an order or judgment awarding prevailing party attorneys' fees and/or costs*."  Ms.

---

[2] *In re Miller*, 644 So. 2d 75 (Fla. 1994).

DeBose did not receive this order until January 23, 2020 via U.S. postal mail.  The

Order had a docketing or clock-in stamp of January 21, 2020.

82.     Whether the effective order was January 17, 2020 or January 21, 2020, the

order was issued after Judge Rice was recuse and Judge Hinson was assigned to Case

No. 15-CA-005663.  Contrary to the January 17, 2020 date of the order and the

January 21, 2020 docketing stamp on the entry Plaintiff received in the mail, the

order was not reflected in the docket on January 23, 2020 when Plaintiff received

the order and contacted the Court.  At some point, the Order was entered in the

docket and put in with the clock date of January 21, 2020, though it was not entered

until days later.  The Circuit Court, through Judge Rice, violated the Federal and/or

Florida Racketeer Influenced and Corrupt Organizations Act ("RICO") through mail

fraud as a predicate act.  Judge Rice deprived the Plaintiff of constitutional access to

public records and used the U.S. mails to unlawfully shield USFBOT from a criminal

misdemeanor for withholding and destroying public records,

83.     The Plaintiff filed Notice of Appeal on February 16, 2020, which was timely

by all dates indicated.  During all relevant times, DeBose was unaware that Judge

Rice was recused on or before January 6, 2020, making the orders the judge issued

*void*.

84.     Judge Rice intentionally failed to perform her ministerial duties under the

Florida Public Records Act and other substantive law. Judge Rice failed to meet

established timeframes or deadlines.  Judge Rice dragged out the public records

proceeding for multiple years to prevent the Plaintiff's constitutional and lawful

access to public records and to commit fraud to manufacture a win for USFBOT.

When Judge Rice issued the illegal January 17, 2020 Order, Circuit Court failed to

take any corrective action to vacate Judge Rice's Void Order or notify Ms. DeBose

that Judge Rice, a recused judge, was not permitted to rule and the Order was not

authorized.

85.    As part of a judicial syndicate or racket, the Circuit Court, Chief Judge,

Judge Rice, and USFBOT/GTLAW, conspired together with the Government. The

Circuit Court and/or Chief Judge Ficarrotta intentionally and fraudulently assigned

Ms. DeBose's case to Judge Hinson in a willful act or scheme to destroy the

Plaintiff's public records case against USFBOT.  Neither the Government nor the

Circuit Court wanted Ms. DeBose to obtain the emails and other public records

that would expose USFBOT's unlawful discrimination, retaliation, and sheer

racism against Ms. DeBose.

86.    The Plaintiff contacted the Chief Judge and the Judicial Qualification

Commission following a hearing where Judge Rice ordered a law officer to stand

over the back of Ms. DeBose while she sat and presented oral arguments.  Judge

Rice intentionally ordered the deputy to stand extremely close to Ms. DeBose so

that the Plaintiff would sense his presence and his weapon.  Judge Rice's intent to

intimidate Ms. DeBose and threaten her with gun violence was transferred to the deputy and resulted in the unwanted touching off Ms. DeBose's back with the deputy's weapon and his unit. The Chief Judge took no action to inform Ms. DeBose of any action taken to ensure her safety. Therefore, Ms. DeBose's husband, family, and friends started accompanying her to proceedings.

87.    Additionally, Chief Judge Ficarrotta knew or had reason to know of Judge Hinson's resignation, incapacity, or disability. The Chief Judge knew or had reason to know that Judge Hinson had a brain injury and brain surgery and was not able to perform when Ms. DeBose's cases were assigned to Judge Hinson. When the Chief Judge knew, should have known, or discovered that Judge Hinson could not perform or carryout his duties and was not able to return, the Chief Judge failed to take any corrective action to replace Judge Hinson and assign a neutral, impartial judge who could perform his/her ministerial duties. Instead, the Chief Judge acquiesced, allowing Ms. DeBose's cases to languish, to her irreparable harm, to benefit USFBOT/GTLAW. Furthermore, the Chief Judge failed to disclose when Judge Hinson became inactive due to resignation, incapacity, or disability.

88.    On June 4, 2020, while the public records case was on appeal and jurisdiction rested with the Second District Court, the Circuit Court, through Judge Gregory P. Holder, improperly interfered in each of the Plaintiff's cases in

Division C, issuing several illegal, void/voidable orders with prejudice and Final

Judgment(s), in cases that the Plaintiff filed was actively prosecuting.  Judge

Holder intervened from the solicitation of his special circumstances friend,

USFBOT's counsel, Mr. Richard McCrea.   This was not the first time Judge

Holder illegally interfered in cases to which he was not assigned.  Judge Holder

was previously sanctioned by the Judicial Qualifications Commission for

misconduct.  Judge Holder has a reputation as a racist in the black community.

When Plaintiff filed a 1.530 motion to vacate the order, Judge Holder issued

another illegal order and immediately denied it.

89.    It was at that time, when Judge Holder illegally interfered that Plaintiff

learned that Judge Rice no longer presided over her cases in Division C and that

Judge Hinson had been assigned.   Judge Holder  was not listed in the case history

by rotation, assignment, transfer, or recusal.

90.    The Circuit Court, through Judge Holder, intentionally, unlawfully, or

fraudulently denied pending motions and dismissed the Plaintiff's cases.  Judge

Holder and USFBOT/GTLAW, through Mr. McCrea and potentially other

USFBOT/GTLAW lawyers, engaged in ex parte communications about Judge

Holder's planned interference to end Ms. DeBose's cases and threaten the Plaintiff

with sanctions.  By way of example, Judge Holder quashed a non-party subpoena

issued to the State Attorney's Office at the request of Mr. McCrea and Ms.

