IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

      **Plaintiff,**

v.                              **CASE NO. 8:21-cv-02127-SDM-AEP**

THE UNITED STATES,
THE THIRTEENTH JUDICIAL
STATE COURT,  et al.,

      **Defendants.**

_____/

**MOTION  TO DENY THE REQUEST FOR JUDICIAL NOTICE OR
ALTERNATIVELY STRIKE THE NOTICE OF RELATED CASES FROM THE
RECORD SUBMITTED BY DEFENDANTS THIRTEENTH JUDICIAL CIRCUIT
COURT, BARTON, FICARROTTA, RICE, HOLDER, UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES, SOLIS, DOSAL, WILCOX, AND PALMER, IN
WHOLE OR IN PART, AND FOR AN EVIDENTIARY HEARING**

Plaintiff Angela DeBose files this Objection and moves the Court to Deny to the request

for Judicial Notice or alternatively strike the Notice of Related Cases, (Doc. 39), filed by

Defendants Thirteenth Judicial Circuit Court ("State Court"), Barton, Ficarrotta, Rice, Holder,

University of South Florida Board of Trustees ("USFBOT"), Solis, Dosal, Wilcox, and Palmer

from the court record, in the entirety or in part.  In support of this motion, Plaintiff states as follows:

**INTRODUCTION**

1.      The Notice of Related Cases is impliedly improper argument or tantamount to an

improper request for the Court to take judicial notice of matters that are subject to

reasonable dispute.  See Fed. R. Evid. 201.

2.      Under Local Rule 1.07, Successive and Related Actions, lead counsel has a

continuing duty to promptly inform the Court of any newly filed similar or successive

cases. By title of the pleading and impliedly requesting judicial notice, the Defendants improperly "argue" that the actions are related and that the Court should likewise grant judicial notice.

3.     The Defendants may file a request for judicial notice under Rule 201 of the Federal Rules of Evidence (FRE) to ask the court to consider material outside of the complaint, so long as the material meets the definition set forth in FRE 201 as "not subject to reasonable dispute. The Defendants have not asked the Court to take judicial notice; thus, the notice of related cases appears subversive and was perhaps submitted to further inflame the Court and prejudice it against the Plaintiff. The Defendants' listing does not include any evidence or any adjudicative facts in an attempt to get around FRE 201.

4.     Thus, the Notice of Related Cases improperly supplements the record with material by the Defendants in order to bolster their impending res judicata argument. The Plaintiff's Second Amended Complaint does not disclose a substantial number of the cases listed.

5.     The Defendants have not submitted any of the Plaintiff's prior pleadings in these cases into evidence. If the Defendants were to seek to admit such evidence, it would arguably fail under the FRE 401 and 403. Furthermore, neither the judicial act nor the order that is to be judicially noticed, specified in Defendants' notice of related cases. The subject matter of the litigation was not specified.

Wherefore, Plaintiff respectfully asks the Court to either deny the request for judicial notice or alternatively strike the Notice of Related Cases in the entirety or in part, and Plaintiff also moves for an evidentiary hearing on grounds to show that (a) the cases are not related; (b) the Defendants request for judicial notice is improper; (c) the Court may not consider matters not disclosed by the Second Amended Complaint; (d) the listing of cases are not adjudicative facts; (e) the submitted

material is inadmissible under FRE 401; and (f) the submitted material is inadmissible under FRE 403.

## ARGUMENT

A.  The Cases are not related.

A case is related to another pending/closed civil case if the case:

(1)  Involve the same parties and are based on the same or similar claims;

(2)  Arise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact;

(3)  Involve claims against, title to, possession of, or damages to the same property; or

(4)  Are likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

Plaintiff contends that the cases filed, and the appeals taken (as a matter of right, to request interlocutory review, or preserve errors committed below), should not be judicially noticed on grounds that the cases are not related, subject to reasonable dispute, not relevant, or the probative value is substantially outweighed by the danger of unfair prejudice.  Therefore, Plaintiff requests a hearing to present argument and evidence.

