## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANGELA DEBOSE,

      Plaintiff,

v.                       Case No. 8:21-cv-2127-SDM-AAS

UNITED STATES, et al.,

      Defendants.

_____/

## DEFENDANTS THIRTEENTH JUDICIAL CIRCUIT, BARTON, FICARROTTA, RICE, HOLDER, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, SOLIS, DOSAL, WILCOX, AND PALMER'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants Thirteenth Judicial Circuit, James Barton, Ronald Ficarrotta, Elizabeth Rice, Greg Holder, University of South Florida Board of Trustees ("USFBOT"), Gerard Solis, Paul Dosal, Ralph Wilcox, and Lois Palmer, hereinafter "Defendants," pursuant to Federal Rules of Civil Procedure 12(b)(6), hereby move this Honorable Court to dismiss Plaintiff's Second Amended Complaint (Doc. 27). In support hereof, Defendants state as follows:

Plaintiff Angela DeBose, a former employee of USF, sues numerous defendants, including federal and state court judges, the Thirteenth Judicial Circuit, USFBOT, members of the USFBOT, and attorneys with Greenberg Traurig, P.A. ("GT"), for their purported roles in Plaintiff's termination of employment, her subsequent public records request, and her allegations of fraud against USFBOT and

its representatives. She has filed numerous state and federal lawsuits related to the allegations in this matter[1], which she references in her Second Amended Complaint. (Doc. 27). The Second Amended Complaint filed on November 3, 2021, contains eighteen counts[2], including the following counts against Defendants: unlawful conversion; intentional interference with employment contracts; misuse of the legal process and procedure in violation of Florida law; civil theft; civil assault; civil battery; common law fraud, fraudulent concealment, or alternatively fraudulent misrepresentation; violation of the Florida's Racketeer Influenced Corrupt Organization ("RICO") Act; vicarious liability; intentional infliction of emotional distress; violation of section 1983 equal protection; and civil conspiracy.

Defendants move this Honorable Court to dismiss Plaintiff's Second Amended Complaint (Doc. 27) based upon the following grounds:

1.    Plaintiff's action against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer is barred by res judicata and collateral estoppel;

2.    Plaintiff's action against Defendants Thirteenth Judicial Circuit, Barton, Ficarrotta, Rice, and Holder is barred by judicial immunity and Eleventh Amendment immunity; and

3.    Plaintiff fails to state a cause of action against Defendants.

---

[1] The Plaintiff's related cases are listed in Defendants' Amended Notice of a Related Action (Doc. 44).

[2] The Second Amended Complaint contains two different counts labeled Count XIII.

Defendants submit the Memorandum of Law below in support of this motion. In addition to the arguments raised below, Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer hereby adopt and incorporate herein by reference all arguments raised in the GT Defendants' Motion To Enjoin Plaintiff As A Vexatious Litigant And To Dismiss All Claims (Doc. 30), specifically including the arguments regarding res judicata and collateral estoppel. Those arguments similarly apply to the USF Defendants who were co-defendants in the litigation referenced by the GT Defendants in their issue and claim preclusion arguments.

## MEMORANDUM OF LAW

## I.     PLAINTIFF'S ALLEGATIONS

Plaintiff contends that her that her employment at USF was improperly terminated in 2015. She further claims that Defendant USFBOT and employees disposed of personnel files that would prove the termination was improper. She alleges that in her various lawsuits related to this matter, Defendants USFBOT, GT, and Thirteenth Judicial Circuit "colluded, consorted, coordinated, and conspired, using backdoor channels, deal-making, and case fixing to illegally and intentionally block the Plaintiff's right of self-representation." (Doc. 27 at 15). Plaintiff claims that GT conspired with Defendants Holder and Barton to "issue orders threatening to sanction the Plaintiff or hold her in contempt if she did not stop pursuing her cases and simply let USFBOT win." (Doc. 27 at 14).

Plaintiff avers that Defendants Rice and Thirteenth Judicial Circuit participated in a "judicial syndicate" by allowing *Debose v. Ellucian LP, et al* Case No. 18-CA-893 to

be removed from the Thirteenth Judicial Circuit Court to the United States District Court, Middle District of Florida. (Doc. 27 at 15). Plaintiff alleges that "Judge Rice consorted with Judge Kovachevich, whose bias and animosity against Ms. DeBose caused Judge Kovachevich to conspire with the Government to overturn her own remand order…" *Id.* Plaintiff contends that Defendant Judge Rice knew, or had reason to know, that Defendants USFBOT, GT, McCrea, Page, and Solis failed to comply with discovery, public records requests, and court-issued subpoenas and that Defendant Rice and the Thirteenth Judicial Circuit along with the federal judges conspired together to block Plaintiff from being able to produce favorable evidence in her lawsuit. (Doc. 27 at 16).

