## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANGELA DEBOSE,**

   **Plaintiff,**

v.                                    **CASE NO. 8:21-cv-02127-SDM-AAS**

**THE UNITED STATES,**
**THE THIRTEENTH JUDICIAL**
**STATE COURT, et al.,**

   **Defendants.**
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' THIRTEENTH JUDICIAL CIRCUIT, BARTON, FICARROTTA, RICE, HOLDER, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, SOLIS, DOSAL, WILCOX, AND PALMER'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Angela DeBose responds in opposition to the December 12, 2021 motion filed by Defendants' Thirteenth Judicial Circuit, Barton, Ficarrotta, Rice, Holder, University of South Florida Board of Trustees, Solis, Dosal, Wilcox, and Palmer's Motion to Dismiss Plaintiff's Second Amended Complaint, (Doc. 50). Plaintiff states as follows:

### PROCEDURAL HISTORY

Plaintiff filed her original complaint on September 7, 2021, (Doc. 1). Pursuant to the Court's September 14, 2021 Order, (Doc. 5) striking the Complaint, Plaintiff filed an Amended Complaint, (Doc. 11), on September 20, 2021. On September 30, 2021, Plaintiff filed her Second Amended Complaint, (Doc. 13). On October 5, 2021, the Court issued an Order, (Doc. 16), striking the Second Amended Complaint as unauthorized on the ground that Plaintiff was required to request leave to amend. On October 12, 2021, Plaintiff filed a motion for leave of the Court to file her Second Amended Complaint, (Doc. 17). On October 29, 2021, the Court issued an Order,

(Doc. 24), granting Plaintiff leave to file her Second Amended Complaint.   The Court subsequently granted two motions of the Defendants for extensions of time to answer/respond to the Plaintiff's Second Amended Complaint.  Plaintiff agreed to the extensions on the basis that the Defendants would stipulate to additional time for Plaintiff to file a response of not less than 30 days. The Defendants filed a motion to dismiss the Plaintiff's Second Amended Complaint, (Doc. 50) on December 21, 2021.  On January 12, 2021, Plaintiff filed a motion for leave of the court to file a Third Amended Complaint, (Doc. 53).  There are pending matters to deny judicial notice of Defendants' Notice of Related Cases and for hearing/oral argument.

## STANDARD OF REVIEW

A court may exercise this power "to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (quotation marks omitted). This power is "unlock[ed]" only upon a finding of bad faith. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "A finding of bad faith is warranted where," among other things, "a frivolous argument" is "knowingly or recklessly raise[d]." *Id.* (quotation marks omitted).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).  A Rule 12(c) motion for judgment on the pleadings is analyzed under the same standard as a 12(b)(6) motion to dismiss for failure to state a claim. *Hawthorne v.*

*Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Although the defense may be resolved through a motion for summary judgment, a court may only grant a Rule 12(b)(6) or 12(c) motion "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera,* 292 F.3d 695, 700 (11th Cir. 2002). The notice requirement is strictly applied. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972). It is clearly the law in this circuit that whenever a district judge converts a 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside the pleadings the judge *must* give to all parties ten-days notice that he is so converting the motion. *Prop. Mgmt. Invs. v. Lewis*, 752 F.2d 599 (11th Cir. 1985); *Herron v. Beck,* 693 F.2d 125, 126 (11th Cir. 1982).

## ARGUMENT

## I. RES JUDICATA AND COLLATERAL ESTOPPEL DO NOT BAR PLAINTIFF'S CLAIMS. THE DEFENSES ARE IMPROPERLY RAISED IN THE DEFENDANTS' MOTION TO DISMISS. RULE 12(b).

The Defendants argue (paragraph III, ¶ a, pg. 6) of their MTD that res judicata bars the Plaintiff's claims against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer. The Defendants argue that if the Court were to take judicial notice of the following cases, the Court would find that the Plaintiff litigated the same claims in the instant case in these prior cases: *DeBose v. USF Bd. Of Trustees, et al* Case No. 8:15-cv-02787-VMC-AEP; *DeBose v. USF Bd. Of Trustees, et al* Case No. 8:19-cv-01132-JSM-AEP; *DeBose v. USFBOT* Case No. 17-CA-001652; and *DeBose v. USF Bd. Of Trustees, et al* Case No. 19-CA-004473. The Defendants also assert that Collateral estoppel bars Plaintiffs claims against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer ("USF Defendants").

### A. Res Judicata does not bar the Plaintiff's action against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer

Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 99 S.Ct. 2205, 2209 (1979) (Tab 1) (citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). The elements of Federal claim preclusion are: (1) there must have been a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the prior action must have involved the same parties or their privies; and (4) the prior action must have involved the same claim. *Ragsdale v. Rubbermaid*, Inc., 193 F.3d 1235 (11th Cir. 1999). MOORE'S FEDERAL PRACTICE § 131.01, at 131-11 (hereinafter, "Moore's"). Similarly, under Florida law, the four identities must be present for the doctrine of res judicata to apply: (1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the parties and (4) identity of the quality in the person for or against whom the claims are made. *Johnson v. Young*, 964 So. 2d 719, 721 (Fla. 3d DCA 2007).

