UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.                                                 CASE NO. 8:21-cv-2127-SDM-AAS

THE UNITED STATES, et al.,

    Defendant.
_____/

**ORDER**

In this action, the latest engagement in a seven-year campaign, Angela DeBose, a lawyer who lost her *pro se* Title VII action against the University of South Florida, undertakes in this action to sue USF, members of the Board of Trustees, USF's lawyers in the Title VII action, the Thirteenth Judicial Circuit, the United States, and the state and federal judges who have denied DeBose relief in her eight actions against USF and others.[1] The defendants move (Docs. 30, 50, 64) to dismiss, and USF's lawyers move (Doc. 30) to enjoin DeBose as a vexatious litigant.

---

[1] (1) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-mc-18 (M.D. Fla.); (2) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.); (3) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.); (4) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 17-CA-1652 (Fla. 13th Cir. Ct.); (5) *DeBose v. Ellucian, LP*, No. 17-CA-2114 (Fla. 13th Cir. Ct.); (6) *DeBose v. Ellucian, LP*, No. 18-CA-893 (Fla. 13th Cir. Ct.); (7) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:19-cv-1132 (M.D. Fla.); (8) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-CA-4473 (Fla. 13th Cir. Ct.).

**BACKGROUND**

I.    <u>The Title VII action</u>

In 2015, DeBose, a lawyer admitted to practice law in Wisconsin,[2] sued USF and Ellucian, LP, a software consultant retained by USF, for discrimination and retaliation, among other claims. *DeBose v. USF Board of Trustees, et al.*, No. 8:15-cv-02787-VMC-AEP (M.D. Fla.). Throughout the action, DeBose, appearing *pro se*, repeatedly moved for sanctions and asserted that USF had destroyed certain employment documents. After much briefing and several hearings, an order (Doc. 144) denies DeBose's motion for sanctions and holds (1) that USF's destruction of the documents resulted from policy and revealed no bad faith and (2) that DeBose failed to show the importance of the destroyed documents to DeBose's burden of proof. The district court granted summary judgment for Ellucian on all claims and for USF on some claims.

A trial, over which Judge Kovachevich presided, occurred on DeBose's discrimination and retaliation claims against USF.[3] The evidence at trial showed the following. *See generally*, *DeBose v. USF Bd. of Trustees*, 811 Fed. Appx. 547 (11th Cir. 2020) (per curiam). In 2014, USF began receiving complaints about DeBose's professionalism and demeanor. In July 2014, DeBose, an African American woman,

---

[2] https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1101650; *see also DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-CV-2787-EAK-AEP, 2019 WL 3465730, at *1, n.1 (M.D. Fla. Feb. 14, 2019)

[3] After Judge Kovachevich's retirement, the clerk randomly assigned Judge Covington to the case.

- 2 -

filed with USF a discrimination complaint after DeBose's supervisor promoted an employee other than DeBose. In January 2015, DeBose filed a discrimination complaint with the EEOC. A month later, DeBose received a reprimand for calling a co-worker a "little girl." In April 2015, an Ellucian consultant met with DeBose to discuss the implementation of new software as part of the software development contract between USF and Ellucian. After the meeting, the Ellucian consultant reported to USF that DeBose was uncollaborative and resistant to change. USF decided not to renew DeBose's employment.

On DeBose's discrimination claim against USF, the jury found that race served as a "motivating factor" but found that USF would have fired DeBose regardless of race. On DeBose's retaliation claim, the jury found that USF had fired DeBose for complaining about discrimination and awarded DeBose $310,500. After the verdict, the district court granted USF's renewed motion for judgment as a matter of law.

DeBose appealed both the judgment and the denial of the motion for sanctions. The Eleventh Circuit affirmed in full and held that DeBose proffered neither evidence showing that her internal discrimination complaint caused her termination nor evidence rebutting USF's non-discriminatory reasons for termination. The Supreme Court denied certiorari. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, 141 S. Ct. 2518 (2021). Also, DeBose moved in the district court four times for relief from judgment and principally claimed spoliation and fraud. An order denied each motion. DeBose appealed, the Eleventh Circuit affirmed, *DeBose v. USF Bd. of Trs.*, 844

Fed. Appx. 99 (11th Cir. 2021), and the Supreme Court denied certiorari, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, 142 S. Ct. 80 (2021).

