IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

ANGELA DEBOSE,
    Petitioner/Plaintiff,

v.

UNIFORM OF SOUTH
FLORIDA BOARD OF TRUSTEES,
GREENBERG TRAURIG, P.A., et al.,
    Respondents/Defendants.
_____/

CASE NOS.: 15-CA-5663
17-CA-1652
19-CA-4473

DIVISION: C

## INJUNCTIVE SANCTION ORDER
## AND
## DIRECTIONS TO THE CLERK

**THIS MATTER** is before the Court on its May 19, 2022 *Order to Show Cause* (Doc. 417)[1], which directed Petitioner/Plaintiff, ANGELA DEBOSE, (hereinafter "DeBose") to show cause why she should not be found to have engaged in frivolous litigation, or found to be subject to sanctions under Section 57.105, Florida Statutes, or found to be subject to sanctions under the Court's inherent authority to limit DeBose's *pro se* access to the courts. On June 5, 2022, DeBose filed her *Response to Order to Show Cause* (Doc. 427). Having considered DeBose's Response and the court files, the Court finds that DeBose has and continues to engage in frivolous litigation, and that sanctions are warranted under the Court's inherent authority.

### FINDINGS OF FACT

Case Number 15-CA-5663

On January 17, 2020, this Court entered a final, dispositive order denying DeBose's *Second Amended Petition for Writ of Mandamus*, and directed the Clerk to close the case file (Doc. 264). DeBose filed an appeal of this order on February 16, 2020 (Doc. 268). The appeal was docketed as case number 2D20-0594 in the Second District Court of Appeal (Doc. 272). While the appeal was pending, DeBose filed on May 18, 2020 a motion for relief from [the January 17, 2020] judgment (Doc. 301). The motion was denied with prejudice June 4, 2020 (Doc. 309). The same day, June 4, 2020, DeBose filed a motion to vacate (Doc. 310) the order denying her motion to vacate (Doc. 309). This motion to vacate (Doc. 310) was denied June 5, 2020 (Doc. 311). As evinced by an order of the District Court of Appeal (Doc. 312), DeBose unsuccessfully attempted to appeal, under the auspices of appellate case number 2D20-0594, the June 4, 2020 order denying motion to vacate. On June 20, 2020, DeBose filed a *second* motion for relief from judgment (Doc. 320).[2] On April 23, 2021, she

---

[1] This Doc. number is from the file for case number 15-CA-5663.

[2] Although Rule 1.540 motions are considered collateral, the circuit court lacked authority to entertain a motion for relief from judgment when the judgment from which DeBose sought relief was under review in the District

1 of 7

07/25/2022 09:29:26 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.   Page 1

sought a "time sensitive" hearing on the motion (Doc. 356). Then, on May 2, 2021, DeBose filed a self-styled motion (*Motion to Set Aside Protective Order, Recuse Presiding Judge Hinson Due to Resignation or Disability, Recuse Judge James Barton for Reasons Stated Herein, Vacate/Void All Prior Orders and Judgments, and Grant a New Trial*) seeking omnibus relief (Doc. 361). That motion (Doc. 361) was denied on May 7, 2021 (Doc. 362).[3] That same day, the presiding judge also issued an *Order to Show Cause* directing DeBose to show cause why she should not be barred from filing future *pro se* motions or pleadings based on her filing of spurious motions and appellate proceedings in cases 15-CA-5663, 17-CA-2114, and 19-CA-11407 that have delayed the administration of justice (Doc. 363).

On May 10, 2021, the District Court issued its mandate affirming the January 17, 2020 final judgment (Doc. 368). DeBose then attempted to seek review in the Florida Supreme Court (SC21-701); the Supreme Court dismissed it May 13, 2021 (Doc. 373). DeBose filed another motion to vacate or modify on June 1, 2021 (Doc. 372), reiterating the same issues she previously argued and that were previously denied. The court file reflects that DeBose simultaneously attempted to seek relief from the Chief Judge of the Circuit (Doc. 389).[4]

On July 17, 2021, DeBose filed a motion seeking sanctions against Respondent (Doc. 392). On July 29, 2021, Respondent filed a response to DeBose's motion for sanctions and filed a counter-motion for sanctions (Doc. 400). On October 20, 2021, this Court entered a comprehensive order granting Respondent's motion for sanctions and denying, *with prejudice*, DeBose's motion for modification or vacation of orders (Doc. 408). All pending or arguably pending motions filed by DeBose were disposed of by the October 20, 2021 Order and it advised DeBose that no further judicial labor would be provided in the case.

