IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

      Plaintiff,

    v.                                        CASE NO. 8:21-cv-2127-SDM-AAS

THE UNITED STATES, et al.,

      Defendants.

_____/

**PLAINTIFF'S MOTION TO ALTER, AMEND OR
SET ASIDE ORDER AND JUDGMENT**

Pursuant to Federal Rule 59(e) and/or Rule 60(b), Plaintiff Angela DeBose moves the Court to alter/amend/set aside the September 12, 2022 Order with Prejudice, [81] and the September 13, 2022 Judgement, [82], dismissing her Federal Torts Claims Act ("FTCA") (28 U.S.C. § 2671, et seq.) and Florida Torts Claims Act (768.28 Fla. Stat. et al.) action for money damages. The Order must be set aside to correct clear legal error, prevent manifest injustice, and because of new evidence of misconduct. Additionally, Plaintiff moves the Court to vacate the Order for reasons provided in Section 455(a).

**I.  BACKGROUND**

On September 7, 2021, Plaintiff filed suit, [Doc. 1]. The Court dismissed the Second Amended Complaint ("SAC"), which includes claims for conversion, intentional interference with employment contracts, misuse of the legal process and procedure, civil theft, civil assault, civil battery, common law fraud, RICO violations, vicarious liability, intentional infliction of emotion distress, 1983 Equal Protection violations, and civil conspiracy, [Doc. 27]. Several months prior

to dismissal, Plaintiff moved for leave to file a Third Amended Complaint ("TAC"), [Doc. 53], with additional claims of hate crime and whistleblower protection.

## II. LEGAL STANDARD

Under the FTCA, the United States can be sued for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Florida.

## II. LEGAL ARGUMENT

Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Oliver v. Orange Co*., *Fla*., 456 F. App'x 815, 818 (11th Cir. 2012). Rule 60(b) lets a party "seek relief from a final judgment, and request reopening of h[er] case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A party must file a motion, which courts will grant "on just terms" for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  *Id.*  Plaintiff moves the Court

to alter, amend or set aside its Order, [81], and Judgment, [82], to correct clear legal error, the availability of new evidence of misconduct, and to prevent manifest injustice.

**1. The Court abused its discretion and committed clear legal error throughout the proceedings.**

    **A.** The Court committed clear legal error by not compelling Defendants Greenberg Traurig, P.A. and Richard McCrea to Answer following two successive motions to dismiss.

    Greenberg Traurig, P.A. ("GTLAW") and Richard McCrea ("McCrea") filed successive motions to dismiss ("MTD") Plaintiff's Second Amended on October 25, 2021 and November 16, 2021, [Docs. 18, 30]—which is strictly disallowed.  *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 321 (3d Cir. 2015) (finding that the district court erred when it considered a successive pre-answer motion to dismiss for failure to state a claim); *see also Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 703 (10th Cir. 2014) (suggesting the same); *English v. Dyke*, 23 F.3d 1086, 1090-91 (6th Cir. 1994) (suggesting the same).  Plaintiff moved the Court to compel GTLAW and McCrea to Answer Plaintiff's Third Amended Complaint ("TAC"), [Doc. 55], which had already been filed/proposed, [Doc. 54, ftn. 1, p. 4), and the other defendants had yet to file a response/answer.  A prospective executory order would have been efficient and not inequitable to offend Rule 60(b)(5), with the Court appropriately granting Plaintiff leave to file the TAC. Alternatively, the Court could have ordered GTLAW and McCrea to "Answer" the SAC, though less efficient.  Instead, the Court abused its discretion by disregarding the law to deny the Motion, [55] and not compelling GTLAW and McCrea to Answer.

    **B.** The Court abused and continued to abuse its discretion in granting an indefinite, immoderate stay of discovery and not issuing a case management scheduling order.

    On November 23, 2021, GTLAW and McCrea filed a motion to stay discovery, [Doc. 35]. Plaintiff timely filed opposition, [Doc. 36], on November 24, 2021.  On the same day, the Court granted a stay of discovery and the requirement to file a Case Management Report (CMR), [Doc.

