UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

          Plaintiff,

v.

THE UNITED STATES, THE THIRTEENTH JUDICIAL CIRCUIT, CHIEF JUDGE RONALD FICARROTTA in his official capacity, JUDGE G. RICE individually and/or in her official capacity, JUDGE GREGORY P. HOLDER individually and/or in his official capacity, JUDGE JAMES M. BARTON, individually and officially, THE UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, RALPH WILCOX in his official capacity, GERARD SOLIS in his official capacity, LOIS PALMER in her official capacity, GREENBERG TRAURIG, P.A., RICHARD MCCREA, individually,

          Defendants.

Case No. 8:21-cv-02127-SDM-AEP

**GREENBERG TRAURIG, P.A. AND RICHARD MCCREA'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO ALTER, AMEND OR SET ASIDE ORDER AND JUDGMENT**

Undeterred by the Court's Order dismissing her action with prejudice, enjoining her from filing *pro se* in this Court any complaint, petition, or claim about the claims in this action and more (Doc. 81), and the Court's judgment against her on all counts in this action (Doc. 82), Plaintiff moves this Court, pursuant to Federal Rule of Civil Procedure 59(e) and/or Rule 60(b), to alter,

amend, or set aside the Court's September 12, 2022 Order (Doc. 81) and Judgment (Doc. 82) to correct "clear legal error, prevent manifest injustice, or because of new evidence of misconduct." (Doc. 83.) Because the recitations in Plaintiff's Motion do not satisfy the criteria of either Rule 59(e) or 60(b) and do not justify the extraordinary relief Plaintiff seeks, Plaintiff's motion should be denied.

### I. Plaintiff's Motion Fails Under Rule 59(e)

Rule 59 "allows parties to move the Court to alter or amend a judgment. Fed R. Civ. P. 59(e)." *See Diego Agnelli, Plaintiff/Counter-Defendant, v. Lennox Miami Corp., Defendant/Counter-Plaintiff.*, 20-22800-CIV, 2022 WL 4598764, at *1 (S.D. Fla. Sept. 30, 2022). However, Rule 59(e) cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilson v. State Farm Gen. Ins. Co.*, 21-11722, 2021 WL 4947322, at *2 (11th Cir. Oct. 25, 2021). Rather, [t]he only grounds for altering or amending judgment are newly-discovered evidence and manifest errors of law or fact." *Rodriguez v. Miami-Dade Cnty.*, 339 F. Supp. 3d 1279, 1284 (M.D. Fla. 2018).

Plaintiff's motion does not meet the requirements for relief under Rule 59. Plaintiff does not demonstrate the availability of new evidence to support the relief requested in her motion. For example, Plaintiff's rehashed reference to an irrelevant ABC Action News story that was included in her prior filings is the opposite of having new evidence. (Doc. 77.) In addition, articles concerning judicial misconduct in other states and Plaintiff's unhappiness with past orders

circumventing her frivolous conduct in this action is merely an attempt to relitigate prior arguments with more irrelevant materials. Similarly, Plaintiff's estimate that she will receive significant responses to a public records request from a different university on an uncertain future date also does not provide new evidence of any materiality to the final disposition of this action.

Plaintiffs' motion under rule 59(e) also fails because there is no "clear error of law" or "manifest injustice" that has resulted from the Court's entry of judgment. Instead, Plaintiff clearly attempts to relitigate old matters. For example, the Court already found that the GT Defendants timely moved to dismiss her Second Amended Complaint. (Doc. 55.) There was no requirement for the GT Defendants to *answer* her re-filed Second Amended Complaint and Plaintiff cannot use havoc caused by her errors and frivolous conduct to subsequently complain about the state of the docket.

Likewise, Plaintiff's assertion that her motion to change or transfer venue was improperly denied because her "jurisdiction strongly favors venue elsewhere" and her "choice of forum should have been accorded substantial weight" (Doc 83) was already litigated and rejected by the Court. (Doc. 81.) Plaintiff's own motion to change or transfer venue demonstrated that the factors to be considered did not justify a transfer (*see generally* Docs. 77, 78) and she made her own choice of forum.

The other arguments in Plaintiff's motion are a repetition of prior unsuccessful arguments that she refuses to concede, including in relation to the

3

stay of discovery the GT Defendants properly sought and were granted and Plaintiff's misunderstanding of defenses and arguments asserted by the defendants to prevail in their motions to dismiss. Plaintiff has provided no basis for relief under rule 59(e) in this case.

## II. Plaintiff's Motion Fails Under Rule 60(b)

Rule 60(b) provides that the "court may relieve a party from a final judgment if there was "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; . . .or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). While Rule 60(b)(6) contains a "catch-all" provision allowing reconsideration for "any other reason that justifies relief," district courts should balance the "need for substantial justice against the sanctity of final judgments." *In re Lynch*, 12-27731-BKC-AJC, 2022 WL 3219608, at *1 (S.D. Fla. July 21, 2022).

The factors recited in Rule 60(b) are not met by Plaintiff here. Plaintiff does not allege mistake, inadvertence, surprise, or excusable neglect "of a strongly convincing nature to induce the court to reverse its prior decision." *Bell v. United States*, 6:18-CR-129-GAP-TBS, 2022 WL 4289062, at *1 (M.D. Fla. Aug. 31, 2022)). Instead, Plaintiff simply rehashes prior grievances over numerous actions and arguments decided against her, and otherwise puts forward meritless arguments which have no basis in law as described above.

In addition, Plaintiff has recited no newly discovered evidence; has no basis for asserting fraud, misrepresentation, or misconduct by an opposing *party*; and not does she allege that the judgment is void. (Doc. 83.) Nor is there any cited "extraordinary circumstance[]" to justify relief under Rule 60(b)(6). *AcryliCon USA, LLC v. Silikal GMBH & Co.*, 46 F.4th 1317, 1326 (11th Cir. 2022).

Plaintiff's latest vexatious tactic, like all those before, should be rejected by the Court, and her motion should be denied.

Respectfully submitted,

*s/Joshua C. Webb*
Dennis P. Waggoner (FBN 509426)
dennis.waggoner@hwhlaw.com
julie.mcdaniel@hwhlaw.com
Joshua C. Webb (FBN #051679)
joshua.webb@hwhlaw.com
val.taylor@hwhlaw.com
Anisha P. Patel (FBN 116448)
anisha.patel@hwhlaw.com
regina.bigness@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, FL  33602
Tel: (813) 221-3900
Fax: (813) 221-2900
*Attorneys for Defendants Greenberg Traurig, P.A. and Richard McCrea*