IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANGELA DEBOSE,**

    **Plaintiff,**

    v.                                                  CASE NO. 8:21-cv-2127-SDM-AAS

**THE UNITED STATES, et al.,**

    **Defendants.**
_____/

**PLAINTIFF'S EXPEDITED MOTION TO COMPEL
DEFENDANT UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES
TO COMPLY WITH PROPERLY SERVED SUBPOENA**

Plaintiff Angela DeBose files this Expedited Motion to Compel University of South Florida Board of Trustees ("USFBOT") to Comply with Properly Served Subpoena, (Doc. 85), and states:

**Background**

On September 21, 2022, Plaintiff filed a Motion to Alter/Amend Judgment, expressing an intent to subpoena USFBOT to obtain the Transcript of a State Court proceeding—specifically the transcript of the March 15, 2022 Status Conference Hearing and Zoom Recording before Melissa Polo, Circuit Judge. Prior to the Motion to Alter/Amend, Plaintiff made a public records request for a copy of the transcript record. USFBOT refused Plaintiff's request. Notably, USFBOT, a state agency, has a statutory duty to provide the public record it has in its possession or to order the transcript from its § 119.0701 contractor(s) and provide copies of the nonexempt record to the Plaintiff, or the public generally, for copying / inspection. USFBOT is also obligated to record or report its public meetings and provide access to the public under the "Sunshine" laws. Prior to the appeal of the instant case, Plaintiff again requested a copy of the public record from USFBOT and additionally sought mandamus relief through public records case 15-CA-005663. However, these

remedies were unsuccessful because the state court injunction order relied upon by this Court was inappropriately applied to 15-CA-005663, where Florida law considers access to copy/inspect public records a fundamental constitutional right to every person. Appellant contends the transcript is essential on appeal here because this Court relied on the state court order to issue an injunction in this case.  Additionally, the transcript is essential to show the denial or deprivation of DeBose's substantial rights to constitutional due process, self-representation, and access to the courts are predicated on a suspect basis.

The Subpoena was served on USFBOT and the Return of Service was filed in the record, (Doc. 85).  Therefore, there can be no dispute that service of the subpoena was proper. It is also undisputed that USFBOT has not filed any action in any court to quash the subpoena and has not moved for a protective order. Defendant Thirteenth Judicial Circuit Court ("Circuit Court") has stated that "*neither the court or the Administrative Office of the Courts, Thirteenth Judicial Circuit (AOC) made a video recording of the hearing on March 15, 2022*."  The Circuit Court stated it could not accommodate the Plaintiff's request.

## Legal Standard

Federal Rule of Civil Procedure 45 "explicitly contemplates the use of subpoenas.  Federal Rule of Civil Procedure 34 governs requests for production of documents and electronically stored information ("ESI") from a party.  Under Rule 45, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A); see also FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises ... may be set out in a separate subpoena."). Rule 45(a)(1)(C) further provides that "[a] subpoena may

specify the form or forms in which electronically stored information is to be produced." FED. R. CIV. P. 45(a)(1)(C).

## Legal Argument

### USFBOT has not filed any Objections to the Subpoena

Rule 45(d)(2)(B) requires that "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested" – and that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B). As noted above, USFBOT has not challenged the service of the Subpoena or the Subpoena's compliance with Federal Rule of Civil Procedure 45(a)'s technical requirements. Under Rule 45(d), Plaintiff has properly filed her motion to compel in this Court, as required by Rule 45(d)(2)—since this Court is the district where compliance with the Subpoena is required.

### USFBOT has waived its Objections to the Subpoena

USFBOT has waived its objections to the Subpoena under Rule 45(d)(2)(B) by not raising them before the deadline. The Subpoena was served on October 5, 2022. USFBOT's Objections were due on October 20, 2022. The documents are not privileged, proprietary, and protected documents. USFBOT was provided a reasonable time to comply. USFBOT did not object that the cost of compliance with the Subpoena would impose an undue burden and expense. USFBOT did not assert that the document is irrelevant to the litigation or the appeal. USFBOT did not argue that the documents are exempt by the work product doctrine or the attorney-client privilege. "'The failure to serve written objections to a subpoena within the time specified by Rule

[45(d)(2)(B)] typically constitutes a waiver of such objections,'" as does failing to file a timely motion to quash. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

**USFBOT did not request an Extension of Time to Comply**

Timely serving written objections therefore suspends the party's obligation to comply with a subpoena commanding production of documents, pending a court order. See FED. R. CIV. P. 45(d)(2)(B)(ii). Similarly, the party subpoenaed may also move for an extension of time to respond to a subpoena, including the deadline to serve written objections. USFBOT did not request an extension for either purpose.

**USFBOT did not claim compliance imposed an undue burden or expense**

Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Tiberi v. Cigna Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994). "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." See *Nat'l Labor Relations Bd. v. Bakersfield Californian*, 128 F.3d 1339, 1343 (9th Cir. 1997) (holding that the NLRB had authority to issue the subpoena

4

because procedural requirements were followed, the subpoenaed evidence was relevant and material to the investigation, and the defendant did not show that the subpoena was unreasonable because it was overbroad or unduly burdensome). USFBOT, a party to the litigation, made no showing that the cost of compliance with the Plaintiff's public records request or the subpoena imposed an undue burden or expense.

**USFBOT's failure to comply has resulted in substantial harm**

USFBOT's failure to provide the transcript has resulted in substantial harm to the Plaintiff's case and will further harm Plaintiff on appeal if the transcript is not provided. See *Carmical v. Bell Helicopter Textron, Inc.,* 117 F.3d 490, 493 (11th Cir.1997); *Iraola & CIA, S.A. v. Kimberly–Clark Corp.,* 325 F.3d 1274, 1286 (11th Cir.2003). There is specific prejudice to Plaintiff from USFBOT's failure to provide the status conference transcript since it concerns a state court proceeding and injunction order that this Court utilized in its own injunction order. Thus, this Court made the transcript proceeding subject to the Plaintiff's present appeal. Plaintiff's transcript information form, (Doc. 94), shows that no proceedings were held in this case and that even required matters were not heard. While an appeal may proceed without a transcript, the absence of proceedings and such records can be fatal to an appeal.

WHEREFORE, Plaintiff Angela DeBose respectfully submits this motion to compel USFBOT's expedited compliance with the subpoena and asks the Court to set a hearing date on the motion.

**Dated this 23rd day of October, 2022.**               Respectfully submitted,

*/s/ Angela DeBose*
Angela DeBose

**Certificate of Conferral and Good Faith**

Plaintiff has in good faith conferred or attempted to confer with USFBOT in an effort to obtain a copy of the status conference transcript proceeding without court action but to no avail. Furthermore, USFBOT has not expressed which counsel in this action or external to this action, represents it in this matter for such purposes.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **23rd** day of October, 2022, the above and foregoing was filed with the Court, which will email all counsels of record.

*Angela DeBose*
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 230-3023
Email: awdebose@aol.com