IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

      Plaintiff,

v.                                 CASE NO. 8:21-cv-02127-SDM-AAS

THE UNITED STATES,
THE THIRTEENTH JUDICIAL
STATE COURT,  et al.,

      Defendants.
_____/

### PLAINTIFF'S MOTION FOR RECONSIDERATION
### OF THE ORDER DENYING MOTION TO COMPEL

Plaintiff Angela DeBose moves the Court to reconsider its November 8, 2022 Order, [96], denying Plaintiff's motion to compel the University of South Florida Board of Trustees to comply with subpoena, (Doc. 95).  The Court denied relief on the ground that it is divested of jurisdiction to rule on her motion to compel.  Plaintiff contends that the Court did not lose jurisdiction because of the appeal process.  The subpoena was issued and perfected prior to the present appeal.  Thus, USFBOT's failure to respond constituted a waiver of any objections. Plaintiff states as follows:

### BACKGROUND

1. Plaintiff's Intent to Subpoena USFBOT was filed on September 21, 2022, (Doc. 83).

2. Service of the Subpoena was perfected on USFBOT on October 5, 2022, (Doc. 85).

3. Plaintiff filed Notice of Appeal ("NOA") on October 11, 2022.

4. The Court's Order states Plaintiff filed NOA on October 18, 2022.  This is factually incorrect as Plaintiff Amended her NOA on October 18, 2022.

5. The Motion to Compel USFBOT's compliance with the subpoena was filed on October 24, 2022, (Doc. 95), because there was a total failure by USFBOT to respond.

6. USFBOT failed to respond or object. Notably, USFBOT did not move to quash the subpoena nor seek a protective order.

7. USFBOT did not assert that service was improper nor assert that this court was divested of jurisdiction.

## ARGUMENT

The transcript and recording subpoenaed is not an appealed matter.

The Order correctly states the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal. *United States v. TovarRico*, 61 F.3d 1529, 1532 (11th Cir. 1995). Notably, when an appeal is filed, the district court is generally divested of jurisdiction ***over the matters appealed*** (emphasis added). *Davis v. United States*, 667 F.2d 822 (9th Cir.1982). The state court status conference meeting transcript is not a matter appealed in this case.

The transcript and recording will be helpful in the aid of this appeal.

The district court "is divested of jurisdiction to take any action with regard to the matter ***except in the aid of the appeal***," *Shewchun v. United States*, 797 F. 2d 941, 941 (11th Cir. 1986) (emphasis added) (quotation omitted). Here, the state court status conference meeting transcript is anticipated to be helpful in the aid of Plaintiff's appeal. Though important, the documents are separable from the merits of the action.

Reconsideration is merited under Federal Rule 59 and Rule 60

Courts generally interpret a motion for reconsideration or clarification as being made under Rule 59(e). See, e.g., *Belair v. Lombardi*, 151 F.R.D. 698, 699 (M.D. Fla. 1993). Rule 59(e)

motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Oliver v. Orange Co., Fla.*, 456 F. App'x 815, 818 (11th Cir. 2012). Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation omitted). Rule 60(b) authorizes a court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding."

Plaintiff seeks reconsideration/clarification to correct a clear legal error or prevent manifest injustice.   As noted in the clear court record, USFBOT ordered transcripts of proceedings and provided Plaintiff a copy of such transcripts free in response to Ms. DeBose's public record requests.  USFBOT has refused to provide a copy of the public record and refused to comply with this Court's subpoena.  The United States Constitution and the Constitution of the State of Florida both provide rights to due process and equal protection. Court reporting is implicated in each of these protections in two distinct ways. First, due process requires that appellate review be meaningful and complete when a state provides an appeal as a matter of right, as Florida does in Article V, Sections 3 and 4, Florida Constitution. *Delap v. State*, 350 So.2d 462 (Fla. 1977). If a party needs a complete transcript to fully represent herself on appeal, then a full transcript becomes an element of due process. *Jones v. State*, 780 So.2d 218 (Fla. 2d DCA 2001).  In *Griffin v. Illinois*, supra, the United States Supreme Court stated that due process protections do not require a state to provide a right to appellate review, but once a state affords that right, it may not "bolt the door to equal justice." As a State agency, USFBOT cannot withhold this record.  Irrespective of whether Ms. DeBose is indigent, she is "a person" under the "*every person*" entitlement to copy/inspect the state agency's nonexempt public records.   State funding for the transcript that is anticipated under

federal/state indigency laws is clearly provided to every person, including Ms. DeBose, under the Florida Public Records Act.  Ms. DeBose should not have to go through more litigation, expense, and unnecessary delay to obtain a transcript that is public record and relevant to this case and to her appeal.  In Florida, the Legislature has acknowledged that interests under litigation in some cases are so important that litigants must be provided with court reporting and transcription on appeal to protect constitutionally afforded rights.  By declining to exercise discretion that is retained by this Court to compel USFBOT to provide a copy of the transcript to Ms. DeBose for this appeal is manifest injustice and a deprivation of a fundamental right under Florida law.  The Eleventh Circuit has held that attorney misdeeds (e.g., that resulted in the movant's inability to explore all avenues of appeal among others), entitles the movant to Rule 60(b) relief.  See *Franqui v. Florida*, 638 F.3d 1368, 1369 n.2 (11th Cir. 2011).

## CONCLUSION

WHEREFORE, Plaintiff respectfully asks the Court for reconsideration of its Order denying Plaintiff's Motion to Compel or clarification as to why the Court does not retain jurisdiction to proceed with a matter that is not appealed and enforce its subpoenas.

**Dated this 13th day of November 2022.**                    Respectfully submitted,

*/s/ Angela DeBose*
Angela DeBose

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **13th** day of November 2022, the above and foregoing was filed with the Court electronically and emailed to all counsels of record.

/s/ *Angela DeBose*
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
(813) 230-3023|awdebose@aol.com

4