## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANGELA DEBOSE,**

   **Plaintiff,**

   **v.**                          **CASE NO. 8:21-cv-2127-SDM-AAS**

**THE UNITED STATES, et al.,**

   **Defendants.**

_____/

### PLAINTIFF'S MOTION FOR RELEIF FROM JUDGMENT

Plaintiff Angela DeBose seeks relief under Fed. R. Civ. P. 59(e) (providing that relief may be granted where the original judgment evidenced a manifest error of law, where there is newly discovered evidence, or in certain other narrow circumstances) or Fed. R. Civ. P. 60(b) (setting forth various grounds for relief from an order, including newly discovered evidence that, with reasonable diligence, could not have been discovered earlier). Plaintiff moves to alter, amend, modify or vacate the Injunction Order and Final Judgment of this Court (Doc. Nos. 81, 82), granting Defendants' (Thirteenth Judicial Circuit and Gregory P. Holder) Motion to Dismiss ("MTD"). In support of her motion, Plaintiff states as follows in her Memorandum of Law:

### MEMORANDUM OF LAW

### I. Background

Plaintiff presented evidence that the orders issued by Gregory P. Holder ("Holder") in cases 15-CA-005663, 17-CA-001652, and 19-CA-004473 were unauthorized orders and final judgments. Specifically, Plaintiff presented evidence to show that the judge held out

1

by the Thirteenth Circuit as presiding over the cases was Judge Carl C. Hinson ("Hinson"), (now deceased). Plaintiff produced evidence from Gina Justice, Court Administration for the Thirteenth Circuit to show Holder was not assigned or appointed to these cases and did not have jurisdiction to rule at any time. According to Justice, Holder had no special assignments from Ronald Ficarotta, Chief Judge of the Thirteenth Circuit. Rather, Holder improperly intervened or interfered in Plaintiff's cases only and none of Hinson's other cases, to prevent DeBose's litigated matters only from being reviewed substantively on the merits by a court of competent jurisdiction and set for a trial by jury. Despite the clear record, this Court's Injunction Order includes the following statements, suggesting that Holder's intervention was not improper was authorized to act and that his orders were not invalid:

> **Circuit Judge Holder (the successor after re-assignment) denied the motion and observed that, among other things, the proposed amended complaint "suffers the exact same fatal leg[a]l flaws as those within the Complaint and the Amended Complaint, now dismissed with prejudice." (See 09-12-22 Injunction Order, Doc. 81, pg.4, 5.**

> **Circuit Judge Holder dismissed the action and observed: "Having spent many hours reviewing the various pleadings and papers within [DeBose's earlier actions], the Court concludes that" the judgments in DeBose's earlier actions "absolutely preclude this attempt to re-litigate these matters which have received both jus-tice and finality in various courts of competent jurisdiction." (Doc. 81, pg. 5.)**

> **Like Judge Holder, I "[h]av[e] spent many hours reviewing the various pleadings and papers within [the related actions]" and likewise conclude "that the grounds set forth within the Defendants' Motions are well taken and absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." (Doc. 81, pg. 11)**

The Eleventh Circuit has held, "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or

bases the decision upon findings of fact that are clearly erroneous." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quotation marks omitted).

<u>**New Evidence**</u>

Since this Court's review, Plaintiff has obtained new clear and convincing evidence that Holder operated in excess of his jurisdiction:

1. In 2016, Holder was censured by the Florida Supreme Court for "going too far" in intervening in a case involving USF, (**Exhibit A**).

2. In July 2020, Holder again improperly intervened in cases involving USF— specifically DeBose's cases 15-CA-005663, 17-CA-001652, and 19-CA-004473, entering orders to end the cases all at once, on the same date.

3. Holder willfully intervened in DeBose's cases, knowing that he exceeded his jurisdiction and was previously censured by the Florida Supreme Court for similar misconduct.

4. In addition to the 2016 censure, Holder was employed as an adjunct professor by the University of South Florida, the defendant in the state cases and in the instant case, until 2021, (**Exhibit B**).

5. Therefore, when Holder intervened in DeBose's cases in July 2020 entering orders to dismiss the actions and final judgments, Holder was both a USF employee and an employee of the Thirteenth Circuit, (id).