Kimberly P. Hindman, Chief Assistant.  During all relevant times, the Plaintiff was not privy to the discussion Mr. McCrea and Ms. Hindman had with Judge Holder.

91.     The Chief Judge knew or had reason to know Judge Holder did not have jurisdiction to enter any orders in Ms. DeBose's cases.  The Chief Judge knew or had reason to know that Judge Holder interfered as a personal favor to Mr. McCrea before his imminent retirement.  Chief Judge Ficarrotta knew that he himself had a conflict, with Mr. McCrea soliciting former Judge Gasper Ficarrotta to be a mediator in the Plaintiff's federal case.  Furthermore, Judge Gasper Ficarrotta resigned from the bench and his office following a scandal involving Judge Holder.

92.     Ms. Gina Justice, Court Administration, stated on behalf of the Circuit Court, that Judge Holder did not receive any special appointments and was not assigned to Ms. DeBose's cases 15-CA-005663, 17-CA-001652, and 19-CA-004473.  Judge Holder was not assigned to any other Division C cases.  Even though he was not assigned, authorized, or sitting in jurisdiction, Judge Holder issued illegal, void, or voidable procured through fraud by USFBOT/GTLAW. Judge Holder illegally and intentionally sought to end the Plaintiff's cases, increase her litigation costs, and decrease her chances of success on appeal.  Judge Holder misused legal process and procedure to benefit his friend, Mr. McCrea.  Judge Holder misused the legal process and procedure to threaten Ms. DeBose with sanctions, though Ms. DeBose did not engage in any sanctionable conduct, other

than pursue her cases.  Judger Holder knew or had reason to know that he did not have jurisdiction and was not authorized to act but fraudulently misrepresented and asserted authority that he did not have.  Judge Holder's conduct was repugnant, reprehensible, threatening, and unbecoming a judge.

93.    On April 29, 2021, Judge James M. Barton, *retired*, improperly intervened in Case No. 15-CA-005663.  Judge Barton was not assigned/appointed to the case by Chief Judge Ficarrotta.  Like Judge Holder, USFBOT's counsel, Mr. McCrea, solicited Judge Barton's unauthorized interference.

94.    On May 2, 2021, Plaintiff filed a motion,  pursuant to Florida Statute §§ 38.05, 38.06, 38.10, and 38.12, Rule of Judicial Administration 2.330, and Florida Rule of Civil Procedure 1.080, to recuse Judge Carl C. Hinson due to disability and resignation; recuse Judge Barton and vacate his unauthorized orders; and vacate the illegal orders of James Holder and Judge Rice for the reasons stated herein. Plaintiff moved the Chief Judge to act and to order a new trial.

95.    On May 7, 2021, Judge Barton again interfered and unlawfully ruled to deny the motion.  Judge Barton also issued an unconstitutional Order, demanding that Plaintiff  Show Cause as to why she should be allowed to represent herself and file pleadings in the public records case against USFBOT, following ex parte communications with USFBOT/GTLAW lawyers.

96.     On May 11, 2021, Plaintiff received notice of a Show Cause hearing, scheduled before Judge Robert A. Bauman, Thirteenth Judicial Circuit, Unified Family Court, on Judge Barton's Order to Show Cause.

97.     On May 27, 2021, Judge Barton appeared and introduced himself at the Show Cause Hearing.  When Plaintiff asked about the Notice of Hearing, Judge Barton was caught off guard when the judge heard that Judge Bauman had been listed. Judge Barton subsequently held that the Plaintiff discharged her duty to respond to the show cause order and took no further action.  However, Judge Barton intentionally failed to vacate his Order solicited by USFBOT/GTLAW lawyer Mr. McCrea to prevent Ms. Yvette Lewis, Hillsborough County Division of the NAACP, from submitting testimony or evidence that USFBOT fraudulently misrepresented its charging policy to frustrate Ms. DeBose's access to public records and unlawfully discriminated against Ms. DeBose, denying her equal protection and due process in that regard.

98.     Chief Judge Ficarrotta knew that the unassigned judges were not authorized formally through proper channels to act or issue orders in the Plaintiff's case, though they did so.  Chief Judge Ficarrotta nevertheless acquiesced to allow unauthorized judges to interfere in the Plaintiff's case, including recused Judge Rice, Judge Holder, and Judge Barton.  During all relevant times, the Chief Judge failed to perform his ministerial duty to explain Judge Hinson's absence.

99.     Chief Judge did not reassign a new judge,  knowing or having reason to know that Judge Hinson lacked capacity and could not, even if he desired, voluntarily step aside.  Chief Judge Ficarrotta knew that Judge Hinson could not actively review issues and participate in the decision-making process in the Plaintiff's case.

100.    The Circuit Court, through Chief Judge Ficarrotta, was obligated not only to provide the Petitioner notice of any disability or resignation of Judge Hinson under §38.12 but also to provide Petitioner notice of the transfer or reassignment of a new judge.  The Circuit Court did not perform its ministerial duties nor fulfill its responsibilities.

Case No. 1:20-cv-01435-RTH

101.    On October 10, 2020, Plaintiff filed a Takings Action with the Federal Claims Court against the United States.

102.    On September 7, 2021, the instant case was filed with the Middle District Court at 10:47AM EST; the complaint was docketed with the date stamp and time stamp bleached or whited out such that date/time stamp is not visible in the record.

103.    On September 7, 2021, the same day, the FCC court, in an unusual manner, issued an Order at 5:54 PM EDT, after the close of courthouse operations, dismissing Plaintiff's case.