### Table A.

| Number | Case | Reason Why Judicial Notice Should Not be Taken |
|---|---|---|
| 17-CA-001652 | Third Party Spoliation  - Duplicated or listed twice in Defendants' Notice | Not related or otherwise factual matters that are subject to reasonable dispute |
| 17-CA-002114 | Vendor Public Records, s. 119.0701, Fla. Stat. | Factual matters that are subject to reasonable dispute |
| 18-14637 | Appeal - Mass Exclusion of Summary Judgment Evidence and Pleadings | Factual matters that are subject to reasonable dispute |

| 19-10865 | Appeal - Denial of New Trial | Factual matters that are subject to reasonable dispute |
|---|---|---|
| 19-CA-004473 | Independent Action of 17-CA-002114. **Duplicated or listed twice in Defendants' Notice** | Factual matters that are subject to reasonable dispute |
| 8:15-cv-02787-EAK-AEP | Fed - Discrimination - **Duplicated or listed twice in Defendants' Notice** | Factual matters that are subject to reasonable dispute |
| 8:15-mc-00018-EAK-MAP | Fed - TRO/Injunction - **Duplicated or listed twice in Defendants' Notice** | Factual matters that are subject to reasonable dispute |
| 8:18-cv-00473-EAK-AAS | Fed - Removal-1 Ellucian - **Duplicated or listed twice in Defendants' Notice** | Factual matters that are subject to reasonable dispute |
| 8:19-cv-00200-JSM-AEP | Joint Stipulation Dismissal - Fed - Removal-2 Ellucian - **Duplicated or listed twice in Defendants' Notice** | Factual matters that are subject to reasonable dispute |
| 8:19-cv-01132 | Independent Action of 8:15-cv-02787-EAK-AEP - Dismissal without prejudice to refile in 8:15-cv-02787-EAK-AEP. | Factual matters that are subject to reasonable dispute |
| 15-CA-005663 | State Agency Public Records, Ch. 119, Fla. Stat. - Duplicated or listed twice in Defendants' Notice | Factual matters that are subject to reasonable dispute |
| 17-14025 | Interlocutory Appeal not reviewed for lack of jurisdiction; | Not related or otherwise factual matters that are subject to reasonable dispute |
| 18-14793 | *USA v. Jorge Gomez-Carbajal*; Not filed by Plaintiff. | Not Related; **Not Plaintiff's appeal** |
| 18-13803 | | Not Related or disclosed on the face of the complaint |

| | | |
|---|---|---|
| 18-CA-000893 | | Not Related or disclosed on the face of the complaint |
| 19-11701 | | Not Related or disclosed on the face of the complaint |
| 19-CA-11407 | | Not Related or disclosed on the face of the complaint |
| 20-10342 | | Not Related or disclosed on the face of the complaint |
| 20-1140 | | Not Related or disclosed on the face of the complaint |
| 20-12732 | | Not Related or disclosed on the face of the complaint |
| 20-1538 | | Not Related or disclosed on the face of the complaint |
| 21-305 | | Not Related or disclosed on the face of the complaint |
| 2D18-2830 | | Not Related or disclosed on the face of the complaint |
| 2D18-3779 | | Not Related or disclosed on the face of the complaint |
| 2D18-3940 | | Not Related or disclosed on the face of the complaint |
| 2D19-1023 | | Not Related or disclosed on the face of the complaint |
| 2D19-1505 | | Not Related or disclosed on the face of the complaint |
| 2D19-3839 | | Not Related or disclosed on the face of the complaint |
| 2D19-4349 | | Not Related or disclosed on the face of the complaint |
| 2D19-611 | | Not Related or disclosed on the face of the complaint |
| 2D20-2455 | | Not Related or disclosed on the face of the complaint |
| 2D20-2532 | | Not Related or disclosed on the face of the complaint |

| | | |
|---|---|---|
| 2D20-355 | | Not Related or disclosed on the face of the complaint |
| 2D20-594 | | Not Related or disclosed on the face of the complaint |
| SC19-754 | | Not Related or disclosed on the face of the complaint |
| SC20-274 | | Not Related or disclosed on the face of the complaint |
| SC21-701 | | Not Related or disclosed on the face of the complaint |
| SC21-825 | | Not Related or disclosed on the face of the complaint |
| 18-11238 | | Not Related or disclosed or the face of the complaint |
| 18-12226 | | Not Related or disclosed or the face of the complaint |

B.  Defendants' List of Related Cases is a Veiled Request for Judicial Notice

"Traditionally, judicial notice has been used to eliminate the need for formal proof by the introduction of evidence of certain matters which either are so universally known and accepted as to be beyond doubt or matters which, while not universally known, are so certain "as to be beyond doubt." 60 Am. Jur. Proof of Facts 3d 175 (2001). A Court may take judicial notice of adjudicative facts that are not subject to reasonable dispute where (1) they are generally known within the Court's territorial jurisdiction; or (2) they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See FED. R. EVID. 201(a)-(b).  However, Plaintiff contends the following restrictions exist to preclude judicial notice of the Defendants' notice of related cases:

1.  The Court may not consider matters not disclosed by the complaint.

The Court judicially notices all the documents under Federal Rule of Evidence 201(b). Under the Rules of Civil Procedure, the Court is not permitted to consider matters not disclosed

by the complaint. If the Court considers matters not disclosed by the complaint, this would constitute reversible error unless an affirmative defense appears on the face of the complaint. See Fed. R. Civ. Pro. 8(c) and 12(b). DeBose objects and has not stipulated that the court can take such notice. Under Florida law, any consideration of matters outside the four corners of the complaint would not be appropriate at this stage in the proceedings. *See Ramos v. Mast*, 789 So. 2d 1226, 1227 (Fla. 4th DCA 2001). Furthermore, proceedings on a motion to dismiss may not be substituted for proceedings at the summary judgment stage, the stage at which a motion to dismiss based on issue preclusion or claim preclusion would generally be appropriately raised, absent a facially insufficient complaint. See *Reyes ex rel. Barcenas v. Roush*, 99 So. 3d 586, 591 n.5 (Fla. 2d DCA 2012); *Zarra v. Burke*, 20 So. 3d 191, 191-92 (Fla. 2d DCA 2010). Under Federal law, however, an affirmative defense may serve as the proper basis for a motion to dismiss for failure to state a claim so long as the district court considers only those pleaded and judicially noticed facts that are **not** "outside the pleadings" according to Rule 12(d). *See* FED.R.CIV.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to . . . the court, the motion must be treated as one for summary judgment under Rule 56.").

The Defendants State Court, Barton, Ficarrotta, Rice, Holder, USFBOT, Solis, Dosal, Wilcox, and Palmer seek to have the Court consider matters outside of the four corners of the complaint, without expressly requesting judicial notice. In doing so, the Defendants intend to have their impending motion to dismiss or response reviewed under Rule 12(b)(6) as a motion for summary judgment, perhaps also hoping to benefit Defendants Greenberg Traurig, PA and Richard McCrea. However, an assertion of a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Although a court generally cannot consider material beyond the

7

pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint and matters in the public record without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Materials from a proceeding in another tribunal are appropriate for judicial notice." *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). However, in the instant case, the Defendants listing of cases is not materials from a proceeding in another tribunal—e.g., the listing is not filing records, orders, or awards. The listing, even if considered filings from a prior proceeding do not, without more, support an impending claim preclusion or vexatious litigant argument by the Defendants or a request for judicial notice under FRE 201.

Wherefore, the Plaintiff opposes the Defendants' request for judicial notice on grounds that the Defendants do not specify a single 'fact' for judicial notice in  the listing of cases and listing of cases are not properly subject to judicial notice because the contention that the cases are related is a disputed fact.  Moreover, a problem exists for the Defendants because the allegations in the Second Amended Complaint are or should be taken as true and do not establish the Defendants' affirmative defense(s).  The evidentiary hearing requested by the Plaintiff is necessary and relevant to the Court's claim preclusion analysis.  Judicial notice should be denied or the notice of related cases stricken.

2. The listing of cases are not adjudicative facts.

Judicial notice deals only with judicial notice of "adjudicative" facts. Adjudicative facts are simply the facts of the particular case.  *Notably, a*n "adjudicative fact" – as opposed to a "judicial" one – is a fact "about the parties or the issues to which the law is applied, usually by the jury, in the trial of a case." *Savage Logistics, LLC v. Savage Servs. Corp.*, No. CV-15-5015-EFS, 2015 WL 6141323, at *1 (E.D. Wash. Oct. 19, 2015) (citing FED. R. EVID. 201(a), Adv. Comm. Note to 1972 amendment).  The usual method of establishing adjudicative facts in through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside of reasonable controversy, this process is dispensed with as unnecessary. A high degree of indisputability is the essential prerequisite.  Specifically, the Model Code and the Uniform Rules are predicated upon indisputability of judicially noticed facts.

Wherefore, because the listing of cases does not contain adjudicative facts, the request for judicial notice should be denied or the notice of related cases stricken.

3. The submitted material is inadmissible under the Federal Rule of Evidence (FRE) 401.

Under Federal Rule of Evidence 401, evidence is deemed relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Accordingly, "only facts having rational probative value are admissible," i.e., only where it is "[e]vidence which has any tendency in reason to prove any material fact[.]" United States v. Amaral, 488 F.2d 1148, 1152 (9th Cir. 1973). The requirement of materiality is unqualified—the proposed evidence must go to "a matter properly provable in the case" and must be "of consequence in the determination of the action." Fed. R. Evid. 401 advisory committee's notes to 1972 Proposed Rules.  Critically, the Defendants State

Court, Barton, Ficarrotta, Rice, Holder, USFBOT, Solis, Dosal, Wilcox, and Palmer do not have a pending motion that cites the specific facts for which they now seek judicial notice.