Plaintiff details a series of allegations lodged against Defendants Thirteenth Judicial Circuit, Chief Judge Ficarrotta, and Judge Rice for failing to notify the Plaintiff of Judge Rice's recusal and reassignment to Judge Hinson in Plaintiff's Thirteenth Judicial Circuit state court actions in Case No's 15-CA-5663, 17-CA-1652, and 19-CA-4473. (Doc. 27 at 31-33). Further, Plaintiff contends that Defendants Thirteenth Judicial Circuit, Ficarrotta, Rice, USFBOT and GT conspired as "part of a judicial syndicate or racket" with the Government to assign judges who would benefit USFBOT. (Doc. 27 at 35). Plaintiff also avers that Defendant Ficarrotta intentionally delayed her court cases by not replacing Judge Hinson with a "neutral, impartial judge who could perform his/her ministerial duties" and failing to disclose when Judge Hinson "became inactive due to resignation, incapacity, or disability." (Doc. 27 at 36).

4

Plaintiff further alleges that Defendant Holder on June 4, 2020 (at the time a sitting Thirteenth Circuit Court Judge) improperly interfered with Plaintiff's cases by issuing orders in cases where he was "not listed in the case history by rotation, assignment, transfer, or recusal." (Doc. 27 at 37). Plaintiff takes issue with Defendant Holder's various judicial decisions and asserts that Defendant Holder "interfered as a personal favor to Mr. McCrea before [Holder's] imminent retirement." *Id.* Plaintiff accuses Defendant Holder of misusing the judicial process to benefit Defendant McCrea, USFBOT's counsel of record for that case. (Doc. 27 at 38).

Plaintiff avers that on April 29, 2021, Defendant Barton (retired Thirteenth Circuit Court Judge) also improperly intervened in one of the related state court actions (Case No. 15-CA-5663) at the solicitation of Defendant McCrea. (Doc. 27 at 39). As with Defendant Holder, Plaintiff also takes issues with Defendant Barton's various judicial decisions and contends that he was engaged in "ex parte communications with USFBOT/GTLAW lawyers." *Id.* Plaintiff's Second Amended Complaint does not contain any details of these alleged communications, so it is unclear what, if any, claim this advances. Plaintiff asserts that Defendant Chief Judge Ficarrotta improperly allowed "unauthorized judges to interfere in the Plaintiff's case, including recused Judge Rice, Holder, and Judge Barton." (Doc. 27 at 40).

Finally, Plaintiff alleges that Defendant Judge Rice threatened and intimidated her during a courtroom proceeding when Judge Rice "ordered a law officer to stand over the back of Ms. DeBose while she sat and presented oral arguments." According to Plaintiff, Judge Rice also, "intentionally ordered the deputy to stand extremely close

to Ms. DeBose so that the Plaintiff would sense his presence and his weapon." Plaintiff contends that "Judge Rice's intent to intimidate Ms. DeBose and threaten her with gun violence was transferred to the deputy and resulted in the unwanted touching off Ms. DeBose's back with the deputy's weapon and his unit." (Doc. 27 at 36).

## II.   STANDARD FOR MOTION TO DISMISS

In reviewing a motion to dismiss, the court must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 663 (2009).

## III.   RES JUDICATA AND COLLATERAL ESTOPPEL BAR PLAINTIFF'S CLAIMS

A.   Res judicata bars Plaintiffs claims against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer

The doctrine of res judicata precludes re-litigation of claims raised in earlier lawsuits. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "The party asserting res judicata must establish four elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3)

both cases involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Lobo v. Celebrity Cruises, Inc.,* 704 F. 3d 892 (11th Cir. 2013). This well-settled precept extends to all claims arising from the purported facts, whether or not they were the exact ones raised previously. "[R]es judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts." *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x. 767, 771 (11th Cir. 2015) (*quoting Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993).