1. **It is not proper for USFBOT to raise a res judicata defense in its motion to dismiss in 17-CA-001652 and 19-CA-004473.**

Florida law recognizes that res judicata is not appropriately raised as a defense in a motion to dismiss unless the grounds for dismissal appear on the face of the complaint. *See* Fla. R. Civ. P. 1.110(d) (Affirmative Defenses) and Rule 1.140(b) (limiting the defenses that may be raised by such motion to lack of personal or subject matter jurisdiction, improper venue, insufficiency of process or service of process, failure to state a cause of action, and failure to join indispensable parties). *See also Swinney v. City of Tampa*, 707 So. 2d 765 (Fla. 2d DCA 1998); *Lowery v. Lowery*, 654 So. 2d 1218 (Fla. 2d DCA 1995). The defense is only appropriately raised in a motion to dismiss if "the complaint affirmatively and clearly shows the conclusive applicability of the defense," and it is not necessary to look outside the four corners of the complaint to see the

4

applicability of the defense. *Williams v. Gaffin Indus. Servs. Inc.*, 88 So. 3d 1027 (Fla. Dist. Ct. App. 2012); *Randles v. Moore*, 780 So. 2d 158, 159 (Fla. 2d DCA 2001).  It was improper for USFBOT to raise the defense in 17-CA-001652 and 19-CA-004473.

   **2. The defense did not appear on the face of the complaint(s).**

   Although Defendants USFBOT contended the face of the complaint demonstrated the applicability of the res judicata doctrine, there was no final judgment in any of the Plaintiff's cases when 17-CA-001652 was filed on February 21, 2017.  In 19-CA-004473, USFBOT's counsel again filed a frivolous pleading.  USFBOT knew or had reason to know that the action was filed based on 17-CA-002114; however, USFBOT's identified DeBose's *federal* discrimination case so that it could make the false argument that federal claim preclusion principles should be applied.

   **3. The final judgment is the byproduct of a four-corners rule violation and improper conversion of the motion to dismiss to one for summary judgment.**

   The fact is that any consideration of matters outside the four corners of the complaint was not appropriate at this stage in the proceedings. *See Ramos v. Mast*, 789 So. 2d 1226, 1227 (Fla. 4th DCA 2001). Proceedings on a motion to dismiss may not be substituted for proceedings at the summary judgment stage, the stage at which a motion to dismiss based on issue preclusion or claim preclusion would generally be appropriately raised, absent a facially insufficient complaint. *See Reyes ex rel. Barcenas v. Roush*, 99 So. 3d 586, 591 n.5 (Fla. 2d DCA 2012); *Zarra v. Burke*, 20 So. 3d 191, 191-92 (Fla. 2d DCA 2010). Judge Holder was not sitting in jurisdiction and certainly did not have subject matter jurisdiction.  His actions were illegal and did not have any discretion to rule.  If arguendo Judge Holder was authorized and actually conducted a review on the merits, he relied exclusively on Richard McCrea and the arguments and allegations of fact he made,  which did not appear from the face of DeBose's complaint(s)—committing a clear error of judgment. The Eleventh Circuit has held, "A [judge] abuses [his] discretion when [he] (1) fails to afford

consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc). A [judge] commits a clear error of judgment when [he] considers the proper factors but balances them unreasonably. See *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) ("[A]n abuse of discretion can occur . . . when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." (emphasis added) (quotation marks omitted)).  A [judge] should be reversed if there is a clear error of judgment. *United States v. Brown*, 415 F.3d 1257, 1264 (11th Cir. 2005).

### 4.  The Final Judgment is "void" and was not issued by a Court of Competent Jurisdiction

Elements (1) and (2) turn on the question of whether the court in 17-CA-001652 and 19-CA-004473 was a "court of competent jurisdiction."  A court of competent jurisdiction is a court with the power to adjudicate the case before it, Black's Law Dictionary 431, and a court's subject-matter jurisdiction defines its power to hear cases, see *Steel Co. v. Citizens for Better Environment*, 523 U. S. 83, 89. It follows that a court of competent jurisdiction is a court with a grant of subject-matter jurisdiction covering the case before it. This Court has understood that phrase as a reference to a court with an existing source of subject-matter jurisdiction. See, e.g., *Ex parte Phenix Ins. Co.*, 118 U. S. 610.

#### Judge Elizabeth G. Rice

It is an undisputed fact that Judge Rice ruled on the motion(s) to dismiss in 17-CA-001652 while her recusal or disqualification was pending, in violation of Florida Statutes section 38.10 and Florida Rule of Judicial Administration 2.160(f).  Statutorily, Judge Rice was prohibited from further proceedings and was required to immediately rule on the legal sufficiency of the motion

6

for disqualification.  *Fuster-Escalona v. Wisotsky*, 781 So.2d 1063, 1066 (Fla. 2000). If a motion to recuse is technically sufficient, and the facts alleged therein also "would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial from the judge," the motion is legally sufficient and should be granted. *Nunez v. Backman*, 645 So.2d 1063, 1064 (Fla. 4th DCA 1994). In such circumstance, the facts alleged are to be taken as true and their veracity should not be considered by the judge. *State Farm Mut. Auto. Ins. Co. v. Penland*, 668 So.2d 200, 204 (Fla. 4th DCA 1995).  When a motion to recuse should have been granted as legally sufficient, the order denying the Rule 3.850 motion must be vacated because it was entered after the motion to recuse was filed. *See Wisotsky* at 1066.  Judge Rice was recused and transferred to a different division. Judge Rice was not authorized to rule on the Defendants' motion to dismiss when she did.  Under 1.540(b)(4), the Florida counterpart to Rule 60(b), Judge Rice's order is void.  At the time the final judgments were issued in 17-CA-001652 and 19-CA-004473, Judge Rice had been recused and was replaced by Judge Carl C. Hinson.