II.     The successive actions

During the pendency of the Title VII action and the appeal of the judgment, DeBose filed in state and federal court seven successive actions against USF, members of the USF Board of Trustees, USF's lawyers, and Ellucian. A brief description of each episode in this saga of redundancy follows.

On June 22, 2015, DeBose petitioned in the Thirteenth Judicial Circuit for a writ mandating that USF produce documents for use in the Title VII action. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.). After an evidentiary hearing, Circuit Judge Rice denied the (twice amended) petition.

On February 21, 2017, DeBose sued USF and USF's lawyers for, among other things, destroying documents allegedly critical to her Title VII action. *Angela DeBose v. Univ. of South Florida, et al.*, 17-CA-1652, (Fla. 13th Cir. Ct.). (Doc. 50-1 at 147–172) Circuit Judge Rice dismissed the action and held (1) that the litigation privilege bars the claims against USF's lawyers, (2) that Florida law recognizes no cause of action for spoliation, (3) that collateral estoppel bars the spoliation contention because DeBose litigated and lost her sanctions motion in the Title VII action, and (4) that *res judicata* bars DeBose's breach of contract and other claims as an attempt to re-litigate her claims against USF. (Doc. 50-1 at 174–175) Later, DeBose moved to amend the complaint and to strike USF's affirmative defenses. Circuit Judge Holder (the successor after re-assignment) denied the motion and observed that, among other things,

- 4 -

the proposed amended complaint "suffers the exact same fatal leg[a]l flaws as those within the Complaint and the Amended Complaint, now dismissed with prejudice." (Doc. 50-1 at 177–178)

On January 29, 2018, DeBose sued Ellucian in the Thirteenth Judicial Circuit and principally claimed that Ellucian defamed DeBose by remarking to USF that DeBose was uncollaborative and resistant to change. *DeBose v. Ellucian, L.P., et al.*, Case No. 18-CA-893 (Fla. 13th Cir. Ct.). The defendants removed, *DeBose v. Ellucian, LP et al.*, 8:19-cv-200-JSM-AEP (M.D. Fla.), and Judge Moody dismissed the action as barred by *res judicata* because the defamation and other claims arose from the same transaction and occurrence as the claims in the Title VII action for which Ellucian received judgment. DeBose appealed, and the Eleventh Circuit affirmed. *DeBose v. Ellucian Co.*, L.P., 802 Fed. Appx. 429 (11th Cir. 2019).

On April 29, 2019, DeBose again sued USF and USF's lawyers in the Thirteenth Judicial Circuit. This time, DeBose attempted to re-cast the spoliation allegation as constituting "fraud," triggering RICO liability, intentionally inflicting emotional distress, and violating the right to equal protection and due process. (Doc. 50-1 at 181) *DeBose v. Univ. of S. Fla. Bd. of Trs.*, No. 19-CA-4473 (Fla. 13th Cir. Ct.). Circuit Judge Holder dismissed the action and observed: "Having spent many hours reviewing the various pleadings and papers within [DeBose's earlier actions], the Court concludes that" the judgments in DeBose's earlier actions "absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." (Doc. 50-1 at 225–226)

On May 10, 2019, DeBose again sued USF and USF's counsel in the Middle District of Florida and this time attempted to re-cast the spoliation claim as either voiding or warranting relief from the judgment in the Title VII action. *DeBose v. Univ. of S. Fla. Bd. of Trs.*, 8:19-cv-01132-JSM-AEP (M.D. Fla.). In a May 16, 2019 order, Judge Moody construed DeBose's complaint as requesting relief from judgment under Rule 60(b), Federal Rules of Civil Procedure, and dismissed the action without prejudice to moving in the Title VII action for relief under Rule 60(b). DeBose moved three times to vacate Judge Moody's dismissal, each of which an order denied. More than a year after the dismissal, DeBose moved to "clarify" the dismissal and to "certify" the dismissal order as appealable. An order denied the motion.[4]