Thereafter, on April 20, 2022, DeBose filed a motion to vacate all orders for lack of jurisdiction and "new claim for independent action" (Doc. 410). On April 25, 2022, the motion was stricken and the clerk was again ordered to close the case file (Doc. 413). Moreover, the Order advised DeBose that should she violate this Court's directive by filing additional paper in this case, the Court would issue a show cause order or impose sanctions. A mere five days later, DeBose filed a motion to reopen the case (Doc. 414). The subject *Order to Show Cause* was issued on May 19, 2022 (Doc. 417).

---

Court of Appeal and where DeBose did not ask the appellate court to relinquish jurisdiction. *Glatstein v. Miami*, 391 So. 2d 297 (Fla. 3d DCA 1980).

[3] The order denies all pending motions to vacate not previously ruled upon including the one entitled "*Second Motion to Vacate*." (Doc. 362, ¶ 4).

[4] The court file reflects a June 24, 2021 letter from Assistant General Counsel Christopher Nauman which acknowledges receipt by Chief Judge Ronald Ficarrotta of a document entitled "Supplemental Brief and New Evidence to Support Motion for Modification and Vacation of Orders; Motion to Assign a New Judge; And Motion for New Trial." The letter advises that, as previously explained to DeBose in a May 18, 2021 letter, the chief judge does not possess investigative powers and cannot provide relief in an individual case; that such relief must be requested through a motion filed in the case. The letter further advised DeBose that cases assigned to Circuit Civil Divisions are not assigned to any one specific judge.

2 of 7

07/25/2022 09:29:26 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.   Page 2

Case Numbers 17-CA-1652 and 19-CA-4473[5]

In case 17-CA-1652, on July 13, 2020, the Court entered an order denying with prejudice DeBose's *Motion to Strike Affirmative Defenses and for Other Relief and Denying Plaintiff's Motion to File Second Amended Complaint with Prejudice* (Doc. 114). A final judgment against DeBose was entered on July 22, 2020 (Doc. 120). DeBose sought appellate review in case number 2D20-2455 (Doc. 128). While the appeal was pending, DeBose filed her first of many post-judgment motions, a motion for relief from the July 22, 2020 judgment, on August 22, 2020 (Doc. 133). On June 1, 2021, she filed a *Motion for Modification or Vacation of Orders* (Doc. 149). A *Supplemental Brief and New Evidence to Support Motion for Modification and Vacation of Orders; Motion to Assign a New Judge; and Motion for New Trial* was filed June 19, 2021 (Doc. 153). On May 21, 2021, the appellate court affirmed, with the Mandate issuing August 6, 2021 (Doc. 157).

After that, DeBose filed on September 12, 2021 a *Motion to Set Hearing Date on Plaintiff's Motion for Modification or Vacation of Orders and Motion for New Trial* (Doc. 158) and then on December 2, 2021, a *Motion to Set Case for Jury Trial* (Doc. 162). She continued to seek discovery from Defendants, filing a *Fourth Request for Production of Documents* (Doc. 164) on January 1, 2022, a *Second Motion to Compel the Production of Documents From Defendant University of South Florida Board of Trustees* (Doc. 169) filed February 1, 2022, and a *Request for Production of Documents from Defendant Greenberg Traurig, P.A.* (Doc. 170) filed February 6, 2022. Again, DeBose sought relief outside the case as reflected by the December 12, 2021 letter from her addressed to Judge Rex Barbas (Doc. 166).