37].  Plaintiff challenged, moving for reconsideration/clarification, [Doc. 49].  On the merits, the Court's stay was a substantial and ongoing abuse of discretion. The Defendants' motion was filed two days after the MTD.  The order barring discovery was indefinite in duration. The stay was immoderate because it was in place for nearly one (1) year and more more than 60 days, which is barred for any Title VII claims.[1]  The Court's Order, [37], staying discovery, while not a final judgment, is appealable as a collateral order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221 (1949), because it conclusively determined an important issue that is separate from the merits, and it cannot be effectively reviewed on appeal from final judgment. Alternatively, it is appealable under *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S. Ct. 927 (1983), because it kept DeBose "effectively out of court."  The Court issued no Case Management Order in violation of local Rule 3.02.  Important here is that the Court ordered the parties not to prepare a case management report that was in progress, as required on September 9, 2021, [Doc. 2].  The Court intentionally delayed requiring the CMR and Case Management Scheduling Order, until after a motion to dismiss was pending.  The Court willfully misapplied the law, with an eye towards Appellate review, knowing that the failure to issue the mandatory case management and scheduling order in DeBose's prior appeal had been 'winked' at by the Eleventh Circuit on grounds that a CMR was not yet prepared and there was a pending MTD.[2]

    **C.** <u>The Court committed clear error in not requiring the Defendants to meet their heavy burden to prove their affirmative defenses in declaring that Plaintiff's SAC was futile, particularly when Plaintiff's TAC and its supplemental claims demonstrated the complaint was capable of amendment and stated a claim upon which relief could be granted.</u>

---

[1] The Court Order discusses Plaintiff's prior Title VII action ad nauseam in its Order, [81].
[2] *See DeBose v. Ellucian Co.*, No. 19-11701 (11th Cir. Dec. 30, 2019).  No other case was found that made such distinctions to bypass the mandatory requirement for a case management scheduling order.

Plaintiff filed a motion for leave to amend to file her TAC, [Doc. 53], adding two supplemental claims for Hate Crime(s), [Doc. 73], and Whistleblower Retaliation, [Doc. 75]. The Court sought to create the appearance of futility at the onset by striking Plaintiff's complaints twice, [Orders, Docs. 5, 16].[3] Leave to amend is liberally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's prior amendments were (1) timely; (2) in good faith; (3) ordered by court; (4) curative of any defects, and (5) demonstrative to show the complaint, which contained no glaring defects, capable of amendment. In requesting to file a TAC, Plaintiff did not delay or prejudice any party. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (district court erred in not permitting amendment when there was no demonstrated prejudice). The Court erred and abused its discretion to grant leave to amend and in not requiring the Defendants to meet their heavy burden to declare and prove the SAC and TAC futile. Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Blount v. Blue Cross and Blue Shield of Fla., Inc.*, 2011 WL 672450 (M.D. Fla. Feb.17, 2011). The Court automatically accepted the Defendants' affirmative defenses as true.

---

[3] In the first strike, Plaintiff used Times New Roman 12-pt. font instead of a 14-pt. font in filing her original complaint that was subsequently corrected. In the second strike, the Court violated Rule 15, which provides that *once a responsive pleading has been filed*, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff amended at a time when no responsive pleadings had been filed, and the Court strickened the filing in error.

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  Plaintiff's SAC and TAC are plainly not frivolous. Plaintiff addresses the elements of each claim and explains how she has pleaded all of the requirements necessary to proceed.  The FTCA waives the sovereign immunity of the United States for certain acts or omissions by federal employees occurring within the scope of their employment.  The Court erred to review Plaintiff's FTCA action as the same as DeBose's same Title VII action or collateral, nonfinal orders concerning sanctions for discovery abuse. Additionally, Plaintiff filed substantial evidence of Defendants et al. unlawful conduct to disprove the Defendants' defenses. The Court has allowed Defendants to merely state that Plaintiff's claims are barred under the doctrine of … The Eleventh Circuit held that "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010).

**D.** <u>The Court violated Rule 201[e] in failing to hold Local Rule 3.01 Oral Argument and an Evidentiary Hearing on Defendants' request to take judicial notice of prior related cases, requiring Defendants to prove their affirmative defenses.</u>

Plaintiff filed a motion for miscellaneous relief, asking the Court to deny/strike the Defendants' covert requests for Judicial Notice, [Docs. 43, 49].  Additionally, Plaintiff filed motions for Local Rule 3.01(h) Oral Argument and an Evidentiary Hearing. Plaintiff had a right to be heard on the issue of under Rule 201[e].  The Court committed clear legal error in violating these Rules and not according to the Plaintiff, due process.