6. Holder's employment with USF and the Thirteenth Circuit created a conflict of interest. A heightened conflict was also created by the fact that Holder intervened and again exceeded his jurisdiction, like before when he was censured in 2016.

7. The Thirteenth Circuit either knew or should have known of Holder's Conflict. In 15-CA-005663, a more remote conflict involving a judge's wife excluded him from a hearing, (**Exhibit C**).

8. Findings of fact are reviewed for competent, substantial evidence. Even though a trial court's findings of fact are cloaked in a presumption of correctness, they are reviewed for whether they are supported by competent substantial evidence. *Sarasota Citizens for Responsible Gov't v. City of Sarasota*, 48 So. 3d 755 (Fla. 2010); *Liner v. Workers Temporary Staffing, Inc.*, 990 So. 2d 473 (Fla. 2008). Holder exceeded his jurisdiction and had a conflict at the time Holder's orders were issued.

9. Furthermore, Holder followed an irregular procedure. In *84 Lumber Co. v. Cooper*, 656 So. 2d 1297, 1299 (Fla. 2d DCA 1994), the Second District Court held a procedural defect was tantamount to a lack of subject matter jurisdiction and that the trial court's order was destined to be vacated. The Second District stated it had an independent duty to take notice of a jurisdictional defect even if neither party had raised the issue. *See City of Gainesville v. Republic Inv. Corp.,* 480 So.2d 1344 (Fla. 1st DCA 1985). Moreover, the court decided that even if it were to discern that either party engaged in "Catch 22" or "gotcha!" litigation tactics by failing to raise the issue of jurisdiction before the trial court, the district court would still have been compelled under the law to vacate any order rendered by the trial court. The court strongly emphasized that the attorneys had an ethical obligation, as officers of the court, to immediately raise

before a trial court fundamental jurisdictional issues, once they become apparent.

Judge Holder's orders rendered without jurisdiction "[are] not entitled to the preclusive effect of res judicata." *Fla. Nat'l Bank of Jacksonville v. Kassewitz*, 25 So. 2d 271 (Fla. 1946).  Holder severely *trampled* over Ms. DeBose's fundamental due process rights and committed reversible error.  In *Viets v. American Recruiters Enterprises*, 922 So.2d 1090 (Fla. 4th DCA 2006), the court cited to *Lauxmont Farms* as support for vacating a default judgment where there was a lack of due process.  This Court's Order recedes from this standard and its decision in *Sarasota Cattle Co. v. Mikos*, 431 So. 2d 260 (Fla. Dist. Ct. App. 1983).

## II. Rule 60 Standards

Rule 60(b)(2) provides for relief from a final judgment on the basis of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial. Fed. R. Civ. P. 60(b)(2).  The motion must be made within a "reasonable time" and not more than one year after judgment is entered. Id.  The evidence must be material and must not simply impeach testimony given at trial, but must be such as probably would require a different result. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978). To successfully petition for vacatur of a judgment under Rule 60(b)(3), "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct [must have] prevented the moving party from fully presenting its case." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981).

### III. Legal Argument

In the instant case, Plaintiff's motion for relief from judgment is timely—less than one year after the dismissal order.  The evidence is material to the question of whether Holder's intervention was proper.  Since this involves state court matters in the instant case, the documents are important to show that vacatur is proper since this Court relied on the state court order and Holder's extrajudicial conduct.  Though this motion discusses some of the prior facts, the evidence presented does not relitigate or revisit the issues but rather clarifies them.  The Court did not hold any motion / evidentiary hearings on the contested matter of Holder's orders and final judgments. The Court conceivably might have made such inquiries had the Defendants' representative been truthful or candid with the tribunal. Instead, the Defendants concealed jurisdictional evidence, information, and documents. The Defendants' nondisclosure, concealment, and misrepresentations resulted in the dismissal of DeBose's case and prevented DeBose from having a trial and presenting her cause of action.  The Defendants' misconduct satisfies the three prongs in *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981).  In Square *Constr. Co.*, the appellate court determined the district court's denial of the motion to vacate was an abuse of discretion and remanded the case for further proceedings with instructions. Specifically, the court found that Washington Metropolitan Area Transit Authority ("WMATA") failed to disclose a key fact (i.e. an estimate) that "struck at the very heart of the fact finding process."  The court determined that WMATA's avoidance of disclosure of the estimate "dealt a fatal blow" to the entire proceeding. The court opined:  As we have stated before, ". . . the need `to expedite cases, to fully utilize the court's time, to reduce overcrowded calendars and to establish finality of judgments * * * should never be used to