104.   On September 7, 2021, the same day at 9:33 PM EDT, issued a Final Judgment.

105.   On September 14, 2021, the Original Complaint was strickened based on a technicality font requirement under Local Rule 1.08 and listed as modified on the 09/14/2021 date.

106.   If subsequent discovery proves true, Plaintiff will show the conduct of the federal district judges and the Middle District of Florida, resorted to overt acts of influence-peddling through backdoor channels by the co-conspirators of their judicial syndicate to tortiously interfere in the Plaintiff's case in hopes of creating an invalid defense procured through fraud, conspiracy, and other acts of judicial corruption, to continue, perpetuate, and facilitate USFBOT's pattern or practice of institutional discrimination and systemic racism against black people aided by their elaborate judicial syndicate and secret societies.[3]

## IV. CLAIMS

### COUNT I  - CONVERSION OF LITIGATION COSTS TAXED BY CLERK IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 54
### (The Government, USFBOT)

107.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1 through 106.

108.   Rule 54 establishes a procedure permitting taxing of costs.

---

[3] E.g., Elizabethan Order, et al.

109.   Ms. DeBose documented and requested $102,520 in litigation costs.

110.   The taxing of costs was settled by the Government clerk at $35,325.00 on November 21, 2018.

111.   USFBOT filed a motion for the Government's Review of Costs Taxed by Clerk on November 28, 2018.

112.   The motion was denied without prejudice on May 17, 2019, giving USFBOT no later than 30 days after the Eleventh Circuit issued its mandate in Ms. DeBose's appeal,  to renew its motion.

113.   The mandate was issued on October 5, 2020.

114.   USFBOT had until November 19, 2020 to renew its motion but failed to do so.

115.   Whether a temporary or permanent taking, the Government failed to order the payment of the litigation costs to Ms. DeBose, or specifically, the sum taxed by the Clerk at $35,325 or noted in the Government Magistrate's Order at $34,325.00.

116.   The Defendant's unauthorized acts deprived the Plaintiff of her property permanently or for an indefinite time.

117.   The deprivation is inconsistent with plaintiff's ownership interest in the property.

118.   The Defendant owes Plaintiff specific and identifiable money.

119.   The Plaintiff is entitled to possession or an immediate right to possess the

Taxed Costs.

120.   The Defendant's unauthorized act has deprived the Plaintiff of that money.

121.   The Plaintiff made a demand for return of the money and Defendant has

refused to do so.

122.   To date, neither the United States, nor any of the other Defendants listed as

parties to this action, particularly USFBOT, has paid Ms. DeBose the litigation /

taxed costs.

123.   To date, the Government has not ordered USFBOT to pay Ms. DeBose.

124.   As a result of its acts and omissions, the United States has taken Ms.

DeBose's property and interest in her litigation costs as the prevailing party on her

disparate treatment discrimination claim and converted it to USFBOT.

125.   It is immaterial whether the Defendant(s) have knowledge or intended to do

so.

126.   The circumstances surrounding the conversion show fraud, actual malice,

oppression, and such gross negligence as to indicate a wanton disregard of the

rights of others.

127.   Therefore, Ms. DeBose brings this action seeking payment and/or damages

for the value of litigation costs awarded to her.

## COUNT II  - CONVERSION OF ATTORNEY FEES/COSTS PAID BY PLAINTIFF TO HER FORMER COUNSELS IN VIOLATION OF FEDERAL RULES OF CIVIL PROCEDURE 54 AND 15
## (The Government)

128.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1 through 106.

129.   Federal Rule 54(d) provides for a claim for attorney's fees and related nontaxable expenses by motion.  Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i), Ms. DeBose timely filed a motion for award of attorney fees for herself, her legal assistant, and reimbursed fees/costs she paid to her former counsels.

130.   Ms. DeBose requested $600,000.00, based on an average hourly rate of $200.00—which was below the lodestar amount for hours reasonably expended in the litigation.

131.   Ms. DeBose requested $112,000.00 and provided documentation and timesheets for her Legal Assistant.

132.   Ms. DeBose requested $30,952.00 in fees/costs paid to her former counsels.

133.   The Government denied attorney fees to Ms. DeBose, a *Pro Se* bar-certified attorney in good standing who had to undertake her own legal representation following the withdrawal of her counsels, based on Eleventh Circuit precedent.

134.   The Government failed to award the fees/costs Ms. DeBose's legal assistant.

135.   The Government denied the fees/costs Ms. DeBose paid to her former counsels because of the format in which Ms. DeBose requested the $30,952.00 in her Motion and Affidavit for Attorney Fees and Litigation Costs.  Ms. DeBose requested reconsideration and the Government denied the motion considering the request for fees pursuant to that motion untimely, violating the "relates back" doctrine under Rule 15, which provides the applicable statute of limitations (i.e., 14 days after final judgment) allows relation on the basis that the claim arose out of the same transaction or occurrence set out in the original pleading.

136.   Under 42 U.S. Code § 2000e-5, on a claim in which an individual proves a violation under section 2000e–2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court may grant declaratory relief, injunctive relief, and attorney's fees and costs.

137.   Ms. DeBose received no relief under this title.

138.   The Government intentionally misused the legal process and procedure to convert Ms. DeBose's property interest in attorney fees/costs to which she was entitled by law, to USFBOT.

139.   The Government, through Judge Kovachevich and Magistrate Judge Porcelli, had an ulterior motive or purpose in exercising the illegal, improper, or

perverted process to convert Ms. DeBose's property to USFBOT, a state government university.