Wherefore, because the listing of cases is not probative of any fact "of consequence in determining the action", the request for judicial notice should be denied or the notice stricken.

4. <u>The submitted material is inadmissible under FRE 403.</u>

The Defendants' use of that evidence fails the well-established test of Federal Rule of Evidence 403: the minimal probative value that it might have is far outweighed by the prejudice that would result from its introduction. The list of cases invites the Court and a jury to ignore the facts in favor of an emotional appeal. This is no doubt the Defendants' intent. For that reason, the excessive prejudice should lead the Court to specifically exclude or strike. Rule 403 provides for the exclusion of evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. See, United States v. Henderson, 409 F.3d 1293 (11th Cir. 2005). In particular, "Rule 403 is concerned with unfairly prejudicial evidence," that is, evidence that "has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented." *United States v. Gamory*, 635 F.3d 480 (11th Cir. 2011)( Video referring to drugs, money laundering, sex, and violence should have been excluded pursuant to Rule 403 since defendant was not in the video and there was no evidence that he wrote the lyrics). Rule 403 requires that evidence be excluded as irrelevant where it has "scant or cumulative probative force, [which is] dragged in by the heels for the sake of its prejudicial effect." *United States v. Aguila–Urbay*, 480 Fed.Appx. 564, 567 (11th Cir.2012); *United States v. Plascencia-Orozco*, 852 F.3d 910, 926 (9th Cir. 2017). Specifically, evidence should be excluded when "there is a significant danger that the jury might

base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case." *Tennison v. Circus Circus Enterprises*, Inc., 244 F.3d 684, 690 (9th Cir. 2001); see also *United States v. Church*, 955 F.2d 688 (11th Cir. 1992). The evidence here proffered by the Defendants is of just this character: it "'appeals to the [court's/jury's] sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a [fact finder] to base its decision on something other than the established proposition in the case.'" *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (quoting J. Weinstein & M. Berger, Weinstein's Evidence, § 403[03], at 403-15 to 403-17 (1978)).

Wherefore, the notice of related cases is merely an emotional appeal for judicial notice and not admissible under Rule 403, the request should be denied and the notice stricken.

C. Procedural Fairness Demands that Plaintiff have an Opportunity to be Heard.

Basic considerations of procedural fairness demand an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed.[1] The rule *requires* the granting of that opportunity upon request. No formal scheme of giving notice is provided. An adversely affected party may learn in advance that judicial notice is in contemplation, either by virtue of being served with a copy of a request by another party under subdivision (d) that judicial notice be taken, or through an advance indication by the judge. Or s/he may have no advance notice at all. In the absence of advance or clear notice, a request made after the fact could not in fairness be considered untimely.

The Defendants have not moved the pleadings from any of the Plaintiff's prior cases into evidence.  See *Glass v. Armstrong,* 330 So.2d 57, 58 (Fla. 1st DCA 1976) (quoting *Moskovits v. Moskovits,* 112 So.2d 875, 878 (Fla. 1st DCA 1959) this court has stated that res judicata "cannot

---

[1] *NOTES OF ADVISORY COMMITTEE ON PROPOSED RULES Subdivision (a). 28 APPENDIX U.S.C. § 201.*

. . . be asserted by allegations of fact stated in the motions, nor can . . . [it] be established by the introduction of extrinsic evidence at the hearing thereon." ).  See also the provision for hearing on timely request in the Administrative Procedure Act, 5 U.S.C. § 556(e). The Defendants have not plainly and clearly requested judicial notice but surreptitiously, using questionable means.

Wherefore, the Plaintiff requests the opportunity to be heard and that the matter not be decided merely on the pleadings.  The Plaintiff moves the Court for an evidentiary hearing.

## CONCLUSION

**WHEREFORE**, the Plaintiff respectfully asks the Court to deny the Defendants' request for judicial notice or alternatively strike the Defendants' notice of related cases, and grant Plaintiff an evidentiary hearing and an opportunity to be heard and other similar relief, as justice requires.

**Submitted: 12/6/2021**                                        Respectfully,

/s/ *Angela DeBose*
Angela DeBose, Plaintiff

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), Plaintiff certifies that she has contacted Defendants' counsels, Ivy Rollins and Josh Webb.  Ms. Rollins opposes.  Mr. Webb's position is not known at the time of filing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **6th** day of December 2021, the above and foregoing was filed with the Court, which will email all counsels of record.

*Angela DeBose*
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com