In determining whether prior orders or decisions made by other courts should have a preclusive effect, a court can take judicial notice of these related court cases. *Kinard v. Centurion of Fla., LLC,* 319-CV-490-J-34, 2020 WL 3542650 (M.D. Fla. June 30, 2020). Plaintiff has litigated these same claims or claims that arise out of the same set of facts in the following cases: *DeBose v. USF Bd. Of Trustees, et al* Case No. 8:15-cv-02787-VMC-AEP; *DeBose v. USF Bd. Of Trustees, et al* Case No. 8:19-cv-01132-JSM-AEP; *DeBose v. USFBOT* Case No. 17-CA-001652; and *DeBose v. USF Bd. Of Trustees, et al* Case No. 19-CA-004473.  The Court can and should take judicial notice of the cases to evaluate issues of preclusion. *See* Composite Ex. A. The decisions in these cases were rendered by the United States District Court, Middle District of Florida and the Thirteenth Judicial Circuit.

In Case No. 8:15-cv-02787-VMC-AEP, Plaintiff's claims arose from the termination of her employment at USF and subsequent alleged destruction of

documents related to that employment. This case was dismissed with prejudice. A final judgment in favor of the Defendants was entered on February 14, 2019.

In Case No. 8:19-cv-01132-JSM-AEP, Plaintiff's claims arose from the termination of her employment at USF and subsequent alleged destruction of documents related to that employment. This case sought relief from judgment in Case No. 8:15-cv-02787-VMC-AEP. The case was dismissed on May 16, 2019,

In Case No. 17-CA-001652, Plaintiff's claims arose from the termination of her employment at USF and subsequent alleged destruction of documents related to that employment. The case was dismissed with prejudice. A final judgment in favor of the Defendants was entered on July 22, 2020.

In Case No. 19-CA-004473, Plaintiff's claims alleging fraud on the court, fraud, fraudulent misrepresentation, and fraudulent concealment arose from the termination of her employment at USF and subsequent alleged destruction of documents related to that employment. This case was dismissed with prejudice. A final judgment in favor of the Defendants was entered on July 13, 2020.

Plaintiff has litigated the claims brought forth in the Second Amended Complaint numerous times in both state and federal court. She continues her attempt to re-litigate them in this Court. Res judicata bars these claims as it relates to the USF Defendants. Therefore, the claims should be dismissed with prejudice.

B.      Collateral estoppel bars Plaintiffs claims against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer ("USF Defendants")

Collateral estoppel, or issue preclusion, bars the re-litigation of issues of fact or law that were actually litigated and decided in a prior suit. *CSX Transp., Inc. v. Bhd. of Maint. Of Way Emps.,* 327 F. 3d 1309, 1317 (11th Cir. 2003). "A party seeking to apply this doctrine must establish: (1) the issue at stake is identical to one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior litigation." *Tampa Bay Water v. HDR Eng'g, Inc.,* 731 F.3d at 1180 (11th Cir. 2013).

These four prongs have been met in this case and dismissal of all claims in the Second Amended Complaint against the USF Defendants is warranted. Specifically, the Plaintiff's claims in the instant case are identical to the claims in her prior cases. The issue of the alleged improper termination of her employment and the related purported destruction of and failure to produce documents associated with that was litigated in the prior cases. Plaintiff herself references several of the previous cases in her Second Amended Complaint. The determination of Plaintiff's termination of her employment and purported destruction of records was a critical and necessary part of the judgment in the prior cases. Plaintiff had multiple opportunities in the prior cases to litigate these issues fully and fairly. As argued above, the Court can and should take judicial notice of the cases for purposes of evaluating preclusion. *See* Composite Ex. A. Plaintiff's allegations in the Second Amended Complaint that the USF Defendants intentionally interfered in her employment contracts and failed to pay litigations costs

associated with prior lawsuits is a glaring example of her attempts to re-litigate the exact same issues that she had a full and fair opportunity to do in the related cases. Plaintiff claims against the USF Defendants should be dismissed with prejudice as they are barred by collateral estoppel.

## IV.   PLAINTIFF'S ACTION AGAINST THIRTEENTH JUDICIAL CIRCUIT AND JUDGES ("JUDICIAL DEFENDANTS") IS BARRED BY JUDICIAL IMMUNITY

Judicial immunity is absolute "immunity from suit, not just from an assessment of damages." *Kalmanson v. Lockett,* 848 So. 2d 374, 378 (Fla. 5th DCA 2003), citing *Mireles v. Waco,* 502 U.S. 9, 11 (1991). The rationale for judicial immunity includes protecting the finality of judgments, discouraging inappropriate collateral attacks, and preserving judicial independence by insulating judges from lawsuits by unsatisfied litigants. *Forrester v. White,* 484 U.S. 219, 225 (1988); see also *Kalmanson* at 378; *Berry v. State,* 400 So.2d 80, 83 (Fla. 4th DCA 1981). Judicial immunity applies even in cases involving allegations of conspiracy, corruption, bad faith or malice. See *Mireles* at 11; *Harlow v. Fitzgerald,* 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome immunity); *Pondella Hall for Hire, Inc. v. Lamar,* 860 So. 2d 719 (Fla. 5th DCA 2004). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman,* 435 U.S. 349, 359 (1978).