        Judge Carl C. Hinson

        The Thirteenth Judicial Circuit held Judge Hinson out as the presiding judge over Circuit Civil, Division C.  The Plaintiff obtained evidence that shows Judge Hinson was last reported on the payroll in 2019.  The fact that Judge Hinson was no longer paid and employed with the Thirteenth Circuit at the time he was assigned to Division C on January 6, 2020, means that Judge Hinson never had jurisdiction over cases 17-CA-001652 or 19-CA-004473.  Judge Hinson never exercised jurisdiction in these two cases.  While orders were improperly entered in other cases with his stamp, even following his death, no orders were held out as having been issued by Judge Hinson in DeBose's cases. While Defendant James M. Barton signed his name on orders with Judge Hinson's stamp, as if he were Hinson, the Plaintiff's cases languished until Judge Holder's

interference.  The Plaintiff should have the opportunity to discover if Judge Holder interfered in any of Hinson's other cases.

Judge Gregory P. Holder

Judge Holder did not have personal or subject jurisdiction in Case Nos. 17-CA-001652 and 19-CA-004473; thus, Judge Holder's orders were void.  The Plaintiff obtained evidence through a third-party request for administrative records of the judicial branch in accordance with Florida Rule of Judicial Administration 2.420 and article I, section 24 of the Florida Constitution, which disclosed that Judge Holder did not have any special assignments in 2020 that authorized him to enter dispositive rulings or final judgments in DeBose's cases.  Furthermore, the Thirteenth Judicial Circuit did not issue any notice of Judge Rice's recusal, Judge Hinson's appointment, or any explanation for Judge Holder's interference, which was the circuit court's usual procedure/practice. Undoubtedly, findings of fact are reviewed for competent, substantial evidence under Florida law.  Even though a trial court's findings of fact are cloaked in a presumption of correctness, they are reviewed for whether they are supported by competent substantial evidence. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951); *Consol. Edison Co. v. Labor Bd.*, 305 U.S. 197,229 (1938).  Here, Judge's Holder did not have jurisdiction to enter any orders. This procedural defect was  tantamount to a lack of subject matter jurisdiction and the void orders should have been set aside or vacated by the Chief Judge. See Rule 1.540(b), Chapter 38.10, F.S., and also *United States v. Brown*, 415 F.3d 1264.

In sum, the court, Division C, was not competent but instead a "phantom" court used as a graveyard to bury cases and as a source for quid pro quo corruption.  Judge Hinson was held out as presiding over the cases for years when in fact he was seriously ill and potentially on hospice. Judge Hinson's office and bench was disgraced by the Defendants who used him to injure and

deprive the Plaintiff. Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In *Bulloch v. United States*, 763 F.2d 1115, 1121(10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted. The Defendant judges employed by, held out by, and contracted by the Thirteenth Judicial Circuit were corrupted and engaged in fraud on the court.

Differentiated Case Management ("DCM") Orders opening and setting the cases for trial is evidence against finality and the Defendants' affirmative defenses.

A Differentiated Case Management ("DCM") Order has (re)opened 17-CA-001652 and 19-CA-004473 and resulted in the assignment of a new judge, Mary Polo.  In 17-CA-001652, an order was issued on December 31, 2021 setting the case for trial.  Case No. 19-CA-004473 is expected to be set for trial as well.  This fact does not support the Defendants' contention of finality.

Case No. 8:19-cv-1132-JSM-AEP

Case No. 8:19-cv-1132 was dismissed *without prejudice*.  Under Rule 41(b)(5), a decision made "without prejudice" is not issue / claim preclusive.  In the case, the district court did not issue a summons to serve GTLAW a copy of the summons and the complaint.  Neither GTLAW nor USFBOT filed notice of appearance.  The district court immediately denied all motions filed by the Plaintiff.  Therefore, none of the parties were heard.  No final judgment or order was issued. The district court refused to certify the dismissal order as final and appealable.

Wherefore, the doctrine of res judicata is not applicable under Rule 41(b)(1) because of the jurisdictional defects in 17-CA-001652 and 41(b)(5) because of the dismissal without prejudice in 8:19-cv-1132-JSM-AEP. For that and other reasons, the judgment is void[1] and there is no claim preclusive effect.

### 5.  The prior action did not involve the same parties or their privies

Res judicata's third factor bar[s] a later suit between the same or identical parties in both suits. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).  In 17-CA-001652, the suit initially involved only USFBOT, with Greenberg Traurig, P.A. subsequently added by amendment.   In 19-CA-004473, the parties were Ellucian, L.P., Littler Mendelson, P.C., University of South Florida Board of Trustees, and Greenberg Traurig, P.A.  Notably, DeBose, Ellucian, Littler, and its parties/privies stipulated to voluntarily dismissal.  USFBOT, GTLAW, McCrea, and Solis are the Defendants in this action.  Case 8:19-cv-1132 was dismissed *without prejudice*.  The summons and complaint were never served on any party.  Thus, no defendants appeared. The instant case includes the following Defendants: the United States, the Thirteenth Judicial Circuit Court, Judge Ronald Ficarrotta, Judge Elizabeth G. Rice, Judge Gregory P. Holder, Judge James M. Barton, the University of South Florida Board of Trustees, Ralph Wilcox, Paul Dosal, Gerard Solis, Lois Palmer, Greenberg Traurig, P.A., and Richard McCrea.  The Defendants argue in a conclusory fashion that res judicata bars the Plaintiff's claims against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer.  Plaintiff contends the parties are not the same.

Palmer was not a party or a privy to the prior litigation.

While judgments are binding upon parties or privies,  Palmer was neither a party nor privy to any judgment rendered in the other actions. Furthermore, her privity must be affirmatively

---

[1] See Harvard Law Review, Vol. 56, page 1 et seq.

shown by the Defendants. *Johnson v. Powers*, 139 U.S. 156; *Litchfield v. Goodnow*, 123 U.S. 549.