On July 25, 2022, after DeBose began this action, Circuit Judge Melissa M. Polo (the latest successor in the 2015 mandamus action) describes in detail DeBose's history of repetitive, wasteful, frivolous, and vexatious conduct in the Thirteenth Judicial Circuit and enjoins Angela DeBose "from filing further documents with this Court or with the Clerk unless the document is signed by a member in good standing of The Florida Bar." *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct. July 25, 2022) (Doc. 433). A copy Circuit Judge Polo's order is appended to this order.

---

[4] In other, ancillary actions against USF, the members of USF's Board of Trustees, and USF's counsel, DeBose demands the production of records and moves for preliminary equitable relief.

## DISCUSSION

Dissatisfied with the final judgment in USF's favor and the dismissal of her successive actions, DeBose in her second amended complaint (Doc. 27) sues the United States and Judge James S. Moody, Judge Elizabeth A. Kovachevich, Judge Virginia M. Covington, Judge Charlene E. Honeywell, and Magistrate Judge Anthony E. Porcelli; the Thirteenth Judicial Circuit and Judge Ronald Ficarrotta, Judge Elizabeth G. Rice, Judge Gregory P. Holder, and Judge James M. Barton; the USF Board of Trustees and trustees Ralph Wilcox, Paul Dosal, Gerard Solis, and Lois Palmer; and Greenberg Traurig, P.A., and Richard McCrea. This order resolves in turn DeBose's claims against each category of defendant.

I.     The judicial defendants

Putatively under the Federal Tort Claims Act, DeBose claims that the United States through Judge James S. Moody, Judge Elizabeth A. Kovachevich, Judge Virginia M. Covington, Judge Charlene E. Honeywell, and Magistrate Judge Anthony E. Porcelli "intentionally sought to cause injury to [DeBose] by engaging in acts of misconduct in office" and conspired "to facilitate [USF's] pattern or practice of institutional discrimination and systemic racism against black people." (Doc. 27 at ¶ 10) Although no count asserts a claim against a federal judge, the amended complaint identifies each judge as a defendant. (Doc. 27 at ¶¶ 13–17) Apparently, DeBose purports to recover from the United States the damages allegedly caused by the federal judges who ruled against DeBose.

Against Judge Moody, DeBose alleges — without any corroborating allegation of fact — that the promptness of the dismissal of DeBose's successive action to vacate the judgment in the Title VII action reveals an *ex parte* conspiracy among Judge Moody, Judge Porcelli, USF, and USF's counsel to "discuss[] and decide[]" the disposition of DeBose's complaint.  Also, against Judge Moody, DeBose alleges — without any corroborating allegation of fact — that the dismissal of DeBose's successive defamation action against Ellucian and the denial of DeBose's motion to remand reveals a conspiracy among Judge Moody, Judge Porcelli, USF's lawyers, and the state court judges to "block" DeBose from demonstrating another alleged conspiracy, specifically that Ellucian issued a negative report about DeBose solely to furnish USF with a pretext to fire DeBose.  (Doc. 27 ¶ 46)  Rather, Judge Moody's dismissal reveals the obvious: *res judicata* bars in a successive action a defamation claim arising from the same transaction and occurrence as the unsuccessful discrimination and retaliation claims.

Against Judge Kovachevich and against Judge Covington, assigned to the Title VII action after Judge Kovachevich's retirement, DeBose maintains — frivolously — that these judges refused to perform the "ministerial" duty to sanction USF for destroying documents allegedly critical to DeBose's Title VII claims.  Also, because the Eleventh Circuit dismissed for lack of jurisdiction DeBose's interlocutory appeal of one of the orders denying DeBose's motions for sanctions, DeBose accuses the

presiding judges of using "backdoor channels to influence the Eleventh Circuit to stop the appeal[s]."[5] (Doc. 27 ¶ 61)

Purportedly under Section 1983, DeBose claims — frivolously — that the Thirteenth Judicial Circuit and the judges presiding over her state-court actions failed to perform a "ministerial" duty and "exceeded jurisdiction" (1) by dismissing DeBose's actions as barred by *res judicata* and collateral estoppel, (2) by allegedly convening a "judicial conspiracy or racket" to assign judges favorable to USF, (3) by permitting parties to exercise their statutory right to removal, (4) by allegedly threatening DeBose with sanctions for vexatiousness, and (5) by allegedly failing to comply with the Florida Rules of Civil Procedure.