In case 19-CA-4473, on July 13, 2020, the Court entered its *Order Granting Defendants' Motions to Dismiss Amended Complaint with Prejudice* (Doc. 121). A final judgment against Plaintiff was entered on July 21, 2020 (Doc. 127). Before the Court even entered the final judgment, DeBose filed a motion to vacate (Doc. 122). DeBose sought appellate review in case number 2D20-2532 (Doc. 137). On May 21, 2021, the appellate court affirmed, with the Mandate issuing August 6, 2021 (Doc. 158). Before the Mandate issued (but after the appellate court per curium affirmed the order on appeal), DeBose filed a *Motion for Modification or Vacation of Orders* on May 31, 2021 (Doc. 149). On June 19, 2021, she then filed a *Supplemental Brief and New Evidence to Support Motion for Modification and Vacation of Orders; Motion to Assign a New Judge; and Motion for New Trial* (Doc. 154). After the Mandate issued, DeBose filed a *Motion to Set Hearing Date on Plaintiff's Motion for Modification or Vacation of Orders and Motion for New Trial* on September 12, 2021 (Doc. 159) and a *Motion to Set Case for Jury Trial* on December 2, 2021 (Doc. 163).

In both cases 17-CA-1652 and 19-CA-4473, on April 1, 2022, the Court issued an *Order Denying All Pending Post-Judgment Motions and Directing Clerk of Court to Close Case File* (Doc. 177; Doc. 169).[6] In that Order, the Court explained that all of DeBose's claims in these two cases were dismissed with prejudice and the Second District Court of Appeal had affirmed those dismissals. The Court found that DeBose's numerous post-judgment motions sought successive review and/or

---

[5] The relevant procedural history for cases 17-CA-1652 and 19-CA-4473 is presented together because of its overlap.

[6] Where two Doc. numbers are provided, the first is from the 17-CA-1652 case and the second is from the 19-CA-4473 case.

failed to state facially sufficient bases for relief.[7] The Court denied all pending motions and directed DeBose not to file any further papers in these cases. Ten days later, DeBose filed another successive motion to vacate (Doc. 178; Doc. 170). On April 20, 2022, the Court denied that motion, directed the Clerk to close the two case files, and again directed DeBose to file no further papers in these two cases (Doc. 179). The Court further warned DeBose that if she again violated the Court's directive, the Court would issue an order to show cause.

DeBose then filed multiple different papers in her cases. A motion to disqualify the undersigned was filed on May 1, 2022, but only in case number 17-CA-1652 (Doc. 183).[8] That motion was denied on May 19, 2022 (Doc. 190). In the 19-CA-4473 case, on May 1, 2022, DeBose filed a *Motion for an Emergency Temporary Injunction or Temporary Injunction and Motion to Transfer the Case* (Doc. 173). Shortly after filing her motion to disqualify, on May 6, 2022, in case 17-CA-1652, DeBose also filed a motion to reopen and transfer the case (Doc. 185). Because DeBose filed new papers in violation of the Court's prior directives, the Court issued the May 19, 2022 Order to Show Cause in all three cases. Subsequent to the Court issuing its Order to Show Cause, DeBose filed a *Notice of Interlocutory Appeal* (Doc. 187; Doc. 176) on May 21, 2022 in the Second District Court of Appeal, which was docketed as case number 2D22-1666. On May 28, 2022, DeBose filed in this Court a *Motion for a Stay Pending Appeal* (Doc. 200; Doc. 184), which was denied on June 14, 2022 (Doc. 202; Doc. 186).

On June 5, 2022, DeBose filed her *Response to Order to Show Cause*. On June 22, 2022, the Second District Court of Appeal granted Appellee, University of South Florida's motion to dismiss and dismissed the appeal as from a nonfinal, nonappealable order (Doc. 204; Doc. 187).[9] That same day, DeBose filed in this Court, but only in case 17-CA-1652, a *Motion for Leave to File Third Amended Complaint* (Doc. 203). Thereafter, the appellate court in case 2D22-1666 then denied DeBose's motion for sanctions on July 1, 2022 (Doc. 205; Doc. 188), as well as denied her motion for reconsideration on July 15, 2022 (Doc. 206; Doc. 189). In appellate case number 2D20-2532 (the