**E.** <u>The Court committed clear error in violating Rule 55(a) in failing to enter a default against the United States.</u>

Because Defendant United States did not answer Plaintiff's Second Amended Complaint, Plaintiff moved for entry of a default on January 22, 2022, [Doc. 57], and served notice of proof

of mail service on the United States, [Doc. 62].  On April 1, 2022, the United States filed a Memorandum, [Doc. 63], in opposition to entry of a default.  On April 6, 2022, the United States filed a Motion to Dismiss, [Doc. 64].  Plaintiff filed a Motion for Order to Show Cause Why the Default Should Not Be Entered, [Doc. 68], and Motion to Strike the United States late answer, [Doc. 69].  The United States responded in opposition, [Docs. 70, 72], to all pending matters by May 20, 2022.  Plaintiff followed procedure.  All pending matters were fully briefed.  However, the Court did not comply with the mandatory authority of Rule 55(a) and instead took no action. Federal Rule of Civil Procedure 55(a) allows entry of default against a party who has failed to plead or otherwise defend. "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for judicial proceedings, the court need make no other findings in denying relief." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).  Here, entry of default was warranted because the United States failed to answer or otherwise defend this action over the requisite time and notably for an exceedingly late period of approximately 120 days. (See Docs. 51, 52.)  An entry of default was the first step to Plaintiff obtaining a default judgment against the United States.  The Court committed clear error in violating the rule and thus did not hold any proceedings on the question of whether the entry of default could be set aside for "good cause" or on the damages Plaintiff claimed.

**F.**   The Court abused its discretion and committed manifest injustice in failing to order a §1404(a) proceeding on Plaintiff's motion to change / transfer venue.

On August 23, 2022, Plaintiff filed a Motion to Change Venue or Transfer the Case, [Doc. 77], due to changed circumstances and the fact that pretrial publicity and the pervasive bias shown by and for the Defendant employees of the Thirteenth Judicial Circuit State Court and the United States Middle District Court, Plaintiff's jurisdiction strongly favors venue elsewhere. *See*

*Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). Under Eleventh Circuit precedent, a party is entitled to a change of venue if she can demonstrate either "actual prejudice" or "presumed prejudice." *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (citing *Coleman*, 778 F.2d at 1490). To demonstrate "actual prejudice," a [party] must show that the fact finder entertained a biased or unfavorable opinion before trial and "could not put this prejudice aside and render a [decision] based solely on the evidence presented." *Mills* v. Singletary, 63 F.3d 999, 1009 (11th Cir. 1995)(quoting *De La Vega*, 913 F.2d at 864-65). Plaintiff's motion was based on the "actual prejudice" of the Court. Plaintiff followed the strict rules required for a change of venue.  The Plaintiff's choice of forum should have been accorded substantial weight in a §1404(a) proceeding. The timing of the motion was for good cause, in the absence of a case management scheduling order.

**G.** <u>The Court committed clear legal error in determining that res judicata bars Plaintiff's action, that Plaintiff is a "vexatious" litigant, and inferring that Plaintiff Pro Se is engaged in the unauthorized practice of law by contacting the Wisconsin Bar.</u>

The Court abused its discretion in dismissing Plaintiff's case based on relitigation. The Court failed to answer the threshold questions of (1) what claims in the SAC (or TAC) were already decided by a final order and against which Defendants to completely bar Plaintiff's FTCA action and (2) whether the federal or Florida doctrine of res judicata is to control.   GTLAW's and McCrea's MTDs were successive; they were required to Answer.  Entry of a default was required against the United States; its exceeding late response(s) were due to be stricken.  Immunity of the United States and the State is waived under the FTCA and the Florida FTCA for certain acts or omissions by employees occurring within the scope of their employment.  The identities of the parties, the thing sued for, and claims are not the same and there was no prior final judgment. Furthermore, under federal law, litigiousness alone (if present) is insufficient to support a finding

of vexatiousness. See *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The Court made its determination purely on the numbers or repetition, and this is error. The Plaintiff Pro Se is authorized under federal and Florida law to represent herself.  The general rule is that an individual may appear pro se and represent themselves in court. Fla. Stat. § 454.18.  Plaintiff is not a corporation.  This is not a probate matter.  Plaintiff's self-representation here does not constitute the unauthorized practice of law.  In order to determine whether an activity constitutes the unlicensed practice of law, a two-part analysis must be made. First, it must be determined whether the activity is the practice of law. The second question is whether the practice is authorized. If an activity is the practice of law but the activity is authorized, the activity is not the unlicensed practice of law and may be engaged in by a nonlawyer. *The Florida Bar v. Moses*, 380 So. 2d 412 (Fla. 1980). This Court committed clear error and a gross abuse of discretion in contacting the Wisconsin Bar.