thwart the objectives of the blind goddess' of justice itself." *Compton,* supra, at 103, quoting *Boughner v. Secretary of Health, Ed. Welf., U.S.,* 572 F.2d 976, 978-79 (3d Cir. 1978). Therefore, in the case before us we hold that the policy of deterring misconduct which threatens the fairness and integrity of the fact finding process must outweigh considerations of finality. *See Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1346 (5th Cir. 1978).  In the interest of justice and fairness, this case also requires a different result.

## CONCLUSION

WHEREFORE, Plaintiff respectfully asks the Court for Relief from Judgment in part and to alter, amend, modify, or vacate its Order and Final Judgment, as to the Thirteenth Judicial Circuit Court and Holder, and other relief, including reacquiring jurisdiction from the Eleventh Circuit to consider this matter, as justice requires.

**Submitted January 17, 2023**                    /s/ *Angela DeBose*
                                                                           Angela DeBose, Plaintiff


## CERTIFICATE OF CONFERRAL

Plaintiff informed Defendants of this motion; however, at the time of filing, their position is unknown.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **17th** day of January 2023, the above and foregoing was filed with the Clerk, which will email all counsels of record.

Respectfully submitted,

/s/ *Angela DeBose*
Angela DeBose, Plaintiff
awdebose@aol.com
1107 W. Kirby St.
Tampa, Florida 33604
(813) 932-6959

7

# EXHIBIT

# A

1/16/23, 8:54 PM
Case 8:21-cv-02127-SDM-AAS Document 107 Filed 01/17/23 Page 9 of 22 PageID 2679
Hillsborough judge agrees to reprimand for going 'too far' on defendant's behalf

# Hillsborough judge agrees to reprimand for going 'too far' on defendant's behalf

By **Times Staff Writer**

Published Jun. 3, 2016

TAMPA — Hillsborough Circuit Judge Gregory P. Holder, who intervened in the case of a former U.S. Army Green Beret charged with multiple felonies, has agreed to be publicly reprimanded for trying to persuade prosecutors to change the man's sentence.

In a deal reached with the Florida Judicial Qualifications Commission, which oversees judges across the state,

Holder acknowledged that he "went too far" in his attempts to lighten the man's punishment, creating "the appearance of impropriety and partiality."

In addition to being publicly reprimanded by the Florida Supreme Court, he will have to complete six hours of training "on topics related to ethics," if the Florida Supreme Court accepts the commission's recommendation of discipline.

Holder did not respond to requests for comment, but his attorney, David Weinstein, said he was disappointed the commission had filed the charges against the judge in the first place.

"From my perspective, the JQC's action was not based on what Judge Holder was trying to accomplish or why but, instead, how he went about it," Weinstein said.

Case 8:21-cv-02127-SDM-AAS   Document 107   Filed 01/17/23   Page 11 of 22 PageID 2681

Holder, who was first elected to the bench in 1994, is a
veteran and presides over Hillsborough County's
Veterans Treatment Court. It was there he met Clay S.
Allred, then a 29-year-old who was arrested and
expelled from the University of South Florida in 2014 for
confronting a Muslim gas station clerk and firing his gun
into the air several times as he drove away. "I hate you
people," Allred told the clerk.



**SPONSORED CONTENT**

*How can you tell if it's a service dog? And why does it
matter?*
*By K9 Partners for Patriots*

Case 8:21-cv-02127-SDM-AAS Document 107 Filed 01/17/23 Page 12 of 22 PageID 2682

Prosecutors charged him with two felonies: discharging a firearm from a vehicle and aggravated assault with a deadly weapon.