140.  Ms. DeBose suffered damages as a result.

141.  The Defendant owes Plaintiff specific and identifiable money.

142.  The Plaintiff is entitled to possession or an immediate right to possess the attorney fees paid to her former counsels and the moneys paid/owed to her Legal Assistant.

143.  The Defendant's unauthorized act has deprived the Plaintiff of that money.

144.  The Plaintiff made a demand for return of the money and Defendant has refused to do so.

145.  To date, neither the United States, nor any of the other Defendants listed as parties to this action, particularly USFBOT, has paid Ms. DeBose the litigation / taxed costs.

146.  To date, the Government has not ordered USFBOT to pay Ms. DeBose.

147.  As a result of its acts and omissions, the United States has taken Ms. DeBose's property and interest in fees/costs paid to her attorneys and legal assistant as the prevailing party on her disparate treatment discrimination claim and converted it to USFBOT.

148.  It is immaterial whether the Defendant(s) have knowledge or intended to do so.

149.   The circumstances surrounding the conversion show fraud, actual malice, oppression, and such gross negligence as to indicate a wanton disregard of the rights of others.

150.   Therefore, Ms. DeBose brings this action seeking payment and/or damages for the value owed to her but taken as civil theft to deprive the Plaintiff of her right to the property or a benefit therefrom, or alternatively, with the intent to appropriate the property to USFBOT's own use or to the use of any person not entitled thereto.

151.   Whether a temporary or permanent taking, the Government failed to grant declaratory relief, injunctive relief, and attorney's fees and costs to Ms. DeBose.

152.   As a result of its acts and omissions, the United States has converted Ms. DeBose's property and interest in her litigation costs as the prevailing party on her disparate treatment discrimination claim.

153.   Therefore, Ms. DeBose brings this action seeking payment or damages for the value.

**COUNT III  - CONVERSION OF ATTORNEY FEES AND LITIGATION COSTS IN VIOLATION OF 42 U.S. CODE § 2000E-5 (The Government)**

154.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1 through 153.

155.   Ms. DeBose is the prevailing party of her disparate treatment race discrimination claim, despite that USFBOT allegedly proved its "same decision" affirmative defense.

156.   Under 42 U.S. Code § 2000e-5, on a claim in which an individual proves a violation and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court may grant declaratory relief, injunctive relief, and attorney's fees and costs.

157.   Ms. DeBose received no monetary relief nor any other relief under this title or in the case in which she prevailed at trial, receiving a unanimous jury verdict.

158.   The United States misused the legal process and procedure to convert Ms. DeBose's property interest in attorney fees and costs paid to her counsels and legal assistant that were due her by law, having made a proper, timely motion and providing adequate documentation in support of her requests, to USFBOT

159.   The United States had an ulterior motive or purpose to immunize USFBOT from any payment of damages in exercising the illegal, improper, or perverted process to take Ms. DeBose's property.

160.   Ms. DeBose suffered damages as a result and received nothing.

161.   Whether a temporary or permanent deprivation of the plaintiff's right to the property or a benefit therefrom, the United States failed to grant any relief to Ms. DeBose.

162.   To date, the United States has not paid Ms. DeBose under 42 U.S. Code § 2000e-5 enforcement provisions.

163.   As a result of its acts and omissions, the United States has taken Ms. DeBose's property and interest for relief and converted it to USFBOT for its retention.

164.   The Plaintiff made a demand for return of the money and Defendant has refused to do so.

165.   To date, neither the United States, nor any of the other Defendants listed as parties to this action, particularly USFBOT, has paid Ms. DeBose.

166.   To date, the Government has not ordered USFBOT to pay Ms. DeBose.

167.   Ms. DeBose has been damaged as a result of the conduct of the United States.

168.   Therefore, Ms. DeBose brings this action seeking payment or damages for the value.

### COUNT IV  - INTENTIONAL INTERFERENCE
### WITH EMPLOYMENT CONTRACTS
### (The Government, USFBOT, GTLAW, Mr. Solis, Dr. Wilcox, Dr. Dosal)

169.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1 through 106.

170.   Ms. DeBose brought contract claims under Florida Law and 42 U.S.C. 1981 (Section 1981).

171.   USFBOT's and GTLAW's legal counsels and corporate representatives unlawfully destroyed Plaintiff's employment files containing Ms. DeBose's copies of her employment contracts, including a grandfather clause that required USFBOT to pay Plaintiff regular pay in the event of a compulsory leave and pay all of accumulated paid time off ("PTO").

172.   USFBOT / Provost Ralph Wilcox willfully with the intent to deceive, fraudulently claimed that USFBOT stopped using written employment contracts in 2005.

173.   Ms. DeBose obtained and submitted irrefutable proof of the destruction.

174.   USFBOT employees and legal representatives, having initially denied the destruction in its Answer, had no other alternative but to admit that Ms. DeBose's employment files were sent out to a shredding company for destruction, though USFBOT was obligated and received notice to preserve Ms. DeBose's evidence for trial.

175.   Ms. DeBose obtained and submitted employment contracts issued after 2005 in the court record that disproved the affirmative defense put on by USFBOT's / GTLAW's lawyers as a *sham*.

176.   The contracts issued after 2005 are prima facie evidence that USFBOT continued to use written employment contracts.