In the instant case, Plaintiff charges the "Circuit Court", presumably via the Judicial Defendants, for violation of Plaintiff's Fourteenth Amendment right to equal

protection and due process, by "condoning, authorizing, ratifying, and perpetuating unlawful discrimination and retaliation against the Plaintiff…" (Doc. 27 at 68). Plaintiff further claims that the Judicial Defendants have "discriminately taken away [her] access to the courts and immediately dismissed her cases and claims, without any meaningful review." (Doc. 27 at 68-69).

"In determining whether a judge's act is "judicial" for purposes of immunity, we consider (1) whether the act is one normally performed by judges, and (2) whether the complaining party was dealing with the judge in his judicial capacity." *Stevens v. Osuna,* 877 F.3d 1293, 1304 (11th Cir. 2017).

Each claim raised by the Plaintiff regarding what the Judicial Defendants did describes an act normally performed by judges in court. Plaintiff complains that Defendants Holder and Barton issued orders "threatening to sanction the Plaintiff or hold her in contempt…" (Doc. 27 at 14).

Plaintiff takes issue with Defendant Rice allowing one of Plaintiff's cases to be "removed a second time, violating federal law." (Doc. 27 at 15). Plaintiff further complains that Defendant Rice refused to sanction an opposing party "to pay a monetary fine to the Plaintiff in Case 8:18-cv-00473-EAK-AAS that was federally authorized." (Doc. 27 at 16).  Plaintiff disagrees with Defendant Rice's decision which "denied Plaintiff's petition for a writ of mandamus in a public records case against USFBOT." (Doc. 27 at 33). She criticizes Defendant Rice for failing "to meet established timeframes of deadlines" in court proceedings. (Doc. 27 at 35). Plaintiff even objects to Defendant Rice's duty to maintain a secure courtroom. She complains

11

that Defendant Rice "ordered the deputy to stand extremely close to Ms. DeBose so that the Plaintiff would sense his presence and his weapon." (Doc. 27 at 35). Plaintiff takes exception to this normal courtroom function and somehow claims this was an attempt by Defendant Rice to "threaten [Plaintiff] with gun violence" and that this intent "was transferred to the deputy and resulted in the unwanted touching off Ms. DeBose's back with the deputy's weapon and his unit." (Doc. 27 at 36). All of Plaintiff's grievances lodged against Defendant Rice stem from judicial acts performed in her official judicial capacity.

Plaintiff disagrees with Defendant Chief Judge Ficarrotta's role in assigning her cases to the various Thirteenth Judicial Circuit Judges who eventually made decisions on her state court cases. She complains that Defendant Ficarrotta did not take steps to assign her a "neutral, impartial judge who could perform his/her ministerial duties." (Doc. 27 at 36). Plaintiff instead accuses Defendant Ficarrotta of "allowing Ms. DeBose's cases to languish, to her irreparable harm, to benefit USFBOT/GTLAW." *Id.* Again, this falls into the category of a judicial act, albeit one with which Plaintiff disagrees.

Plaintiff further gripes about Defendant Holder's rulings in her state court cases, upset that he "intentionally, unlawfully, or fraudulently denied pending motions and dismissed the Plaintiff's cases." (Doc. 27 at 37). She denounces Defendant Holder for performing what is a clear judicial act when "Judge Holder quashed a non-party subpoena issued to the State Attorney's Office at the request of Mr. McCrea and Ms. Kimberly P. Hindman, Chief Assistant." (Doc. 27 at 38).  Plaintiff contends that

because Defendant Holder, then an active sitting circuit court judge, conducted hearings for the assigned judge who was on medical leave, that Defendant Holder did not have jurisdiction to enter any orders in Plaintiff's cases. *Id.* Plaintiff makes wildly unfounded conclusory statements that Defendant Holder "interfered as a personal favor to Mr. McCrea before [Defendant Holder's] retirement." (Doc. 27 at 38). Plaintiff provides no facts regarding this allegation in her Second Amended Complaint. All of Plaintiff's grievances lodged at Defendant Holder stem from judicial acts performed in his official judicial capacity.