"[T]he privity requirement assumes that the person in privity is so identified in interest with a party

to former litigation that [s]he represents precisely the same legal right in respect to the subject

matter involved." *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997).   There is a general rule

against the application of issue preclusion to nonparties to the prior litigation. *Taylor v. Sturgell*,

553 U.S. 880, 892-93 (2008).

USFBOT, Wilcox, and Dosal were losing parties of the verdict and the judgment on DeBose's disparate treatment discrimination claim.

Defendants appear to connect Wilcox and Dosal as parties or privies to the prior litigation,

perhaps 8:15-cv-2787-EAK-AEP specifically.   Wilcox and Dosal   were losing parties of the

verdict and the judgment on DeBose's disparate treatment discrimination claim.   The "same

decision" defense does not immunize them or USFBOT from liability.   Instead, the plaintiff may

potentially be entitled to declaratory or injunctive relief and may recover fees, or other relief.

The void orders in 19-CA-004473 and 17-CA-001652 do not have a claim preclusive effect on any of the USF Defendants.

Unlike Palmer, Solis was not a party or privy to the prior litigation referenced by the

Defendant, except 19-CA-004473.   "Many courts have stated the facile formula that the plea of res

judicata is available only when there is privity and mutuality of estoppel. (See cases cited in 2

Black, Judgments (2d. ed.), secs. 534, 548, 549; 1 Freeman, Judgments (5th ed.), secs. 407, 428;

35 Yale L.J. 607, 608; 34 C.J. 973, 988.) Under the requirement of privity, only parties to the

former judgment or their privies may take advantage of or be bound by it. ( Ibid.) A party in this

connection is one who is `directly interested in the subject matter, and had a right to make defense,

or to control the proceedings, and to appeal from the judgment.' (1 Greenleaf, Evidence (15th ed.),

sec. 523. See cases cited in 2 Black, Judgments (2d ed.)   In this sense, Solis was a party/privy in

19-CA-004473.   However, because the judgment in 19-CA-004473 is void, it does not have a preclusive effect.  A void judgment is a nullity from the beginning and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights."[2]  The law is well-settled that a void order or judgement is void even before reversal", *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348,41 S. Ct. 116 (1920). "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson v. Berry, 8 HOW.*, 945, 540 12 L. Ed. 1170, 1189 (1850). It has also been held that "It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside, It may be impeached in any action direct or, collateral.' *Holder v. Scott*, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.). A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", *Old Wayne Mut. L. Assoc. v. McDonough*, 204 U. S. 8,27 S. Ct. 236 (1907). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4),28 U.S.C.A., U.S.C.A. Const.  Judge Holder's void orders in 19-CA-004473 (or 17-CA-001652), now reopened, does not have a preclusive effect on this action against USFBOT, Solis, Palmer, Dosal, or Wilcox.

Wherefore, requirement (3) that the prior action must have involved the same parties or their privies, is not satisfied and does not preclude this action for the reasons set forth above.

---

[2] *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001), *Ex parte Spaulding*, 687 S.W.2d at 745 (Teague, J, concurring).

**6.  The prior action must have involved the same claim**

In the Eleventh Circuit, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *Trustmark lns. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002) (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 200 1)). To determine if the prior and present causes of action are ("the same" for purposes of res judicata, the Court's analysis centers on whether the actions arise "out of the same nucleus of operative fact or are based on the same factual predicate." *Davila*, 326 F.3d at 1187; see also *Trustmark*, 299 F.3d at 1271 (Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding."). Claims that could have been raised are claims in existence at the time the original complaint is filed. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1240 (11th Cir. 1999).

Here, DeBose filed suit in the instant case against the United States in an action brought under the Federal Tort Claims Act against federal and state officials that, as private persons, could not be liable to the Plaintiff under state tort law for the injuries alleged.  The primary purpose of the FTCA is to waive the federal government's sovereign immunity in civil actions for tort violations, granting district courts exclusive jurisdiction over those claims instead. The judgment bar operates like res judicata only when a court with jurisdiction under the FTCA issues a ruling on the merits that federal employees are protected from repeat litigation.  The Defendants again make the conclusory argument that the Plaintiff's claims were fully and fairly litigated in 8:19-cv-1132-JSM-AEP, 17-CA-001652, 19-CA-004473, and/or 8:15-cv-2787-EAK-AEP.   Rule 41(b) treats an involuntary dismissal as a judgment on the- merits unless the court specifies that it is without prejudice.  FED. R. CIV. P. 41(b). 8:19-cv-1132-JSM-AEP  was dismissed without prejudice.  In 17-CA-001652 and 19-CA-004473, Judge Holder was wholly without jurisdiction

and a trespasser. See Rule 41(b).  Under Federal law, which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities and are simply void. They constitute no justification; all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. Florida law holds the same. `When the judge acts illegally without the limits of his jurisdiction, he becomes a trespasser, and is liable in damages as such. *Beckham v. Cline*, 10 So. 2d 419 (Fla. 1942); see also *De Courcey v. Cox*, 94 Cal. 665, 30 P. 95; *Stuart v. Chapman*, 104 Me. 17, 70 A. 1069; *Manning v. Ketcham*, 6 Cir., 58 F.2d 948; *Brown v. Larimer*, 132 Kan. 81, 294 P. 906; *Harkness v. Hyde*, 31 Idaho 784, 176 P. 885; *McCarg v. Burr*, 186 N.Y. 467, 79 N.E. 715; *Hazen v. Creller*, 83 Vt. 460, 76 A. 145; *Heller v. Clarke*, 121 Wis. 71, 98 N.W. 952; and *Pomeranz v. Class*, 82 Colo. 173, 257 P. 1086. Fraud upon the court standing on a void judgment, is illegal. DeBose did not have a full and fair opportunity to litigate and was accorded no due process. In Case No. 8:15-cv-2787-EAK-AEP, the Defendants cannot point to a single order or judgment of over 500 orders and/or endorsed orders in the case that would have precluded Plaintiff's cases in 17-CA-001652, 19-CA-004473, or 8:19-cv-1132-JSM-AEP.  For res judicata to apply, the issue must in fact have been litigated and adjudicated. It is not enough that an opportunity was afforded in which the question might have been raised.  Defendants' view ignores the fact that they are obliged to look at the complaint and a judgment and the factual predicates to establish if the principle of res judicata applies.  See *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).