A judge is afforded absolute immunity for any "judicial act." *Stump v. Sparkman*, 435 U.S. 349 (1978). Although DeBose frivolously designates adverse decisions as the failure to discharge a "ministerial" duty, as "exceeding" each judge's "jurisdiction," or as void as a matter of law, a careful review of the record confirms that each act about which DeBose complains is quintessentially a judicial act for which each judge, state and federal, is immune from suit.[6]

---

[5] Also, against Judge Honeywell, DeBose complains about an order in a miscellaneous action, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 9:15-mc-18 (M.D. Fla.), denying DeBose's motion to re-open an action that DeBose had voluntarily dismissed four years earlier.

[6] Also, DeBose quibbles about case administration, case assignments, procedural matters, and rulings on motions to recuse, none of which, even if erroneously decided, conceivably deprives the presiding judge of judicial immunity or voids the judge's decision. Further, as Circuit Judge Polo aptly explains in footnote seven of her July 25, 2022 order (Ex. A), "[a]ll judges of a circuit court are authorized to exercise a circuit court's jurisdiction" even in a case to which the judge is not assigned.

The remedy for judicial error (and a review of the actions about which DeBose complains reveals not error but the just, speedy, inexpensive, and commendable management of an exasperating litigant) lies not in a suit against the presiding judge but in an appeal or in a motion for relief from judgment. Of course, DeBose, a lawyer, knows this: DeBose appealed the judgment in the Title VII action and lost, moved from relief from judgment and lost, and appealed again and lost. Nonetheless, DeBose endeavors frivolously to re-litigate the adverse judgment under the guise of a suit against each judge who received the random assignment of DeBose's successive actions. Each judge is entitled to absolute judicial immunity. And although DeBose nominally sues under the Federal Tort Claims Act, the absolute judicial immunity of federal judges defeats the claims against the United States. Similarly, absolute judicial immunity and sovereign immunity defeat DeBose's claims against the Thirteenth Judicial Circuit, an arm of the state. *Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts."); *Driessen v. 11th Judicial Circuit Court*, 522 Fed. Appx. 797 (11th Cir. 2013).

2. <u>USF and the trustees</u>

Against USF and several members of the USF Board of Trustees, DeBose complains about the alleged destruction of her employment records, the alleged "interference" with her employment contract, the alleged abuse of the "legal process," the alleged fraud and fraudulent concealment of records, and the alleged "intentional infliction of emotional distress." Each of these claims arises from the same transaction and occurrence: DeBose's termination and USF's destruction of allegedly

critical documents during the litigation. DeBose has already litigated to finality these contentions arising from the same transaction and occurrence. *DeBose v. USF Bd. of Trs.*, et al Case No. 8:15-cv-02787-VMC-AEP; *DeBose v. USF Bd. of Trs.*, et al Case No. 8:19-cv-01132-JSM-AEP; *DeBose v. USFBOT*, Case No. 17-CA-1652; and *DeBose v. USF Bd. of Trs.*, et al Case No. 19-CA-4473. Like Judge Holder, I "[h]av[e] spent many hours reviewing the various pleadings and papers within [the related actions]" and likewise conclude "that the grounds set forth within the Defendants' Motions are well taken and absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." (Doc. 50-1 at 225–226) DeBose presents no claim against USF or the members of the Board of Trustees not barred by *res judicata* or collateral estoppel. DeBose maintains, but presents no plausible allegation showing, that the earlier judgments are void or otherwise not entitled to preclusive effect. For these reasons and for others capably explained in the motion (Doc. 50) to dismiss, the claims against USF and the members of the Board of Trustees warrant dismissal.