---

[7] Among her many post-judgment motions, the premier argument DeBose advanced was that multiple judges presided over her pending cases which she claimed resulted in a lack of due process. Owing to unfortunate circumstances, multiple authorized and qualified judges presided over DeBose's cases. DeBose argued that those judges lacked *jurisdiction* to enter orders in her cases during the period of incapacity of the judge assigned to the division. DeBose is mistaken. All judges of a circuit court are authorized to exercise a circuit court's jurisdiction. *See In re: Guardianship of Bentley*, 342 So.2d 1045, 1046 (Fla. 4th DCA 1977). But "for efficiency in administration, the Circuit Court is frequently divided into divisions, with each division handling certain types of cases." *Id.* at 1046–47; s*ee also Allen v. Bridge,* 427 So. 2d 249, 250 (Fla. 4th DCA 1983). Put another way, it is the *court,* not the particular judges of the court, which has jurisdiction over a case. *Allen,* 427 So. 2d at 250. Litigants have no right to have, or not have, any particular judge of a court hear their cause. *Id.* There is no due process right to be heard before any assignment or reassignment of a case to a particular judge. *Id.* at 251. The assignment of and coverage by judges of divisions other than their own is a matter of internal court policy and judicial administration. A litigant does not have standing to enforce internal court policy. *Id.* at 251. This was explained to DeBose both orally at hearings and in writing.

[8] For reasons unknown, DeBose filed the actual motion to disqualify only in case 17-CA-1652. Yet, in cases 15-CA-5663 and 19-CA-4473, she filed a *Notice to the Clerk of Plaintiff Filing Motion to Recuse Presiding Judge*, not the actual motion to disqualify (Doc. 416; Doc. 174).

[9] In that order, the Second District Court of Appeal also cautioned DeBose that further filing of frivolous appeals or petitions may result in the issuance of an order to show cause why DeBose should not be sanctioned.

4 of 7

07/25/2022 09:29:26 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.    Page 4

appeal from the final judgment in 19-CA-4473), on July 20, 2022, the Second District Court of Appeal also issued an order striking as unauthorized DeBose's motion for reconsideration (Doc. 190).

## CONCLUSIONS OF LAW

"It is well-settled that courts have the inherent authority and duty to limit abuses of judicial process by pro se litigants." *Ardis v. Ardis,* 130 So. 3d 791, 792 (Fla. 1st DCA 2014) (quoting *Golden v. Buss,* 60 So. 3d 461, 462 (Fla. 1st DCA 2011)); *see also Sibley v. Fla. Judicial Qualifications Comm'n,* 973 So. 2d 425 (Fla. 2006). A litigant abuses the right to self-represented access to the court by filing repetitious and frivolous pleadings, thereby diminishing the courts' ability to devote their finite resources to the consideration of legitimate claims. *Ardis,* 130 So. 3d at 793, (citing *Rivera v. State,* 728 So. 2d 1165, 1165 (Fla. 1998); *Attwood v. Singletary,* 661 So. 2d 1216, 1216 (Fla. 1995)). Such abuse of process is evinced by a pattern of filing baseless pleadings. *Id.* When the court has identified a pattern of abuse of the judicial system, it has the inherent authority to sanction the abusive litigant in the interest of fair and just allocation of judicial resources and to protect the rights of others' access to timely review of legitimate controversies. *Sibley,* 973 So. 2d at 426; *Golden v. Buss,* 60 So. 3d 461, 462 (Fla. 1st DCA 2011).

The Court first finds that it has provided DeBose ample notice and an opportunity to respond. *See Bolton v. SE Prop. Holdings, LLC*, 127 So. 3d 746 (Fla. 1st DCA 2013). As the Thirteenth Judicial Circuit Court Administrative Order S-2017-038 aptly points out, "[c]ourts have the inherent authority to prohibit the deliberate and continual filing of frivolous actions that demonstrate an egregious abuse of the judicial process and ultimately interfere with the timely administration of justice." *See id.*; *see also Delgado v. Hearn*, 805 So. 2d 1017 (Fla. 2d DCA 2001); *see State v. Spencer*, 751 So. 2d 47 (Fla. 1999). Upon careful consideration, the Court finds that DeBose has egregiously abused the judicial process by filing voluminous and frivolous documents in these three cases, and by repeatedly attempting to improperly seek relief through administrative channels.