**2.   The Plaintiff has New Evidence, in addition to substantial existing evidence, which requires the Order, [81], and Judgment, [82], to be set aside.**

A.  **Right to Sue Letter ("EXHIBIT-1")** issued by the EEOC in response to a complaint by Plaintiff against the University of South Florida ("USF") for continued retaliation, discrimination, and tortiously interfering with DeBose's present employment, in violation of Title VII. Plaintiff's **Public Records Request to Florida Polytechnic University ("EXHIBIT-2")** estimates a significant number of responsive records to DeBose's inquiry and search criteria. Plaintiff's EEOC Complaint details the continued retaliation over seven years since leaving USF and working at Florida Poly.  USF was served DeBose's EEOC complaint during September 1-7, 2022.  Florida Poly had been cooperative in providing responses to DeBose's prior public records request; however, this instance the overdue responses have not been provided.  Based on information and belief, USFBOT and its representatives have

9

contacted Florida Poly and the Court about Plaintiff's EEOC Complaint. Florida Poly is withholding the public records. The Court dismissed Plaintiff's case, determined Plaintiff a vexatious litigant, and enjoined her from filing any action against USFBOT in the United States Middle District Court based on Plaintiff' Title VII case. The evidence suggests that it is more probable than not that the Court issued the Order, [81], and Judgment, [82], to prevent further amendments/supplements in this action by DeBose and to obstruct justice by blocking DeBose from bringing litigation in the 90-day statutory period, with the clock starting from the date the EEOC issued the RTSL. Polo's order, issued and written by Defendants GTLAW and McCrea on behalf of All Defendants, DeBose is also prevented from filing a Florida Civil Rights Act ("FCRA") action, in the state court in her jurisdiction. This Court also tactically mentions Ellucian, L.P. in the Order, [81], perhaps to set up a future res judicata defense. DeBose's present FTCA action and EEOC complaint has nothing to do with Ellucian.[4] The Court's Order, [81], intends to influence, obstruct, or impede the due administration of justice.

B. **ABC Action News Story ("EXHIBIT-3")** containing statements from Ficarrotta that shows Carl C. Hinson, *deceased*, was held out by the Thirteenth Judicial Circuit Court as an active judge, keeping him on the payroll without making the required disclosures—giving the appearance or false impression that Hinson presided over Plaintiff's state court actions and over 1,600 others—while the cases languished and/or unassigned/unauthorized successor judges without jurisdiction to rule, intervened and entered unlawful, void orders under Hinson's signature/stamp.

C. **Articles of Recent Judicial Misconduct in Other States ("EXHIBIT-4")** to show the action taken by other jurisdictions to maintain public trust and confidence in the judiciary.

---

[4] DeBose and Ellucian signed a joint stipulation that was approved by the court(s) in all prior cases involving Ellucian.

D. **Fully executed contract between USFBOT and "Ellucian" containing compliance language concerning the Florida Public Records Act, ("EXHIBIT-5").** USFBOT had a nondelegable duty to provide this public record but impermissibly withheld it to procure favorable judgments against DeBose. It was feigned that the language only pertained to SCT and not Ellucian, though "SCT" is a former name or alias of Ellucian. It demonstrates that USFBOT not only violated the Florida Public Records Act, USFBOT and its representative committed civil and criminal misconduct in DeBose's cases.

E. **Subpoena to obtain the Transcript and Zoom Recording of the Status Conference Hearing with Polo, ("EXHIBIT-6").** The transcript and recording are public record. However, USFBOT, GTLAW, McCrea, and Thirteenth Judicial Circuit Court employees, representatives, and/or contractors have refused to provide them, though they had provided the transcript for purposes of appeal in the past, **(EXHIBIT-7)**. The record is not favorable to the Defendants and will show that Polo acted in a hostile, retaliatory manner after ABC Action new story where Plaintiff blew the whistle to publicly expose the corruption of the Thirteenth Judicial Circuit surrounding her cases against USFBOT. It also may show Ficarrotta was at the hearing off-camera. Plaintiff made a request for Ficarrotta's calendar that day from Gina Justice, Court Administration, and it contained an 'H' around the same time as Polo's status conference hearing. It is more probable than not that Ficarrotta was present. Based on information and belief, DeBose saw Ficarrotta in Polo's chambers at the end of the Zoom hearing, when the recording had presumably stopped.