As a veteran who was deployed to Iraq in 2006 with the Army National Guard, Allred was eligible for Veterans Treatment Court, a kinder forum for defendants where the focus is on treatment over punishment. With a diagnosis of post-traumatic stress disorder, a documented brain injury from a car crash and no prior criminal record, he made a convincing case for rehabilitation and prosecutors agreed to let him into Holder's special court.

Hillsborough judge agrees to reprimand for going too far on defendants | Zebra

By the next year, Allred had reached a plea deal with the state. He would plead "no contest" to the charges, averting a trial, in exchange for a sentence of two years of house arrest, followed by three years of probation.

Although the case was closed, Holder continued to lobby for Allred. In November, he wrote a letter to USF's president asking that Allred to be readmitted to the university as an online student. He pleaded before the school's board of trustees, enlisted the support of Veterans Affairs Secretary Robert McDonald in Washington, D.C., and sought help from U.S. Sen. Bill Nelson, D-Fla.

"I have never seen anyone so motivated to succeed and rehabilitate," the judge wrote to USF president Judy Genshaft. In his letter, he offered to "personally modify" the conditions of Allred's parole, barring him from stepping foot on USF property.

1/16/23, 6:45 PM
Case 8:21-cv-02127-SDM-AAS Document 147 Filed 01/17/23 Page 4 of 22 PageID 2684
Hillsborough judge agrees to reprimand for going too far on defendants' deals

# Keep up with Tampa Bay's top headlines

## Subscribe to our free DayStarter newsletter

We'll deliver the latest news and information you need to know every weekday morning.

Enter your email address

Informed that USF didn't have an online program suitable for Allred, Holder called the university's response "an absolute abdication of their responsibility to their students, especially their student veterans."

The commission found that when Holder failed to persuade USF officials, he tried to renegotiate the defendant's deal with Hillsborough prosecutors.

In 2016, the judge called Chief Assistant State Attorney Michael Sinacore and asked him to review the evidence against Allred, according to the commission. Holder argued there was insufficient evidence to support one of the charges and asked Sinacore to agree to allow Allred

to have adjudication withheld, meaning he would not be formally convicted of the charges.

Sinacore said he agreed to review the evidence in the case but ultimately decided not to change Allred's sentence. He later told the commission that he had never had an interaction like that with a judge.

*Contact Anna M. Phillips at aphillips@tampabay.com or (813) 226-3354. Follow @annamphillips.*

# EXHIBIT
# B

### The Florida Circuit-Civil Mediator Society
A Chapter of the National Academy of Distinguished Neutrals

- [Home](#)
- [About NADN](#)
- [About the Academy](#)
- [Membership Requirements](#)
- [Florida Committee](#)
- [Florida Bar Ads](#)
- [State Chapters](#)
- [NADN Training Retreat](#)
- [Member Roster](#)
- [View Complete List](#)
- [Advanced Neutral Search](#)
- [View State Map](#)
- [Calendar Search](#)
- [Our Partners](#)
- [Sign In](#) ⏻

submit a request. Your Appointment Form will be sent to Gregory's assistant, Laura Whittaker.

**Academy Member** Inducted 2022

Mo



| | JANUARY 2 |
|---|---|
| Mo | Tu | We |
| 2 | 3 | 4 |
| 9 | 10 | 11 |
| 16 * | 17 * | 18 |
| 23 * | 24 * | 25 |
| 30 * | 31 * | |

Available    Booked
* Hover over marked d

Calendar Last Up
🖨 Print Available



# Hon. Gregory P. Holder (Retired Judge)

Zinober Diana & Monteverde P.A.
NEW ADDRESS EFF: 10/31/2022
1511 North Westshore Blvd., Suite 700
Tampa, FL 33607

**Tel:** (813) 709-7448 - Direct Dial - Laura Whittaker
**Cell:** (813) 382-5444
**Website:** [www.zinoberdiana.com](http://www.zinoberdiana.com)

✉ SEND EMAIL

VIDEO C
AV

Recognized to **[Florida Chapter](#)** for **Mediation** & **Arbitration**
Other ADR Services: ADR Training/CME, Discovery Referee, Fact Finding, Insurance Umpire, Med-Arb, Mini-Trial Judge, Special Master