177.   The contracts issued specifically to Ms. DeBose are prima facie evidence that Ms. DeBose had written contracts and could quantify her damages:

a.      Ms. DeBose's 2014-15 contract was to end on June 30, 2015.  Ms. DeBose was separated from her employment and forced to use PTO starting May 19, 2015.  The value of Ms. DeBose's taken PTO from May 19, 2015 to June 30, 2015 is estimated at $15,600.00.

b.      The Plaintiff's contract for 2015-16 automatically renewed in July 2015 and ran from July 1, 2015 to June 30, 2016.  USFBOT modified the end date of the contract to go from July 6, 2015 to August 19, 2015, ending 10 months earlier, and forcing Ms. DeBose to use PTO for the one month and 14 days.  The value of  Ms. DeBose's PTO that was taken from July 1, 2015 to August 19, 2015 is estimated at $17,680.00. The value of Ms. DeBose's contract damages from August 20, 2015 to June  30, 2016 is estimated at   $111,280.00.

c.      Dr. Dosal offered, and Ms. DeBose accepted an additional four-year contract extension for Fiscal Year 2019-20, ending June 30, 2020.  Ms. DeBose's contract damages from July 1, 2016 through June 30, 2020 are estimated at $514,800.00.

d.      The total value of property taken from Ms. DeBose is estimated at $659,360.00.

178.   The Government's error resulted in conversion of Ms. DeBose's damages under her employment contracts.

179.   The Government, USFBOT, GTLAW, Mr. Solis, Dr. Wilcox, and Dr. Dosal knew that valid contracts existed.

180.   The Government USFBOT, GTLAW, Mr. Solis, Dr. Wilcox, and Dr. Dosal had knowledge of the contracts.

181.   The Government USFBOT, GTLAW, Mr. Solis, Dr. Wilcox, and Dr. Dosal acted intentionally and improperly.

182.   Ms. DeBose was injured by these defendants' actions.

183.   Therefore, Ms. DeBose brings this action for damages.

## COUNT V  - CONVERSION OF PROPERTY INTEREST IN DISMISSED LAWSUIT CLAIMS IN VIOLATION OF THE FEDERAL RULES OF CIVIL PROCEDURE 56 (The Government)

184.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1-106.

185.   The Government followed an illegal, improper process or perverted use of the court process to take Ms. DeBose's property interests in her Disparate Impact Discrimination, Promotion Discrimination, Gender Discrimination, and Contract claims, estimated over $250,000.00.

186.   The Government converted all of Ms. DeBose's evidence and pleadings on the basis that the Plaintiff did not "authenticate at all" her evidence at summary judgment, knowing this was no longer a requirement and had not been a requirement for several years.

187.   The Government overlooked intentional destruction or spoliation of Ms. DeBose's employment files containing the Plaintiff's evidence for trial.  The Government intentionally excluded all of Ms. DeBose's evidence, her opposition pleadings, and cross motion for summary judgment against USFBOT that was fully brief by the parties, in order to reach the conclusion it desired to reach, to fashion a win for USFBOT and to exclude Andrea Diamond as an unreliable or adverse fact witness at trial, that Ms. DeBose did not submit any evidence to support her claims.  The Government had the ulterior motive or purpose to dismiss the Plaintiff's disparate impact discrimination, promotion discrimination, gender discrimination, and contract-related claims.  The Government's error, whether or not intentional or negligent, resulted in a conversion of Ms. DeBose's property interest in her meritorious claims by the Government's error.  Procedurally, the Government did not hold a summary judgment hearing to resolve any of questions about the evidence or to clarify questions about Ms. DeBose's pleadings.

188.   The Eleventh Circuit held that the Government erred and misapplied Rule 56.

189.   The United States followed an illegal, improper process or perverted use of the court process to take Ms. DeBose's property interests in her dismissed claims.

190.   The United States had an ulterior motive or purpose in exercising the illegal, improper, or perverted process to convert Ms. DeBose's property to USFBOT for its own retention.

191.   Ms. DeBose suffered damages as a result.

192.   Whether a temporary or permanent conversion, the United States failed to grant any relief to  Ms. DeBose.

193.   To date, the United States has not paid Ms. DeBose for her dismissed claims.

194.   The Plaintiff made a demand for return of the money and Defendant(s) have refused to do so.

195.   To date, neither the United States, nor any of the other Defendants listed as parties to this action, particularly USFBOT, has paid Ms. DeBose.

196.   To date, the Government has not ordered USFBOT to pay Ms. DeBose.

197.   Ms. DeBose has been damaged as a result of the conduct of the United States.

198.   Therefore, Ms. DeBose brings this action seeking payment or damages for the value.  As a result of its acts and omissions, the United States has converted Ms. DeBose's property and interest for relief.

199.   Ms. DeBose has been damaged as a result of the conduct of the United

States.

## COUNT VI  - MISUSE OF THE LEGAL PROCESS AND PROCEDURE IN VIOLATION OF THE FEDERAL RULES OF CIVIL PROCEDURE (The Government)

200.   Plaintiff re-alleges and incorporates herein the factual allegations contained

in paragraphs 1-199.

201.   The Government intentionally used or misused a legal process or

procedure—including Rules 41, 56, and 60.

202.   The Government intentionally misused the legal process and procedure **s** (2)

solely for an improper ulterior purpose to exclude as much evidence as possible

that the Plaintiff had against USFBOT; to dismiss as many claims or cases as

possible against USFBOT; to eliminate any and all damages, fees, and costs to be

paid by USFBOT; to fashion a win for USFBOT; and ensure that Ms. DeBose, and

any other black people coming to court like her, would take nothing. USFBOT's /

GTLAW's lawyers and employees used ex parte communications, deal-making,

and other corruption through backdoor channels to procure favorable judgments.

203.   Because of the Defendants' misuse of the legal process through its

intentional acts, errors, and omissions, Ms. DeBose suffered damages as a result of

the conduct of the Government.

## COUNT VII - CIVIL THEFT
### (The Government)

204.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1-199.