Plaintiff charges that Defendant Barton, who was a retired circuit judge presiding over some of her hearings, "improperly intervened in Case No. 25-CA-005663" while her assigned judge was on leave. (Doc. 27 at 39). Again Plaintiff, lodges unfounded conclusory accusations that Defendant Barton improperly interfered at Mr. McCrea's solicitation. *Id.* The Second Amended Complaint provides no facts regarding this contention. Plaintiff takes issues with Defendant Barton issuing an "unconstitutional order, demanding that Plaintiff Show Cause as to why she should be allowed to represent herself and file pleadings…" (Doc. 27 at 39). All of Plaintiff's grievances lodged against Defendant Barton stem from judicial acts performed in his official judicial capacity and satisfy the first prong of absolute judicial immunity.

"The second prong requires us to construe the scope of the judge's jurisdiction in an extremely broad fashion." *Kalmanson*, 848 So. 2d at 379. Plaintiff's Complaint is replete with the conclusory allegations that Judicial Defendants acted within their individual capacities regarding the various wrongs they are alleged to have committed.

13

Each of Plaintiffs' claims against the Judicial Defendants arise either at a court hearing presided over by one of the Judicial Defendants or by a ruling or judgment entered by a Judicial Defendant. Each allegation raised by Plaintiffs against Judicial Defendants fall within the scope of the judge's jurisdiction and are acts within the Judicial Defendants judicial capacity. *See also Mireles v. Waco,* 502 U.S. 9, 12 (1991) (holding that judge was judicially immune from suit for allegedly ordering policy to bring attorney before court by using excessive force); *Dykes v. Hosemann,* 776 F.2d 942, 943 (11th Cir. 1985) (holding that a judge was immune from liability in a civil rights suit filed by mother seeking damages in connection with the judge's granting of petition with respect to mother's child, even though judge, in ruling on petition, had acted without personal jurisdiction over mother).

Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Judicial immunity applies to this action, thus, Plaintiff's claims against Judicial Defendants warrant dismissal with prejudice, as amendment would be futile. See *William B. Cashion Nevada Spendthrift Tr. v. Vance,* 552 Fed.Appx. 884, 885 (11th Cir. 2014) (per curiam) (affirming dismissal with prejudice of § 1983 claim based on judicial immunity).

## V.    PLAINTIFF'S ACTION AGAINST THIRTEENTH JUDICIAL CIRCUIT AND JUDGES IS BARRED BY ELEVENTH AMENDMENT IMMUNITY

"The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity."

14

*Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation,* 49 F.3d 1490, 1502 (11th Cir. 1995), *quoting Lassiter v. Alabama A & M University,* 3 F.3d 1482, 1485 (11th Cir.1993). Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the state waives the immunity and consents to be sued. *Carr v. City of Florence, Alabama,* 916 F.2d 1521, 1524-25 (11th Cir.1990). The Eleventh Amendment bars suits against employees or officers sued in their official capacities for monetary damages, because those actions seek recovery from state funds. *See Kentucky v. Graham,* 473 U.S. 159, 165-168 (1985); *Hobbs v. Roberts,* 999 F.2d 1526, 1528 (11th Cir. 1993).

Congress did not abrogate states' Eleventh Amendment immunity in § 1983 suits. *See Quern v. Jordan,* 440 U.S. 332 (1979); *Zatler v. Wainwright,* 802 F.2d 397, 400 (11th Cir.1986). In the instant case, Plaintiff appears to sue the Judicial Defendants in their official capacities as judges for the State of Florida. She takes issue with their decisions, duties, and acts performed in their role as judges. As an example, she contends that the Judicial Defendants "failed to perform their ministerial duty to enforce Federal/Florida discovery law, public records law, court issued subpoenas, and its own court orders compelling production." (Doc. 27 at 17). She includes Defendant Ficarrotta, Chief Judge of the Thirteenth Judicial Circuit. His involvement is solely in his official capacity. The Second Amended Complaint contains no allegations that he even presided over any of her cases. For these reasons, Plaintiff's claims against the Judicial Defendants should be dismissed with prejudice.

## VI.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS

Although Plaintiffs, as pro se litigants, are held to a lesser standard when the court reviews the sufficiency of the complaint, they must "conform to procedural rules." *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002).   Plaintiff's Second Amended Complaint fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a).