Wherefore, although the instant case shares some of the same underlying facts, requirement (4), the prior action must have involved the same claim, fails.  None of the four identities is satisfied. This action is not barred by res judicata against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer.

**B. Collateral Estoppel does not bar the Plaintiff's claims against the Defendants**.

The Defendants argue (paragraph III, ¶ b, pg. 8) that Collateral estoppel bars the Plaintiff's claims against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer ("USF Defendants"). In order for the doctrine of collateral estoppel to apply, an identical issue must be presented in a prior proceeding; the issue must have been a critical and necessary part of the prior determination; there must have been a full and fair opportunity to litigate that issue; the parties in the two proceedings must be identical; and the issues must have been actually and fully litigated and determined in a final decision of a court of competent jurisdiction. *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). Under Florida law, the following elements must be established before collateral estoppel may be invoked: 1.) the issue at stake must be identical to the one decided in the prior litigation; 2). the issue must have been actually litigated in the prior proceeding; 3.) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and 4.) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *In re Yanks,* 931 F.2d 42, 43 n. 1 (11th Cir.1991); *In re Halpern,* 810 F.2d 1061, 1064 (11th Cir.1987); *In re Scarfone,* 132 B.R. 470, 472 (Bankr. M.D.Fla.1991); *see also Mobil Oil Corp. v. Shevin,* 354 So. 2d 372, 374 (Fla.1977). The Plaintiff's arguments above express in great detail why there was not a full and fair opportunity to litigate, the parties in the proceedings are not identical, the final decision was void or non-existent, and the court was not one of competent jurisdiction. Therefore, the Plaintiff will focus her argument on the other elements.

<u>The issues are not identical to the issues actually decided by the prior court</u>.

The Defendants have stated that DeBose presented the matter of the destruction of her employment records in the prior cases and the fraudulent misrepresentation made by Wilcox in his

affidavit that USF stopped issuing contracts in 2005, etc.  The Defendants again make conclusory statements, but their arguments fail on the two important questions below which must be answered in the negative:

1.   **Is the issue identical to that actually decided by the prior court?**
2.   **Was the issue necessary to the earlier judgment?**

The issue(s) actually decided are not identical.

In Case No. 8:15-cv-2787-EAK-AEP, DeBose filed suit for unlawful discrimination and retaliation under Title VII of the 1964 Civil Rights Act.  DeBose also sued her employer for breach of contract.  In the instant suit, DeBose has filed suit against the Defendants for Conversion and/or Civil Theft of her property interests in her lawsuit concerning her employment contracts.  It is an undisputed fact that Wilcox lied in his affidavit that USF stopped issuing written employment contracts in 2005.  The district court in 8:15-cv-2787-EAK-AEP knew the matter of the employment contract was a material disputed fact.  Instead of reviewing DeBose's summary judgment evidence to prove the contract, the district court excluded the contract evidence.  A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." 477 U.S. at 251-52, 106 S. Ct. 2505. At DeBose's trial, the district court ordered DeBose not to make mention of nor reference her written employment contracts or their destruction by USFBOT through a third-party shredding company.  When DeBose prevailed and trial and obtained copies of the extended 2019 contracts of Wilcox and Dosal and presented them as evidence in support of her request for front pay following the December 11, 2018 front

16

pay hearing, the district court *ghosted* DeBose until February 14, 2019 when it disturbed a unanimous jury verdict and granted USFBOT's JMOL. A new trial should have been granted to avoid a miscarriage of justice. See *Beckman v. Mayo Found*, 804 F.2d 435, 439 (8th Cir. 1986) ("The district court can only disturb a jury verdict to prevent a miscarriage of justice."). DeBose never had a full or fair opportunity to litigate and adjudicate the issue. *See Gorin v. Osborne,* 756 F.2d 834, 837 (11th Cir.1985); *see also Sharpley v. Davis,* 786 F.2d 1109 (11th Cir.1986). The matter of USF's breach of contract is not the same issue of Wilcox's fraudulent misrepresentation or the district court's unlawful conversion. For example, the issue was not essential or necessary but collateral to DeBose's case in chief in her Title VII discrimination and retaliation case. Furthermore, the elements to prove the case/claims are different. It is a settled rule that, when the second suit is between the same parties but based upon a different cause of action from the first, the prior judgment will not serve as an estoppel except as to those issues actually litigated and determined. The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions. *Albrecht v. State,* 444 So. 2d 8, 12 (Fla.1984) (citations omitted) superseded by statute on other grounds, as stated in *Bowen v. Florida Dep't of Envtl. Regulation,* 448 So. 2d 566 (Fla.Dist.Ct.App.1984), approved and adopted, 472 So. 2d 460 (Fla. 1985).

The contravention of standards may warrant a further attempt to litigate prevent manifest injustice.