3. <u>USF's lawyers</u>

Against USF's law firm and lawyers, DeBose claims that the adverse judgments in federal and state court resulted from the fraudulent concealment of evidence, the destruction of documents, and a conspiracy between the lawyers and federal and state judges. DeBose has asserted these claims against USF's lawyers in state court and each action was dismissed with prejudice. Also, DeBose's claims are barred by Florida's litigation privilege, which affords "absolute immunity for acts

occurring during the course of judicial proceedings." *Kodsi v. Branch Banking and Tr. Co.*, 15-CV-81053, 2018 WL 830117, at *3 (S.D. Fla. Feb. 12, 2018). The remedy for alleged lawyer misconduct (a study of the record reveals no misconduct by USF's lawyers) is a motion for sanctions. Of course, DeBose knows this: she moved for sanctions in the Title VII action and lost and appealed and lost. Nonetheless, DeBose frivolously attempts to re-litigate claims already dismissed as barred by *res judicata*, collateral estoppel, and the litigation privilege. DeBose maintains — but presents no plausible allegation showing — that these earlier judgments are void or otherwise not entitled to preclusive effect. For these reasons and others capably explained in the motion (Doc. 30) to dismiss, the claims against USF's lawyers warrant dismissal.[7]

## CONCLUSION

Perhaps DeBose is convinced that USF discriminated and retaliated against her. Perhaps DeBose is convinced that the district judge erred by entering judgment as a matter of law against her. Perhaps DeBose is convinced that the Eleventh

---

[7] Although barred by absolute judicial immunity, the litigation privilege, *res judicata*, and collateral estoppel, DeBose also fails to state a claim. The conversion claim, a misguided attempt to recast as the conversion of property the denial of her *pro se* motion for an attorney's fee and costs, among other things, is facially frivolous. The civil theft claims are similar. A claim for "assault" and "battery" cannot conceivably result from the mere proximity of law enforcement during state court proceedings. The fraud, misrepresentation, and concealment claims rely on no plausible allegation of fact (and satisfy no component of the particularity requirement under Rule 9(b)). The RICO claim identifies no enterprise, no racketeering activity, and no plausible predicate act. The negligent supervision claim is purely conclusory. The claim for intentional infliction of emotional distress identifies no "outrageous conduct" and describes acrimonious but ordinary litigation and an ordinary employment dispute. The civil conspiracy claim depends on conclusory allegations and includes no facts suggesting the remotest degree of plausibility. The 1983 claim, a misguided attempt to re-litigate as violative of "equal protection" matters decided by the state court, similarly fails.

Circuit erred by affirming the judgment against her.[8]  But DeBose received a fair process:  a civil action and trial conducted in conformity with the Federal Rules of Civil Procedure, federal statutes, and the United States Constitution.  DeBose received a result:  judgment as a matter of law in USF's favor.  DeBose received a fair opportunity to correct a (perceived) error in the result:  an appeal to the Eleventh Circuit and a petition for a writ of certiorari.  The Eleventh Circuit affirmed the result and the Supreme Court declined further review of the result.  This result binds DeBose.

After losing the Title VII action, DeBose has persisted in suing USF, the members of the Board of Trustees, USF's lawyers, and Ellucian.  DeBose lost each action on the merits, sued again, and lost each successive action as barred by *res judicata* and collateral estoppel, among other things.  Rather than acknowledge the finality of those judgments, DeBose has chosen resistance and disruption in the form of further actions that feature increasingly bizarre, uncorroborated, and fantastical allegations of conspiracy (such as the allegation that the federal judges of this district belong to "secret societies" including the "Elizabethan Order.").  (Doc. 27 ¶ 106)

DeBose's complaint — a burst of invective against the district court and state court judges, her litigation adversaries, and anyone else unfortunate enough to be ensnared by DeBose's misguided quest for re-instatement of the jury's verdict — demonstrates that DeBose, a lawyer admitted to the bar of the state of Wisconsin,

---

[8] Although I have no occasion in this posture to adjudicate the correctness of the judgments of the district court and the circuit court, I detect no error by either in my review of those actions or any other action by DeBose.

either fails to comprehend the fundamentals of litigation or, regardless of the fundamentals of litigation, chooses for whatever reason to wantonly vex her adversaries. Nothing in DeBose's conduct in her seven years of litigation against USF suggests that DeBose will accept the judgment in this action (or any other action) and refrain from contriving another litigation mechanism method to harass USF and other perceived adversaries.