DeBose's pattern of filing, as outlined in detail herein, shows that she will continue to file a high volume of repetitious pleadings if not curtailed. DeBose has exhausted all available trial and appellate court proceedings on the substantive matters in these three cases. She has had her day in court and has been afforded the due process to which she is entitled. Subsequent to the entry of final judgments, DeBose has filed many motions and documents in an apparent effort to prolong the finality of these cases. DeBose's arguments seek successive review and/or fail to state facially sufficient bases for relief. She has been advised, multiple times, that her allegations lack merit and that they are not properly raised. She has been warned to stop filing papers in these closed cases. Yet, she persists. DeBose's filings have placed an unreasonable burden on this Court. Her filings and violation of court orders impede the fair and just allocation of judicial resources and impair the rights of other litigants to timely review of their legitimate filings. Additionally, DeBose strains other court resources by attempting to seek relief outside the confines of the cases. Her letters to the Chief Judge and Administrative Judge distract from their duties and caseloads. Although one explanation is understandable, DeBose was informed many times that judges have no authority over their fellow constitutional officers and that she must seek relief by motion filed in a case. The result of DeBose's prolific and meritless filings is an extreme waste of time and judicial resources at both the trial and appellate levels. This Court has now spent an unreasonable amount of time and effort on matters involving DeBose. Not only does this greatly prejudice the opposing parties who must expend countless hours and dollars to defend against her frivolous claims and repeated filings, it also unfairly distracts this Court's attention away from other cases and litigants who deserve their fair day in court.

5 of 7

07/25/2022 09:29:26 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.    Page 5

DeBose's actions have placed an unfair burden on this Court that reduces the time that should be spent on meritorious motions and cases.

These matters have been fully adjudicated and these cases must be closed. Yet, evidenced by her continued filings, if not curtailed, it appears DeBose will not stop engaging in frivolous and abusive litigation. Pro se litigants are held to the same standards as a reasonable attorney. DeBose does not hold herself to those standards. In order for this Court to do so, which will allow these matters to finally end, the Court finds that sanctions must be imposed. The Court finds that prohibiting DeBose from appearing pro se, and requiring any future papers be signed by a licensed attorney is not an unreasonable restraint on her access to the courts. *See Platel v. Maguire, Voorhis & Wells, P.A.*, 436 So. 2d 303, 304 (Fla. 5th DCA 1983) (explaining that "when one person, by his activities, upsets the normal procedure of the court so as to interfere with the causes of other litigants, it is necessary to exercise restraint upon that person" and finding that requirement that pleadings be accompanied by an attorney's signature does not amount to a complete denial of access).

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. ANGELA DEBOSE is hereby **PROHIBITED** from appearing before this Court as a plaintiff, defendant, petitioner, respondent, appellant or appellee, unless represented by a member in good standing of The Florida Bar.

2. ANGELA DEBOSE is **ENJOINED** from filing further documents with this Court or with the Clerk unless the document is signed by a member in good standing of The Florida Bar.

3. In accordance with Administrative Order S-2017-038, the Clerk of Court may (A) place any submissions received by ANGELA DEBOSE after entry of this injunctive sanction order into an inactive file; and (B) accept from ANGELA DEBOSE, file, and submit to the appellate court a notice of appeal. *See also G.W. v. Rushing*, 22 So. 3d 819 (Fla. 2d DCA 2009).

4. This Order shall apply to all of ANGELA DEBOSE's cases in this Court's Division C, as well as to any new action subsequently filed by ANGELA DEBOSE, regardless of what division of the Circuit Civil Division that new case would be assigned.

5. The Clerk of Court is **DIRECTED** to place a copy of this Order in case numbers 17-CA-1652 and 19-CA-4473 and then to **CLOSE** these three case files.

**DONE AND ORDERED** and effective as of the date imprinted below with the Judge's signature.

15-CA-005663 7/25/2022 9:29:24 AM

**MELISSA M. POLO,**
**Circuit Court Judge**

6 of 7

07/25/2022 09:29:26 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.    Page 6

*Electronically conformed copies furnished via JAWS to all parties/counsel properly associated to the case or added in JAWS to receive event notifications as of the date of this order.*

<u>Electronic Copy to:</u>
Chief Judge Ronald Ficarrotta
Clerk of the Court
Circuit Civil Judges

7 of 7

07/25/2022 09:29:26 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.                    Page 7