**3. The Order contains several misstatements of important key facts.**

The Order, [81], makes it appear Elizabeth G. Rice ("Rice") legitimately issued orders in Plaintiff's state court actions. The fact is Rice was recused, **("EXHIBIT-8"),** sometime before

January 6, 2020 when she issued an order on January 17, 2020 denying DeBose mandamus relief. DeBose file in June 2015 when USF refused to provide emails and the contracts by and between USF and Ellucian. The Thirteenth Circuit refused to provide Plaintiff the documents to show the date of Rice's recusal. The Order, [81], states that Gregory P. Holder ("Holder") was assigned to DeBose state court actions and was authorized to enter order. Gina Justice, Court Administration, responded to a press inquiry concerning Holder's intervention in Plaintiff's state court actions. Justice responded that concerning DeBose's cases, that Holder had no such special assignment, **("EXHIBIT 9")**. The Order, [81], inaccurately states that DeBose represented herself throughout. DeBose was formerly represented by Charlotte Fernee Kelly, Esq. initially and James M. Thompson, Thompson Legal Center, LLC thereafter. These are just a few examples. The Court's narrative is faulty and contains many errors. It would seem that the Court did not review the pleadings and papers filed in the instant case.

## 4. DeBose discharged the Show Cause Order.

When accorded a hearing and the opportunity to be heard, Plaintiff discharged a "Show Cause". See new evidence provided, **(EXHIBIT-10)**. This Court, Polo, and trespasser Holder never accorded Plaintiff procedural due process, violating DeBose's Constitutional Rights. *See Zipperer v. City of Fort Myers*, 41 F.3d 619, 623 (11th Cir. 1995) ("Procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property or liberty interest.").

## 5. The Court was obligated to step aside under Section 455(a) to prevent manifest injustice.

A.    The Court contacted Judge Ryan T. Holte in Plaintiff's "takings" case, urging him to dismiss Plaintiff's action the same day that DeBose filed her original complaint on September 7, 2021.

B.     The Court attempted to impair the Original Complaint's Clock-in Date and Time Stamp, [Doc. 8], so that Judge Holte's late-after hours, after-the-fact Order/Final Judgment would appear to have been issued before the Plaintiff's Original Complaint was filed, to create a res judicata effect.

C.     The Court disregarded Plaintiff's Certificate of Interested Persons and 3.03(b) Certification where DeBose expresses awareness of conflicts or bases for recusal of the presiding judge, including his relationship with Ficarrotta; the presiding judge's recusal from Case No. 8:21-cv-21-SDM-CPT where Ficarrotta is also a party; and the presiding judge's relationship with Holte as members of the Federalist Society.

D.     The Court presided over a civil matter filed by Plaintiff's sister, LaShawn Washington, advocating canonical marriage and presenting the viewpoint expressed to her by William Rehnquist, Former Chief Justice of the United State Supreme Court, in a written communication.  The presiding judge withheld the pleading from the docket until his desired outcome of "mootness" was achieved.

28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a) (West Supp. 1990). Under 28 U.S.C.  455(b)(1), He shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a proceeding. *See also* 28 U.S.C. § 144 (addressing recusal upon motion by a litigant); CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 3 (2000) (imposing upon judges a duty to recuse themselves where, they are either partial or when their impartiality may reasonably be questioned). This test is highly personal in nature and requires each judge in such a situation to set aside emotion and thoughtfully examine his ability to impartially "administer

justice without respect to persons." 28 U.S.C. § 453. If he feels there is a risk of prejudice, it is incumbent on him to recuse himself from the case; failure to do so would amount to an abdication of duty and be in clear derogation of the solemn promise he made when he took his oath of office. This Court erred to not step aside and transfer the case.  It committed manifest injustice against DeBose and cloaked the Defendants' intentional torts, misconduct, and racism with an unclean robe.

### III.  CONCLUSION

WHEREFORE, Plaintiff asks the Court to vacate, set aside, or reopen its Order and Judgment dismissing Plaintiff's FTCA action, and other relief as justice requires.

**Dated this 21st day of September, 2022.**                    Respectfully submitted,

*/s/ Angela DeBose*
Angela DeBose


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **21st** day of September, 2022, the above and foregoing was filed with the Court, which will email all counsels of record.

*Angela DeBose*
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 230-3023
Email: awdebose@aol.com