1/4

ADR Practice Benchmarks ⊕

Judicial Circuits Served ⊕

 **Biographical**

Retired Judge Gregory P. Holder is a native of Melbourne, Florida. In 1975, he received his B.S. Degree in Engineering and was commissioned as a Second Lieutenant in the United States Air Force. While serving as an Armament Systems Development Engineer in the Air Force, he received his M.B.A. from the University of West Florida in 1978. Judge Holder was selected to attend Stetson University College of Law under the Air Force Funded Legal Education Program and received his Juris Doctor Degree in 1981. While attending law school, he served as Associate Editor of the Stetson Law Review and authored several published articles.

Upon graduation from law school, he served at a number of stateside and overseas military bases as an Assistant Judge Advocate and Area Defense Counsel. He resigned his Regular Commission in 1988 and accepted a USAF Reserve Commission serving at U.S. Special Operations Command ("USSOCOM") from 1988 through 1996. While serving at USSOCOM, he was awarded his Master Paratrooper Wings, Air Assault Wings and British Jump Wings. He served from 1996 through 2004 as one of only six Air Force Reserve Military Judges. At the time of his retirement from the U.S. Air Force Reserve on 1 February 2004, Colonel Holder served as the Chief Reserve Trial Judge for the USAF. Judge Holder was elected as a County Court Judge in 1994 and Circuit Court Judge in 1996. He served in virtually every division within Florida's Thirteenth Judicial Circuit. Judge Holder served as a Hillsborough County Judge for 26 years. He served 13 years within the General Civil Division, 10 years in the Felony Division, and presided over the Veterans Treatment Court from 2014 to 2016, where he expanded the role of the court helping veterans overcome service-related issues. In this role, he helped to create the National Model for Veterans Treatment Courts and currently serves on the National Veterans Court Alliance working with U.S. Congressmen and Senators to develop legislation to provide Federal funds and oversight to the nation's Veterans Treatment Courts.

Judge Holder was awarded the 1996 Florida Bar Military Affairs Committee Clayton B. Burton Award presented annually to an attorney "who demonstrates character and leadership promoting the quality of legal services furnished to military personnel serving in Florida." In 1999, he was also inducted into the Department of Juvenile Justice District VI Hall of Fame for sustained contributions to the reduction of juvenile crime, thereby increasing public safety. Judge Holder received the Hillsborough County Bar Association Young Lawyers Division, Robert W. Patton, Outstanding Jurist Award for 1999 - 2000. He also received the Olin Mott Joshua House Golden Heart Award in 2006 for his protection of abused, abandoned and neglected children and the University of Phoenix, West Florida Campus, Outstanding Faculty Award for both 2009 and 2018. In 2011, Judge Holder was selected by the Assistant Secretary of Defense to serve as Florida Chairman of the Department of Defense, Employer Support of the Guard and Reserve supporting over 35,000 military members and their families. The ESGR serves to protect employment rights of our citizen soldiers and recognizes outstanding and patriotic employers for going above and beyond in their support of the Guard and Reserve forces. Judge Holder has been awarded two Presidential Volunteer Service Awards for service to Florida's Veterans. From 1989 to the present, Judge Holder has served as both a Board Member, Advisory Board Member and Organizing Committee Member of the Gasparilla Distance Classic Association. Through his over 30 years of service to this organization, he and this Association have raised millions of dollars for local charities supporting the Boys and Girls Clubs and Girls, Inc. In 2014, Judge Holder became Chairman Emeritus of the Florida ESGR and was awarded the Secretary of Defense Medal for Exceptional Public Service. In 2016, he received the Ad Majorem Award from the Alliance for Global Narcotics Training in recognition and appreciation for his service in the fight against prescription drug abuse. Recently, Judge Holder received the Veterans Treatment Court Legacy Award for 2017 and the 2019 Military Family of the Year Award presented by the Diversity Action Coalition. In October 2020, he was awarded the Keeping the American Patriotic Spirit Alive award from the Veterans Council of Hillsborough County. On February 9, 2021, Judge Holder was honored by both Tampa Mayor Jane Castor and Tampa City Council with a Proclamation and Commendation for his years of service to this community.

Judge Holder served as a Lead Faculty/Area Chair for the Central Florida Campus of the University of Phoenix and an Adjunct Professor at Webster University until 2020. He served as Adjunct Faculty at **USF** College of Behavioral Sciences until 2021. Judge Holder has been married to D. A. ("Dee") Kobliska for over 45 years. Dee served over 23 years active duty in both the U.S. Army and Air Force and retired from the Air Force as a Lieutenant Colonel in 1993. She currently works as a certified nurse-midwife providing OB/GYN care. They have two children, U.S. Air Force, Lt. Col.Daniel Holder, C-17 Pilot, and Andrea Holder, a practicing commercial litigation attorney.


## Case Experience

| | | |
|---|---|---|
| ADA Disability | Health Care | Premises Liability |
| Admiralty | Insurance | Product Liability |
| Aviation | Land Use/Planning | Professional Fees |
| Banking & Finance | Landlord/Tenant | Professional Liability |
| Business Dissolution | Legal Malpractice | Professional Malpractice |
| Commercial/Business | Medical Malpractice | Professional Negligence |
| Consumer Fraud | Military | Property Damage |
| Contract Disputes | Nursing Homes | Unfair Competition |
| Debt Collections | Personal Injury | Workers' Compensation |
| Employment | Police | Wrongful Death |


## Education

- **Stetson University College of Law, St. Petersburg, Florida**
  - Juris Doctor – 1981
  - Stetson Law Review, Associate Editor
  - 1981 Lawyer's Title Guaranty Fund Law Student Writing Award
  - 1981 Victor O. Wehle Trial Practice Award; Faculty Research Assistant
- **United States Military Academy (West Point), West Point, New York**
  - B.S. – 1975
  - Major: Engineering
- **University of West Florida**
  - M.B.A. – 1978


## Memberships & Affiliations

- The Florida Bar, Member, 1982 to Present
- Hillsborough County Bar Association, Member, 1988 to Present
- U.S. Supreme Court
- Supreme Court of Florida
- U.S. District Court for the Middle District of Florida
- U.S. District Court for the Southern District of Florida
- U.S. Court of Appeals for the Armed Forces
- National Academy of Distinguished Neutrals
- Department of Defense Florida Employer Support of the Guard & Reserve (Chairman Emeritus)
- Windstorm 2022 Certified Umpire Training

## Rates Information

**FEE SCHEDULE FOR RETIRED JUDGE GREG HOLDER STARTS JANUARY 1, 2023**

**2023 Fee Schedule for Retired Judge Greg Holder**

**Arbitration/Mediation/Special Magistrate**

I charge for my time at the rates shown below. In mediation/arbitrations/special magistrate matters, unless agreed by the parties, each participating party will be billed equally. I will bill for all time spent on the dispute, including preparation time, conferences whether by telephone or in person, assistance with the preparation of any settlement agreements and reporting to counsel, the court, or the arbitration panel.

**RETIRED JUDGE GREG HOLER'S 2023 HOURLY MEDIATION RATES**

$500 per hour ($250 per hour per side) for two-sided disputes
$200 per hour per side for three-sided disputes
$150 per hour per side for parties of four or more
$15 – document retrieval fee ($25 if excess pages)

**RETIRED JUDGE GREG HOLDER'S 2023 HOURLY ARBITRATION RATES**

$600 per hour if selected as the sole arbitrator
$500 per hour if selected as the plaintiff's or defendant's selected arbitrator
$600 per hour if selected as the chief arbitrator

**Retired Judge Greg Holder's 2023 Hourly Special Magistrate Rates:** $500 per hour

CANCELLATION AND FEES:

**Multi-Day mediation/arbitration/special magistrate hearings**: In the event of cancellation or rescheduling, we must receive email notice at least fourteen (14) calendar days before the start of the scheduled conference; otherwise, the following cancellation/scheduling fees will be charged: $1,000 per side per scheduled hearing day(s). We do not waive applicable cancellation/rescheduling fees unless we are able to book another case in the reserved time slot(s), as these fees partially compensate us for loss of use of the time slot reserved as well as the administrative expenses incurred in connection with scheduling. We do not arbitrate who is responsible for any cancellation. Only if all parties agree will we invoice the charges for all sides to the party responsible for the cancellation. All cancellations must be communicated in writing (email is sufficient) with the agreement of all parties expressly noted. Please let us know immediately of any need to cancel or re-schedule the hearing.

**Half or Full Day mediation/arbitration/special magistrate hearings**: In the event of cancellation or rescheduling, we must receive email notice at least fourteen (14) calendar days before the scheduled conference; otherwise, the following cancellation/scheduling fees will be charged: $500 per side for half-day mediations and $1,000 per side for full-day mediations. We do not waive applicable cancellation/rescheduling fees unless we are able to book another case in the reserved time slot, as these fees partially compensate us for loss of use of the time slot reserved as well as the administrative expenses incurred in connection with scheduling. We do not arbitrate who is responsible for any cancellation. Only if all parties agree will we invoice the charges for all sides to the party responsible for the cancellation. All cancellations must be communicated in writing (email is sufficient) with the agreement of all parties expressly noted. Please let us know immediately of any need to cancel or re-schedule the hearing.

TRAVEL FEES

Mediation/arbitration/special magistrate proceedings may be held at any location, or virtually using Zoom if approved by the Court or agreed upon by all parties. If the parties cannot reach any agreement regarding physical location, then the hearings will be held at either the offices of Zinober    Diana & Monteverde, P.A. or at a court reporter's office selected by Retired Judge Greg Holder, in the county where the matter is pending. There are no travel fees for cases in Hillsborough, Pinellas, or Pasco Counties. Travel outside of these counties will be billed at the rate of $150 per hour.

NOTE:  Hearings are not booked until you receive an email or letter confirmation from our office.



**Florida Chapter**
ADMINISTRATION OFFICE
7722 S.W. 88th Street Rd., Ocala, FL 34476
Tel: (813) 600-3678 | Fax: (866) 257-4698
Contact NADN Staff

| | | W |
|---|---|---|
| 2 | 3 | 4 |
| 9 | 10 | 11 |
| 16 * | 17 * | 18 |
| 23 * | 24 * | 25 |
| 30 * | 31 * | |

Available     Booked
* Hover over marked
Calendar Last Upc
🖶 Print Available

# EXHIBIT

# C

-----Original Message-----
From: Div C General Civil <circivdivc@fljud13.org>
To: 'Angela DeBose' <awdebose@aol.com>; Div C General Civil <circivdivc@fljud13.org>
Cc: mccrear@gtlaw.com <mccrear@gtlaw.com>; pagec@gtlaw.com <pagec@gtlaw.com>
Sent: Thu, Jul 22, 2021 11:06 am
Subject: RE: 15-CA-5663 DEBOSE, ANGELA vs USF BOARD OF TRUSTEES - Notice of Hearing - Evidentiary Hearing -
September 9th 2-4PM

On another matter.  On 6/17/21 a hearing was set by Mr. McCrea, setting 'Respondent's Motion for
Contempt and for Sanctions for Failure to Comply with Discovery Order and Plaintiff's Motion for
Sanctions and Protective Order' on JAWS for 7/27/21 at 9:30.

Judge Baumann will be covering Division "C" on 7/27/21.  The Judge has a conflict with USF.  His wife
was a professor at USF, a member of the board as well as a physician at TGH.

I apologize in advance for any inconvenience, but this hearing must be rescheduled.  I will prepare an
Order canceling the hearing because of a conflict and I will cancel the hearing on JAWS.

Please go on to JAWS and reschedule.


*PLEASE ALWAYS INCLUDE CASE NUMBER AND CASE STYLE IN THE SUBJECT LINE*


Linda Williamson, JA to
Carl C. Hinson, Circuit Judge
Office (813) 272-6994
Hearing Room 521 (813) 272-6870
Courtroom 504 (813) 272-6831
Edgecomb Courthouse
800 E. Twiggs Street Room 521
Tampa, FL 33602