205.   The Government knowingly used or misused a legal process or procedure to obtain or use, or endeavored to obtain or use,  to either temporarily or permanently deprive the Plaintiff of her use of the property.  USFBOT/GTLAW legal and corporate representatives intentionally spoliated evidence and withheld documents.

206.   The Government, with felonious intent, misused the legal process and procedure in the Government's review of motions for Rule 11 sanctions; Rule 41 motion to reopen a case voluntarily dismissed; Rule 56 summary judgment, Rule 60 independent action, mediation,  stipulation for settlement, and front pay expectancy damages.

207.   The Plaintiff has suffered pecuniary loss in unpaid damages, fees, costs, property, and personal injuries in excess of $1,200,000.00.

## COUNT VIII - CONVERSION OF PROPERTY INTEREST
### IN DISMISSED CASES
### (The Circuit Court, Judge Rice, Judge Holder, Mr. McCrea)

208.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1-106.

209.   The Circuit Court followed an illegal, improper process or perverted use of the court process to convert Ms. DeBose's property interests in her cases in 15-

CA-005663, 17-CA-001652, and 19-CA-004473, estimated over $250,000.00 to USFBOT.

210.   The Circuit Court intentionally and fraudulently concealed that Judge Rice was recused and all of the cases reassigned to Judge Hinson.

211.   The Circuit Court intentionally and fraudulently concealed Judge Hinson's resignation, disability, or incapacity to perform his basic ministerial duties.

212.   The Circuit Court knowingly, intentionally, and fraudulently permitted Judge Rice to issue illegal, void order(s) in a case where she was recused.

213.   The Circuit Court knowingly, intentionally, and fraudulently permitted Judge Holder, an unassigned judge not sitting in jurisdiction to issue illegal, void orders in the Plaintiff's cases to do a personal favor for USFBOT/GTLAW legal representative and employee, Richard McCrea.

214.   The Chief Judge, who had a conflict, failed to notify the Plaintiff of Judge Rice's recusal and Judge Hinson's reassignment and disability, or activate the Plaintiff's right to move to vacate the orders accorded to her.  The Chief Judge failed to take corrective action when Judge Holder unlawfully interfered.  The Chief Judge failed to perform his ministerial duty to assign a neutral, impartial judge to vacate the illegal orders of Judge Rice.

215.   The Circuit Court had the ulterior motive or purpose to dismiss the Plaintiff's cases and claims against USFBOT.  The Circuit Court's error, whether

or not intentional or negligent, resulted in a conversion of Ms. DeBose's property interest in her cases.  Procedurally, the Circuit Court failed to set 17-CA-001652 and 19-CA-004473 for trial or hold hearings.

216.   The Circuit Court followed an illegal, improper process or perverted use of the court process to take Ms. DeBose's property interests in her dismissed claims.

217.   The Circuit Court had an ulterior motive or purpose in exercising the illegal, improper, or perverted process to convert Ms. DeBose's property to USFBOT for its own retention.

218.   Ms. DeBose suffered damages as a result.

219.   Whether a temporary or permanent conversion, the Circuit Court failed to grant any relief to  Ms. DeBose.

220.   To date, the Circuit Court has not paid Ms. DeBose for her dismissed claims.

221.   The Plaintiff made a demand for return of the money and Defendant(s) have refused to do so.

222.   To date, neither the Circuit Court, nor any of the other Defendants listed as parties to this action, particularly USFBOT, has paid Ms. DeBose.

223.   To date, the Circuit Court has not vacated Judge Rice's illegal orders or reinstated Ms. DeBose's cases for review by a neutral, impartial judge.  The Circuit Court has not ordered USFBOT to pay Ms. DeBose her costs and fees.

224.   Ms. DeBose has been damaged as a result of the conduct of the Circuit Court.

225.   Therefore, Ms. DeBose brings this action seeking payment or damages for the value.  As a result of its acts and omissions, the Circuit Court has converted Ms. DeBose's property and interest for relief.

226.   Ms. DeBose has been damaged as a result of the conduct of the Circuit Court.

### COUNT IX  - MISUSE OF THE LEGAL PROCESS AND PROCEDURE IN VIOLATION OF THE FLORIDA LAW (The Circuit Court, USFBOT, GTLAW, Mr. McCrea, Judge Rice, Judge Holder, and Judge Ficarrotta)

227.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1-226.

228.   The Circuit Court intentionally used or misused several legal processes or procedures—including Chapters 38, 119 and Florida Rule of Civil Procedure 1.530 and 1.540.

229.   The Circuit Court misused the legal process and procedure solely for an improper ulterior purpose to dismiss Plaintiff's cases against USFBOT; to eliminate any and all damages, fees, and costs to be paid by USFBOT; to fashion a win for USFBOT; and to ensure that Ms. DeBose and any other black people coming to court like her, would take nothing. USFBOT's / GTLAW's lawyers and

employees used ex parte communications, deal-making, and other corruption through backdoor channels to procure favorable judgments.

230.   Because of the Circuit Court's intentional misuse of the legal process through its intentional acts, errors, and omissions, Ms. DeBose suffered damages as a result of the conduct of the Circuit Court, USFBOT, GTLAW, Mr. McCrea, Mr. Solis, Judge Ficarrotta, Judge Rice, and Judge Holder.

### COUNT X  - Civil Theft
### (The Circuit Court, Judge Rice, Judge Holder)

231.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1-199.

232.   The Circuit Court knowingly used or misused a legal process or procedure to obtain or use, or endeavored to obtain or use,  to either temporarily or permanently deprive the Plaintiff of her use of the property.

233.   The Circuit Court and Judge Ficarrotta misused the legal process and procedure in allowing Judge Rice to issue illegal, void orders following recusal, with felonious intent; to knowingly assign Judge Hinson who lack capacity or ability to carry out his ministerial duties; and to allow Judge Holder,  to issue illegal, void orders, with felonious intent, when he was not assigned and did not have jurisdiction to issue orders in the case.

234.   The Plaintiff has suffered pecuniary loss in unpaid damages, fees, costs, property, and personal injuries in excess of $250,000.00.

## COUNT X1  - Civil Assault
## (The Circuit Court, Judge Rice)

235.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1-106.

236.   The Circuit Court, through Judge Rice and a sheriff's deputy, committed an intentional and an unlawful threat by its action to do violence to the person of Ms. DeBose.

237.   Judge Rice ordered the deputy to stand close to Ms. DeBose's back during her oral argument in Chambers so that Ms. DeBose would feel intimidated and threatened.

238.   Judge Rice knew that the deputy was armed with a weapon (specifically a gun) and had the apparent ability to not only threaten Ms. DeBose with gun violence but to do so.

239.   Judge Rice knew that her act would create a well-founded fear in Ms. DeBose that violence might be imminent.

240.   Ms. DeBose suffered damages as a result of the conduct of the Circuit Court.

## COUNT X1I  - Civil Battery
## (The Circuit Court, Judge Rice)

241.   Plaintiff re-alleges and incorporates herein the factual allegations contained in paragraphs 1-240.

242.   The Circuit Court, through Judge Rice and a sheriff's deputy, committed an act intending to cause harmful or offensive contact with Ms. DeBose or causing the Plaintiff to be in imminent apprehension of such a contact.

243.   Judge Rice intended that the deputy would make an offensive contact with the Plaintiff, and on Judge Rice's order, the deputy made an offensive contact with Ms. DeBose.

244.   The Plaintiff did not consent to the contact.

245.   The contact to Ms. DeBose from the deputy's weapon and his unit was offensive or harmful.

246.   The contact from the deputy on behalf of Judge Rice was intentional.

247.   Ms. DeBose suffered damages as a result of the conduct of the Circuit Court.

## COUNT XIII – COMMON LAW FRAUD, FRAUDULENT CONCEALMENT, or alternatively FRAUDULENT MISREPRESENTATION
### (The Circuit Court, Judge Rice, USFBOT, GTLAW, Mr. McCrea)

248.   Plaintiff re-alleges paragraphs 1-247 and incorporates them by reference.

249.   The Circuit Court concealed or suppressed the material fact of Judge Rice's recusal from 15-CA-005663, 17-CA-001652, and 19-CA-004473 prior to January 6, 2020.  In fact, the Circuit Court has concealed the exact date.  The Circuit Court concealed that Judge Rice was recused because the Circuit Court did not want the Plaintiff to have actual knowledge that Judge Rice was no longer authorized to

issue orders in the Plaintiff's cases.  At all relevant times, the Circuit Court, USFBOT / GTLAW knew or had reason to know that the Plaintiff sought Judge Rice's removal from her cases because of her reasonable fear that Judge Rice's bias would not allow her to receive a fair trial.

250.   The Circuit Court concealed or suppressed a material fact of Judge Hinson's appointment or assignment to the Plaintiff's cases 15-CA-005663, 17-CA-001652, and 19-CA-004473 on January 6, 2020.  The Circuit Court also concealed Judge Hinson's resignation, disability, incapacity, and medical absence because the Circuit Court conspired with USFBOT/GTLAW and the Government to dismiss or deny relief in all of Ms. DeBose's cases.

251.   These basic disclosures from the Circuit Court about Judge Rice and Judge Hinson were material to provide the Plaintiff notice and procedural due process.

252.   The Circuit Court and the Defendants USFBOT / GTLAW had knowledge of these material facts but the information  was concealed from the Plaintiff.

253.   These material facts were not within reasonably diligent attention, observation, and judgment of the Plaintiff.  The Circuit Court and the USFBOT/GTLAW lawyers acted with the intent to conceal, mislead, and deceive to induce Ms. DeBose's reliance upon the fraudulent misrepresentations of the Circuit Court.

254.   The Plaintiff's resulting injuries in damages and emotional distress were

proximately caused by the Circuit Court and USFBOT/GTLAW.

255.   Defendants derived a pecuniary benefit or gain at the expense of DeBose,

putting her at a terrible loss and in financial distress.

256.   Under the circumstances, it would be inequitable for the Circuit Court and

USFBOT/GTLAW not to pay damages to Ms. DeBose.

## COUNT XIII – VIOLATION OF THE RICO ACT,
### (The Circuit Court)

257.   Plaintiff incorporates all allegations made in Paragraphs 1-256.

258.   This claim for relief arises under Section 895.05, Florida Statutes, for

conduct and activities of the Defendants which are prohibited by Sections

895.02(1)(a)(34), (42) and Section 895.02(1)(b), Florida Statutes.

259.   This is a cause of action against the Circuit Court, through Judge Rice, for

violation of Florida's Racketeer Influenced Corrupt Organization (RICO) Act,

Chapter 895, Florida Statutes, for damages in excess of $30,000, exclusive of fees

and costs, pleaded in the alternative to or in addition to the other counts of this

complaint.

260.   Plaintiff is an "aggrieved person" pursuant to Section 895.05(6), Florida

Statutes.

261.   The conduct of the Circuit Court, through Judge Rice's use of the U.S. mail

to file an illegal order in the Plaintiff's case 15-CA-005663 herein, constitutes a

violation of Florida's RICO Act as set forth in the paragraphs above.  Judge Rice

knew that the order was illegal and not authorized following her recusal.  Judge

Rice knew or had reason to know the mail and wire fraud statutes essentially make

it criminal for anyone to use the mails or wires in furtherance of a scheme to

defraud.      Judge Rice knowingly and intentionally sought to misuse the legal

process to defraud Ms. DeBose of the nonexempt public records she sought and

Ms. DeBose's recovery of costs after Judge Rice's intentional delay.

262.   The Circuit Court, through Judge Rice, in coordination with the Defendants

USFBOT and GTLAW violated Section 895.02(1)(a)(34), (42), Florida Statutes, to

conspire to obstruct justice and/or obstruct justice in official court proceedings, by

fraudulent misrepresentation,  concealment, or nondisclosure.  The Circuit Court,

Judge Rice, USFBOT, and GTLAW used income received from state funds

through a pattern of racketeering, directly or indirectly, to establish and operate a

judicial syndicate or enterprise to commit fraud upon the court(s).  The Defendants

violated Section 895.02(1)(b) by conducting or participating, directly or indirectly,

in the enterprise through a pattern of racketeering activity.

263.   As a direct result, Plaintiff Angela DeBose has been injured, experienced

financial hardship, and experienced severe emotional distress by both the predicate

acts which make up the Defendants' patterns of racketeering activity and its use of

income received from the citizens and taxpayers of Florida, like DeBose, therefrom to operate and perpetuate the enterprise.

264.   Under the circumstances, it would be inequitable for the Circuit Court and USFBOT/GTLAW not to pay damages to Ms. DeBose.

## COUNT XIV – VICARIOUS LIABILITY
### (The Government, the Circuit Court, USFBOT, GTLAW)

265.    The Plaintiff incorporates paragraphs 1-264 of this Complaint as if fully set forth under this count.

266.   The Defendants had a duty to properly train and supervise its staff, both employed and contracted.

267.   The Defendants are actually employees of their Defendant employer.

268.   The injury to the Plaintiff was caused by the Defendants' employees' actions.

269.   The employees' actions were taken within the scope of their employment.

270.   Under the circumstances, it would be inequitable for the Circuit Court, USFBOT, and GTLAW not to pay damages to Ms. DeBose.

## COUNT XV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

271.   Plaintiff incorporates by reference the preceding allegations 1-270 as if set forth herein at length.

272.   The Defendants acted intentionally to inflict emotional distress on the Plaintiff.

273.   The Defendants' conduct—using threats of sanction, contempt, and violence, towards the Plaintiff has been extreme and outrageous.

274.   The Defendants' conduct to defraud Ms. DeBose of her cases, claims, damages, fees, costs, and property caused Ms. DeBose personal injury.  If it were not for the Defendants' conduct, the Plaintiff would not have experienced pain, suffering, mental anguish, depression, loss of privacy, and loss of enjoyment of life.

275.  The Defendants took the aforementioned actions with reckless disregard for the Plaintiff.

## COUNT XVI – 1983 EQUAL PROTECTION
## (The Government and the Circuit Court)

276. Plaintiff incorporates by reference the preceding allegations 1-106 as if set forth herein at length.

277. The Defendants deprived Ms. DeBose, a black or African American, of her rights under the equal protection and due process clause, in violation of section 1983 by condoning, authorizing, ratifying, and perpetuating unlawful discrimination and retaliation against the Plaintiff and others similarly situated, by USFBOT, Ralph Wilcox and Paul Dosal.  The Defendants have discriminately

taken away Ms. DeBose's access to the courts and immediately dismissed her cases and claims, without any meaningful review.

278.  Ms. DeBose has a right to equal protection and due process under the Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article I, Section 9 of the Florida Constitution.

279.  As a result of the Defendant's conduct, Plaintiff was deprived of equal protection and due process.

280.  Defendants, acting under color of state law, violated the Plaintiff's federal constitutional rights and violated Florida Statute.

281.  For violating Plaintiff's constitutional and statutory rights, Defendant USFBOT is liable for civil damages.

## COUNT XVII – CIVIL CONSPIRACY
## (ALL DEFENDANTS)

282.  Plaintiff incorporates by reference the preceding allegations 1-281 as if set forth herein at length.

283.  The Defendants participated in a common design or scheme.

284.  The Defendants coordinated or acted in concert together to accomplish an unlawful purpose or to do a lawful act by unlawful means.

285.  The  Defendants coordinated together to unlawfully:

    a. eliminate all of the Plaintiff's evidence against USFBOT by spoliating the Plaintiff's evidence through third-party destruction;

    b.  misuse the legal process and procedure to prevent the Plaintiff from

accessing the courts and pursuing legal action against USFBOT;

    c.  fraudulently consort with USFBOT/GTLAW to procure favorable

judgments for USFBOT;

    d.  commit fraud, fraud on the court(s), fraudulent misrepresentation,

fraudulent concealment/nondisclosure, and suborning perjury.

286.   The Defendants committed these overt acts in pursuance of the conspiracy.

287.   The Plaintiff was damaged as a result of the acts performed by the

Defendants pursuant to the conspiracy.

## PRAYER FOR RELIEF

    WHEREFORE, Plaintiff prays that this Court grant relief against the

Defendants as follows:

    (a) Civil damages against the Defendants for damages, interest, costs,

prejudgment interest of $1,250,000.00 (one million two hundred fifty

thousand dollars);

    (b) and for such other relief as the Court deems fair and just.

**Plaintiff demands a trial by jury for all issues so triable.**

Submitted this **30th** day of September, 2021.

/s/ Angela DeBose
Angela DeBose, Plaintiff
1107 W. Kirby Street
Tampa, FL 33604
813-932-6959
awdebose@aol.com