A.   Plaintiff fails to state a cause of action for conversion (Counts I and VIII)

Plaintiff contends that Defendant USFBOT deprived her of "litigation costs taxed by clerk in violation of Federal Rule of Civil Procedure 54." (Doc. 27 at 42). She further alleges that Defendants Thirteenth Judicial Circuit, Rice, and Holder deprived her of her property interest in her dismissed state law cases. (Doc. 27 at 57-58). To state a claim for conversion, a plaintiff must show that the defendant exercised a positive, overt act or acts of dominion or authority over the money or property in question, which was inconsistent with and adverse to the rights of the true owner. *Orozco v. McCormick* 105, LLC, 276 So. 3d 932 (Fla. 3d 2019). Plaintiff fails to allege specific facts regarding how USFBOT is responsible for the deprivation of Plaintiff's litigation costs.   In fact, Plaintiff admits in the recitation of Count 1 of her Second Amended Complaint that the "Government has not ordered USFBOT to pay Ms. DeBose." (Doc. 27 at 44). Plaintiff is simply attempting to re-litigate her previous court cases in this new forum. Therefore, this conversion claim warrants dismissal.

Plaintiff provides no facts related to how the Judicial Defendants exercised dominion or control over her property interest sufficient to state a claim for conversion. The only facts alleged are that she suffered losses in the Thirteenth Judicial Circuit and these Judicial Defendants presided over those cases at one point or another. This conversion claim fails as Plaintiff has failed to state a cause of action.

B.   Plaintiff fails to state a cause of action for misuse of the legal process and procedure (Count IX)

Plaintiff accuses Defendants Thirteenth Judicial Circuit, USFBOT, Rice, Holder, and Ficarrotta of "misuse of the legal process and procedure in violation of the Florida law." (Doc. 27 at 60).  It is unclear under which specific legal theory she is proceeding in this Count. Plaintiff appears to be claiming an abuse of process on behalf of Defendants. However, Plaintiff does not provide any specific factual allegations regarding such abuse. She uses conclusory language such as "The Circuit Court misused the legal process and procedure solely for an improper ulterior purpose to dismiss Plaintiff's case against USFBOT" (Doc. 27 at 60) and "USFBOT's/GTLAW's lawyers and employees used ex parte communications, deal-making, and other corruption through backdoor channels to procure favorable judgments." (Doc. 27 at 60-61). Plaintiff has not provided any factual allegations to support her cause of action here. Her claims are speculative at best and therefore, this cause of action warrants dismissal.

C.   Plaintiff fails to state a cause of action for civil theft (Count X)

Plaintiff states a cause of action for civil theft against Defendants Thirteenth Judicial Circuit, Rice, and Holder. (Doc. 27 at 61). A claim for civil theft under Florida law requires the plaintiff to allege that the defendant (1) knowingly (2) obtained or used, or endeavored to obtain or use, plaintiff's property with (3) "felonious intent" (4) either temporarily or permanently to (a) deprive plaintiff of his right to or a benefit from the property, or (b) appropriate the property to defendant's own use or to the use of any person not entitled to the property. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009); *See also* § 772.11, Fla. Stat. (2020).

Plaintiff fails to provide any facts regarding the elements required to state a claim for civil theft. Her allegations are conclusory and speculative. She surmises that "The Circuit Court and Judge Ficarrotta misused the legal process and procedure in allowing Judge Rice to issue illegal, void orders following recusal, with felonious intent; to knowingly assign Judge Hinson who lack[ed] capacity or ability to carry out his ministerial duties; and to allow Judge Holder, to issue illegal, void orders, with felonious intent, when he was not assigned and did not have jurisdiction to issue orders in the case." (Doc. 27 at 61). Plaintiff's Second Amended Complaint is void of any specific facts that go to Defendants' intent or appropriation of the property to any one not entitled to it.  Once again, Plaintiff's only specific factual allegations are that she suffered losses in her state court cases and somehow this inexplicably infers intent on the part of the Judicial Defendants.  Plaintiff has failed to state a sufficient cause of action for civil theft. Therefore, this count warrants dismissal.

D.    Plaintiff fails to state a cause of action for civil assault and civil battery (Counts XI and XII)

Plaintiff claims that Defendants Thirteenth Judicial Circuit and Rice committed civil assault and civil battery against her. (Doc. 27 at 62-63).  Plaintiff contends that during a court proceeding, Defendant Rice "ordered a law officer to stand over the back of Ms. DeBose while she sat and presented oral arguments." According to Plaintiff, Judge Rice also, "intentionally ordered the deputy to stand extremely close to Ms. DeBose so that the Plaintiff would sense his presence and his weapon." Plaintiff surmises that "Judge Rice's intent to intimidate Ms. DeBose and threaten her with gun violence was transferred to the deputy and resulted in the unwanted touching off Ms. DeBose's back with the deputy's weapon and his unit." (Doc. 27 at 36).  Plaintiff offers mere speculation as to Defendant Rice's intent, without offering any facts. Further, the Second Amended Complaint fails to include any details whatsoever as to the intent of the deputy sheriff that according to Plaintiff was the actual perpetrator. Since intent is required for both civil assault and civil battery, this is a fatal flaw to Plaintiff's claims.

The facts as stated in the Second Amended Complaint do not rise to the level of civil assault or civil battery. Rather, they simply describe a court proceeding. The counts for civil assault and civil battery should be dismissed for failure to properly state a cause of action.

E.    Plaintiff fails to state a cause of action for common law fraud, fraudulent concealment, or alternatively fraudulent misrepresentation (Count XIII[3])

---

[3] This is the first count labeled Count XIII.

Plaintiff's first Count XIII lays out several fraud-based theories against Defendants Thirteenth Judicial Circuit, Rice, and USFBOT. An action for fraud has a heightened pleading requirement. Rule 9(b) requires that in alleging fraud, the party must state the circumstances "with particularity." Fed. R. Civ. P. 9(b).

The Plaintiff fails to meet that burden in this case. She indicates "The Circuit Court and USFBOT/GTLAW lawyers acted with the intent to conceal, mislead, and deceive to induce Ms. DeBose's reliance upon the fraudulent misrepresentation of the Circuit Court." (Doc. 27 at 64). She complains that she did not get notice of a recusal in her state court case and takes issue with Defendants Thirteenth Judicial Circuit, Rice, and USFBOT for the lack of notice. *Id.* Plaintiff does not lay any factual basis for her claim that these allegations were based in fraud. Her statements are conclusory and speculative in nature. They certainly do not meet the heightened requirement for a fraud action. Therefore, this claim should be dismissed.

F.     Plaintiff fails to state a cause of action for RICO (Count XIII[4])

Plaintiff claims that this is an action for civil Racketeer Influenced and Corrupt Organizations Act (RICO) under Florida Statutes § 895.05 against Defendant Thirteenth Judicial Circuit. (Doc. 27 at 65). Plaintiff's sole basis for this count is her contention that Defendant Thirteenth Judicial Circuit "through Judge Rice's use of the U.S. mail to file an illegal order in the Plaintiff's case 15-CA-005663 herein, constitutes a violation of Florida's RICO Act…" (Doc. 27 at 65-66). "The four

---

[4] This is the second count labeled Count XIII

elements of civil RICO liability are (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000); *see also Lugo v. State*, 845 So. 2d 74, 97 (Fla. 2003). Plaintiff fails to plead the requisite facts for the elements required for civil RICO liability.

First, Plaintiff fails to properly allege the existence of an enterprise constituting the Defendant Thirteenth Judicial Circuit. According to Plaintiff, Defendant Thirteenth Judicial Circuit, Defendant Rice, USFBOT, and GTLAW "operate a judicial syndicate or enterprise to commit fraud upon the court(s)." (Doc. 27 at 66). Pursuant to Florida Statute 895.02(5), an enterprise is any group of individuals "associated in fact." "Further, the 'enterprise' is not the 'pattern of racketeering activity;' it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved...." *U.S. v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). Plaintiff fails to plead any facts as to the existence of an enterprise separate from the Defendant.

Second, Plaintiff fails to allege any conduct of racketeering activity with sufficient facts. Racketeering activity is defined as various state or federal crimes as listed by Florida Statute 895.02(8) and by 18 U.S.C. § 1961. "In order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997); *Rogers v. Nacchio*, 241 Fed. Appx. at 607. *See also Palm Beach County Envtl. Coal. v. Florida*, 651 F. Supp. 2d

1328, 1349 (S.D. Fla. 2009) (Holding that plaintiff's formulaic recitation of a few predicate acts incorporated into their complaint without putting forth any statements of fact in support, fails to state a cause of action for their RICO claim.).

Plaintiff appears to claim that Defendant Thirteenth Judicial Circuit acted through Defendant Rice "to use the mails or wires in furtherance of a scheme to defraud" when Defendant Rice allegedly used the U.S. mail to file "an illegal order." (Doc. 27 at 65). Plaintiff falls well short of the specificity required as discussed above. Therefore, the civil RICO count warrants dismissal.

G.   Plaintiff fails to state a cause of action for negligent supervision (labeled as vicarious liability-Count XIV)

Plaintiff avers that Defendants Thirteenth Judicial Circuit and USFBOT "had a duty to properly train and supervise its staff, both employed and contracted." (Doc. 27 at 67). This appears to be a cause of action under negligent supervision. "Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." *Garcia v. Duffy,* 492 So.2d 435, 438–39 (Fla. 2d DCA 1986)." The Second Amended Complaint is bare of any factual support for these allegations.   Plaintiff does not claim that Defendants USFBOT or Defendant Thirteenth Judicial Circuit became aware or should have become aware of an employee that would indicate unfitness or require further actions. Plaintiff improperly

makes only conclusory statements with no specifics that would support a cause of action for negligent supervision. This count should therefore be dismissed.

H.     **Plaintiff fails to state a cause of action for intentional infliction of emotional distress (Count XV)**

Plaintiff contends that all Defendants "acted intentionally to inflict emotional distress on the Plaintiff." (Doc. 27 at 68). She further states that "Defendants' conduct --using threats of sanction, contempt, and violence, towards the Plaintiff has been extreme and outrageous." *Id.* "In order to state a cause of action for intentional infliction of emotional distress in Florida, it must be shown that: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Williams v. Worldwide Flight SVCS., Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004). "Whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law, not a question of fact." *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. 2d DCA 2007). In the instant case, Plaintiff complains of her termination of employment, associated public records requests and subsequent losses in court. She fails to make any specific factual allegations of any outrageous conduct of Defendants sufficient to support a cause of action for IIED. Her IIED claim should be dismissed.

I.     **Plaintiff fails to state a cause of action for violation of equal protection and due process under 42 U.S.C. § 1983 (Count XVI)**

Plaintiff alleges that Defendant Thirteenth Judicial Circuit deprived her of "equal protection and due process." (Doc. 27 at 69). Plaintiff fails to state a proper

23

cause of action because the Thirteenth Judicial Circuit is not a person for purposes of bringing a § 1983 claim.

J.      Plaintiff fails to state a cause of action for civil conspiracy (Count XVII)

Plaintiff alleges that all Defendants "participated in a common design or scheme" and "coordinated or acted in concert together to accomplish an unlawful purpose or to do a lawful act by unlawful means." (Doc. 27 at 69). To state a cause of action for civil conspiracy under Florida law, a plaintiff must allege: "[1] an agreement between two or more parties, [2] to do an unlawful act or to do a lawful act by unlawful means, [3] the doing of some overt act in pursuance of the conspiracy, and [4] damage to plaintiff as a result of the acts done under the conspiracy." *Eagletech Comm., Inc. v. Bryn Mawr Inv. Grp., Inc.*, 79 So.3d 855, 863 (Fla. 4th DCA 2012). Plaintiff cannot rely on purely conclusory statements. *See Williams v. Fulton County Sch. Dist.*, 181 F. Supp. 3d 1089, 1148 (N.D. Ga. 2016) ("The mere allegation of an agreement, by itself, is conclusory."). Plaintiff fails to allege any facts as to the existence of an agreement. She merely rehashes her losses in court and repeats speculatory conclusory allegations without specifics. Therefore, this civil conspiracy claim warrants dismissal.

## Local Rule 3.01(g) Certification

The undersigned certifies that she conferred with Plaintiff via email regarding the relief sought by this motion and Plaintiff stated her objection to the motion.

**WHEREFORE**, Defendants respectfully move this Honorable Court for dismissal of Plaintiff's Second Amended Complaint (Doc. 27) and to grant any such other relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/Ivy Pereira Rollins
Ivy Pereira Rollins
Senior Assistant Attorney General
Florida Bar No. 144770
Office of the Attorney General
Concourse Center IV
3507 E. Frontage Road, Suite 150
Tampa, Florida 33607
T- (813) 233-2880; F – (813) 281-1859
Ivy.Rollins@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to those persons capable of receiving such notice of electronic filing. I further certify that a true and correct copy of the foregoing document was sent by First-Class U.S. Mail to Plaintiff, *pro se*, Angela DeBose, 1107 W. Kirby Street, Tampa, Florida 33604.

/s/Ivy Pereira Rollins
Ivy Pereira Rollins
Senior Assistant Attorney General