If there is contravention of constitutional or non-constitutional standards, a further attempt to litigate that claim or defense, or issues relating thereto, may be warranted. In other instances, an additional opportunity to be heard might be required by these standards, particularly in instances of manifest abuse of authority or manifest injustice; where allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or the judgment

was rendered by a court lacking capability to make an adequately informed determination of a question.  In 8:15-cv-2787-EAK-AEP, 17-CA-001652, 19-CA-004473, and 8:19-cv-1132 -JSM-AEP, the Plaintiff did not have a full and fair opportunity to litigate.  The manifest injustice exception was also triggered by the state government university, the law firms, and corrupted Judges who used illegal orders to cover-up the deprivation of due process to DeBose and their fraud upon the court.  See, e.g., *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 599 (1948); *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir. 1982); *Tipler v. E.I. duPont deNemours Co.*, 443 F.2d 125, 128 (6th Cir. 1971).

Under this official corruption and misuse of the legal process, collateral estoppel will not bar relief.  The doctrine of collateral estoppel or estoppel by judgment is not meant to create vested rights in decisions that have become obsolete or erroneous with time.  *Comm'r of Internal Revenue*, 333 U.S. 591, 592.  Instead, collateral estoppel must be used with its limitations carefully in mind so as to avoid injustice. *Id*., 333 U.S. 591, 599.

Wherefore, the Plaintiff's claims in this action are not barred against Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer for reasons of collateral estoppel or claim preclusion.

## II. THE PLAINTIFF'S ACTION AGAINST THIRTEENTH JUDICIAL CIRCUIT AND JUDGES IS NOT BARRED BY JUDICIAL IMMUNITY; THE DEFENSE IS IMPROPERLY RAISED IN THE DEFENDANTS' MOTION TO DISMISS. RULE 12(b).

The Defendants assert the judges have absolute immunity, (paragraph IV, pg. 10).  This argument is unpersuasive. First, a specific textual basis has not been considered a prerequisite to the recognition of immunity.  No provision expressly confers judicial immunity.  Yet the immunity of judges is well settled. See, e. g., *Bradley v. Fisher*, 13 Wall. 335 (1872); *Stump v. Sparkman*, 435 U.S. 349 (1978).  The rationale consistently given for affording the judiciary absolute immunity for acts done in their judicial capacity is "* * * to preserve the integrity and

18

independence of the judiciary and to ensure that judges will act upon their convictions free from the apprehensions of possible consequences.  The question in this case is whether the Judicial Defendants Ficarrotta, Rice, Holder, and Barton are shielded by the umbrella of absolute immunity afforded to members of the judiciary.  The case at bar is markedly different because providing the defendants with absolute immunity would directly threaten the effective and independent operation of the judiciary. The Judicial Defendants held Carl C. Hinson out as an active, employed judge of the Thirteenth Judicial Circuit when it was known by the Defendants or there was reason to know that Judge Hinson was unable to perform his duties due to disability and/or resignation. See § 38.12, F.S.  The Judicial Defendants held Hinson out as an active, employed judge of the Thirteenth Judicial Circuit when it was known by the Defendants or there was reason to know that Hinson was no longer on the payroll at some point in and after 2019 and was no longer a circuit judge.  The Judicial Defendants held Hinson and continued to issue orders using his digital signature and stamp, after Hinson's death.  Id.  The Judicial Defendants engaged in quid pro quo corruption and fraud, using Hinson absence to *color* judgment in some cases—here more specifically DeBose's.  In *Farish v. Smoot*, 58 So.2d 534 (Fla. 1952), the court held that a lack of personal jurisdiction over a party divests a judge of his immunity from suit. In *Farish*, the defendant, a West Palm Beach municipal judge, had allegedly ordered the arrest and imprisonment of the plaintiff notwithstanding the plaintiff's release from prison on a habeas corpus writ issued by the circuit court. In an action for false imprisonment the Supreme Court of Florida affirmed entry of a judgment for the plaintiff, holding that the defendant judge had neither subject matter nor personal jurisdiction and was therefore not entitled to any immunity for his actions. Id. at 537. *Farish*, however, does not hold that absence of personal jurisdiction over a party alone subjects a judge to liability, because the judge in that case acted without subject matter jurisdiction as well.

Indeed, the case is cited by Florida courts for the rule that absence of subject matter jurisdiction is required to divest a judge's immunity from suit. See *Rivello v. Cooper City*, 322 So. 2d 602, 607 (Fla. Dist. Ct. App. 1975).  As a preliminary matter, Hinson never had nor exercised jurisdiction. Ficarrotta never had personal or subject matter jurisdiction and potentially violated Fla. Stat § 838.022 – Official misconduct.  Florida courts have not made a distinction between judicial and ministerial actions by judges, therefore, in tort actions brought in Florida courts, judges currently enjoy absolute immunity from damages liability for acts performed in the course of their judicial capacities *unless such acts are undertaken with a clear absence or jurisdiction*. AGO 89-02. According to the advisory opinion, a determination of whether the actions of a chief judge are within the scope of his or her judicial responsibilities for purposes of payment of judgments by the Division of Risk Management must be made by the division on a case-by-case basis. Id.

     The Judicial Defendants Operated and Participated in a "*Sham*" Court.

Plaintiff contends the Chief Judges operation of a sham court exposes him, rather than immunizes him, for the payment of judgments. Rice lost any jurisdiction over the matter following her disqualification and subsequent recusal; the Plaintiff should be permitted discovery to learn the exact date this occurred.  Furthermore, there is no immunity for the fabrication of evidence and expert testimony, assault and battery and threatening Plaintiff with gun violence, failure to disqualify when the law requires, receipt of information about a case outside the presence of one party, abuse of contempt or sanctions, intentional delay in decision-making, and misconduct that the public would consider criminal behavior. Holder never had jurisdiction and was a trespasser. James M. Barton did not have personal or subject matter jurisdiction, though the Defendants contend that his retired judge status as authorized by the Florida Supreme, allowed him to convene "kangaroo court" in DeBose's public records case 15-CA-005663, where he ignored recognized

standards of law or justice, carried little or no official standing in the Thirteenth Judicial Circuit as a judge, and convened ad hoc hearings in anonymity where he failed to exercise legitimate judicial authority and disregarded the ethical obligations of a judge. Barton did not insure the title "judge" was not used in in hearings or in papers involved in litigation before them to designate a former or retired judge, knowing that it did not accurately describe his status in DeBose's cases.  For example, Barton signed his name over Hinson's signature stamp as though he was Hinson without indicating he signed on behalf of Hinson or himself.  This is tantamount to fraud.  In DeBose's public records case, he did not sign as Hinson or use Hinson's stamp.  Instead, he held his "judge" status out as pertinent to DeBose's petition for mandamus relief.  himself out as , a person's status at a time pertinent to the lawsuit.  Under § 25.073, F.S., the judge is assigned to temporary duty. Barton was not designated or assigned to DeBose's cases.  Barton did not have jurisdiction at any time in his temporary role.  No retired justice or judge shall perform judicial duties except when designated and assigned.  As a retired judge, Barton does not have a lifetime of absolute immunity. His temporary employment may not accord any immunity at all because his temporary duty status does not vest Barton with personal or subject matter jurisdiction.  Accordingly, the Plaintiff contends Barton is not immunized from suit where he committed non-judicial acts and abused any discretion accorded him as a former / retired judge.  Importantly, the presiding court itself under Judge Hinson never had jurisdiction.  It was a sham court.  Additionally, the statutory provisions of the Florida Torts Claims Act, § 768.28 provides  limited abrogation of Florida's immunity. Specifically, this section provides a waiver limited to traditional torts, i.e., to circumstances in which the state would be liable if it were a private person. judicial immunity protects judges from liability for monetary damages in civil court, for acts they perform pursuant to their judicial function. The U.S. Supreme Court has made clear that when judges perform judicial acts within

their jurisdiction, they are absolutely immune from money damages lawsuits. However, when judges act outside their judicial function to commit intentional torts, they do not have absolute immunity.

Wherefore, The Judicial Defendants acted outside their judicial function; their arguments to dismiss on this basis that they are immunized should be rejected.

## III. PLAINTIFF'S ACTION AGAINST THIRTEENTH JUDICIAL CIRCUIT AND JUDGES IS BARRED BY ELEVENTH AMENDMENT IMMUNITY; THE DEFENSE IS IMPROPERLY RAISED IN THE DEFENDANTS' MOTION TO DISMISS. RULE 12(b).

The Defendants allege (paragraph V, pg. 14) that the Plaintiff appears to be suing the Judicial Defendants in their official capacities as judges for the State of Florida because of their decisions, duties, and acts performed in their role as judges.  Perhaps, Defendants conveniently or intentionally misunderstand.  By declaring that "[t]he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like   circumstances,"   Fla.Stat.Ann.   § 768.28(5);   accord Fla.   Stat.Ann.   § 768.28(1), the Florida legislature gave a strong indication that it has waived immunity to intentional torts and negligence actions, though 768.28 does not expressly allow tort claims against Florida in federal court. See *Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990).   While state court immunity arises, and its contours are defined, in state court, issues regarding Eleventh Amendment immunity originate only in federal court. *See Hilton v. South Carolina Pub. Rys. Comm'n*, 502 U.S. 197, 204–05, 112 S.Ct. 560, 116 L.Ed.2d 560 (1991) ("the Eleventh Amendment does not apply in state courts") (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63–64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)); *Atascadero*, 473 U.S. at 238 n. 2, 105 S.Ct. 3142 (citing *Employees v. Missouri Dep't of Pub. Health and Welfare*, 411 U.S. 279, 293–94, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973) (Marshall, J., concurring)). See also *Huang v. Bd. of*

*Governors of the Univ. of North Carolina*, 902 F.2d 1134, 1139 (4th Cir.1990). Therefore, while state courts have ample opportunity to address issues of state court immunity in disposing of cases, state courts have no cause to address issues of the state's Eleventh Amendment immunity from suit in federal court. In contrast, federal courts routinely confront issues regarding a state's Eleventh Amendment immunity from suit in federal court. The courts have recognized two exceptions to eleventh amendment immunity. First, Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). Second, a state may waive its immunity expressly through legislative enactment. "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. " *Pennhurst State School Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Either one or both these exceptions apply in this case to Plaintiff's claims.[3] See, e.g., Meyers, 410 F.3d at 252-53 (concluding that state sovereign immunity is comprised of two separate and distinct kinds of immunity: immunity from suit and immunity from liability; that a State's "waiver of one does not affect its enjoyment of the other"; and that immunity from liability is not encompassed within a State's immunity from suit); Ramsey, 366 F.3d at 15 (stating, in dictum, that "a state may waive its immunity from substantive liability without waiving its immunity from suit in a federal forum").

Wherefore, the Thirteenth Judicial Circuit and Judges are not immune from suit by waiver and not immune from substantive liability for their torts by waiver under 768.28; Defendants' argument should be rejected.

---

[3] Congress has not abrogated eleventh amendment immunity in section 1983 cases. *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979).

## IV. PLAINTIFF'S SECOND AMENDED COMPLAINT MEETS THE REQUISITE PLEADING STANDARDS

Defendants argue that Plaintiff has failed to state a claim in its MTD, (paragraph VI, ¶¶ A-J, pg. 16).  Specifically, the Defendants allege that the Plaintiff's Second Amended Complaint fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a). Plaintiff's Second Amended Complaint has sufficient pleading and specificity in its allegations to provide facts to apprise the opposite party of what is meant to be proved and the necessary allegations of fact. It is not a shotgun pleading.   In order to withstand a 12(b)(6) motion, a pleading "must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Adinolfe v. United Tech. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Furthermore, a court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). This standard imposes an "exceedingly low" threshold for the nonmoving party to survive a motion to dismiss for failure to state a claim. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  Plaintiff's Second Amended Complaint goes well beyond Rule 8's General Pleading standards.  The complaint provides facts, details, and dates/times that go to the substance of the allegations.  Defendants also allege that Count XIII for common law fraud, fraudulent concealment, or fraudulent misrepresentation does not satisfy Rule 9(b)'s particularity requirement.   Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity."

24

The particularity requirement, however, must be read in conjunction with Federal Rule of Civil Procedure 8(a), which provides that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985)(stating that "a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading" found in Rule 8). Thus, to comply with Rules 8 and 9(b), "some indicia of reliability must be given in the complaint to support the allegation of fraud". *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002). To that end, the Plaintiff's Second Amended Complaint pleads facts as to time, place, and substance of the defendant's alleged fraud; specifies the details of the Defendants' allegedly fraudulent acts--when they occurred and who engaged in them. *Id*. at 1310.  If the specificity or particularity of the Plaintiff's allegations need to be sharpened, the complaint is capable of amendment and arguably would not be futile.  As previously noted, the Plaintiff has filed a Motion for Leave of the Court to file a proposed Third Amended Complaint.

## V. THE DEFENDANTS HAVE INAPPROPRIATELY ASKED THE COURT FOR OTHER RELIEF IN A MOTION TO DISMISS.

<u>Defendants have asked for an injunctive relief to prevent Plaintiff from filing litigation</u>.

The Defendants USFBOT, Solis, Dosal, Wilcox, and Palmer have adopted and incorporated by reference the arguments raised by GTLAW and McCrea in their MTD to Enjoin Plaintiff As A Vexatious Litigant And To Dismiss All Claims, (Doc. 30).  In response, Plaintiff incorporates by reference her Response, (Doc. 58), as it pertains to not only GTLAW and McCrea but also USFBOT, Solis, Dosal, Wilcox, and Palmer.

<u>Defendants have requested the Court to take judicial notice and convert the MTD to an MSJ</u>.

The Thirteenth Judicial Circuit, Judicial Defendants, and USF Defendants are asking the Court to take judicial notice.  Plaintiff has filed a motion to deny such notice, (Doc. 43) and a request for Oral Argument, (Doc. 49).  The Defendants are also asking the Court to convert the MTD to an MSJ.  A court may only grant a Rule 12(b)(6) or 12(c) motion "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." See *Horsley v. Rivera,* 292 F.3d at 700.  There are material facts in dispute concerning jurisdiction, Judge Hinson's status, Judge Rice's recusal and disqualification, whether Wilcox, Palmer, and Solis committed perjury.  The Court has not noticed the Plaintiff of such a conversion, and the notice requirement is strictly applied. *Carter v. Stanton,* 405 U.S. at 671.  Additionally, the *Eleventh Circuit* has stated, "the law in this *circuit* is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997).  Discovery in this case has been stayed.  Additionally, Plaintiff contends such conversion would be premature, given the pending motions, including her motion for leave to file her proposed Third Amended Complaint.  Furthermore, DeBose objects and opposes such conversion of the MTD and respectfully requests a hearing and oral argument on any judicially noticed facts and to present her opposition evidence, including affidavits, documents, exhibits, and depositions.  Additionally, in the event of such notice of conversion, DeBose respectfully requests leave to file a cross motion for summary judgment against these Defendants. Plaintiff's evidence includes the following attached documents:

> **EXHIBIT A** - Affidavits of Kim Caliendo, Private Investigator and Duwayne Anthony Smith, Former Detective, Tampa Police Department, and related evidence;

> **EXHIBIT B** – Barton signing orders as Judge Hinson after Hinson's death;

**EXHBIT C** – The use of Judge Hinson's signature on orders dated after his death

**EXHIBIT D** – DCM Order Setting 17-CA-001652 for trial

**EXHIBIT E** – Plaintiff's Affidavit and Evidence in Opposition to Dismissal

**EXHIBIT F** – Evidence filed in 17-CA-001652

**EXHIBIT G** – Evidence filed in 19-CA-004473

**EXHIBIT H** – GTLAW's MTD in 17-CA-001652 using same "go to" inapplicable affirmative defenses, contravening Florida law

**EXHIBIT I** – GTLAW's MTD in 19-CA-004473 using same "go to" inapplicable affirmative defenses, contravening Florida law

## CONCLUSION

**WHEREFORE**, Plaintiff's respectfully requests that the Court to Deny the Defendants' motion to dismiss Plaintiff's Second Amended Complaint and all claims against the USF Defendants and instead Grant Plaintiff's motion for leave to file her Third Amended Complaint; and Deny the Defendants' motion for "other relief" including the request to enjoin Plaintiff as a vexatious litigant; to consider matters outside the pleadings; and to convert Defendants' MTD to a MSJ; and to grant Plaintiff other relief as justice requires.

Respectfully submitted,

*/s/ Angela DeBose*
Angela DeBose

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January **<u>27th</u>**, 2022, a true and correct copy of the above and foregoing was filed electronically and will notify all parties of record.

/s/ *Angela DeBose*
Angela DeBose
1107 W. Kirby St.
Tampa, FL 33604
Telephone: (813) 923-6959
Email: awdebose@aol.com