"Three or four lawsuits over one employment relationship is enough." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002) (affirming a limiting injunction against a vexatious former employee). DeBose has filed nine. DeBose (1) demonstrates a history of filing duplicative and vexatious actions, (2) harbors no objectively good faith basis to prevail in these duplicative actions, and (3) has subjected USF, USF's lawyers, Ellucian LP, the Thirteenth Judicial Circuit, this court, and the much-distressed taxpayers, to needless expense. *See*, *Ray v. Loweder*, 5:02-cv-316-OC-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003) (Hodges, J.) (articulating factors). DeBose cannot perpetually file redundant, frivolous, and successive actions burdening her adversaries with legal expenses without cost or consequence to herself. In accord with the inherent authority of a federal court to prohibit conduct impairing "the ability to carry out Article III functions," *Procup v. Strickland*, 792 F. 2d 1073 (11th Cir. 1986) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261–62) (2d Cir. 1984)), the motion (Doc. 30) for a limiting injunction against DeBose is **GRANTED** as follows.

Angela DeBose is **ENJOINED** from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF, (2) about Ellucian, LP, (3) about any firm's or lawyer's representation of USF or Ellucian, LP, or (4) about DeBose's litigation against USF, the members of the Board of Trustees, USF's lawyers and Ellucian, LP.[9]  DeBose must not file such a paper without the signature of a lawyer admitted to The Florida Bar and the bar of the Middle District of Florida.  Nothing in this order prevents DeBose from filing an appeal in this action (or in any other action).

DeBose's motion (Doc. 77) to transfer is **DENIED** because DeBose presents no basis for venue in the District of Columbia other than the frivolous inclusion of the United States as a defendant.  DeBose's motion (Doc. 53) to supplement the amended complaint is **DENIED** for futility.  The motions (Docs. 30, 50, 64) to dismiss are **GRANTED**, and the action is **DISMISSED WITH PREJUDICE** as barred by *res judicata*, by collateral estoppel, by judicial immunity, by litigation immunity, and by sovereign immunity.  Also, the complaint fails to state a claim for the reasons

---

[9] (1) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-mc-18 (M.D. Fla.); (2) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.); (3) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.); (4) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 17- CA-1652 (Fla. 13th Cir. Ct.); (5) *DeBose v. Ellucian, LP*, No. 17-CA-2114 (Fla. 13th Cir. Ct.); (6) *DeBose v. Ellucian, LP*, No. 18-CA-893 (Fla. 13th Cir. Ct.); (7) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:19-cv-1132 (M.D. Fla.); (8) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-CA-4473 (Fla. 13th Cir. Ct.); and (9) this action.

explained in footnote seven and as explained by the defendants in the motions to dismiss.

DeBose's other motions — the motion (Doc. 42) to reconsider the stay of discovery, the motion (Doc. 43) to decline the "judicial notice" of DeBose's other actions, the motions (Doc. 57, 68) for default judgment against the United States, and the motion (Doc. 69) to strike the United States' motion to dismiss for lack of jurisdiction — are **DENIED**.  The clerk must (1) enter judgment of dismissal with prejudice, (2) terminate any remaining motion, (3) close the case, (4) file a copy of this order in 8:15-mc-18, 8:15-cv-2787, 8:19-cv-1132, and (5) mail a copy of this order to the Supreme Court of Wisconsin, Office of Lawyer Regulation 110 East Main Street, Suite 315 P.O. Box 1648 Madison, WI 53701-1648, for any action that the office finds appropriate.

ORDERED in Tampa, Florida, on September 12, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE