# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ANGELA DEBOSE,**

       **Plaintiff,**

    **v.**                          **CASE NO. 8:21-cv-2127-SDM-AAS**

**THE UNITED STATES, et al.,**

       **Defendants.**

_____/

## MOTION FOR MANDATORY DISQUALIFICATION
## OF UNITED STATES DISTRICT JUDGE

Plaintiff Angela DeBose moves for disqualification of District Judge Steven D. Merryday, (hereinafter "District Judge"), pursuant to 29 U.S.C. § 455(a) and (b)(1) and 28 U.S.C. § 144, based on new evidence obtained through investigation that exposes an undisclosed relationship with Defendant Gregory P. Holder. Plaintiff submits the attached affidavit, **(EXHIBIT A)**, in support of disqualification and states as follows:

<u>29 U.S.C. § 455(a)</u>

Section 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) does not require that a disqualification motion be accompanied by an affidavit or declaration.

Section 455 provides in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge

of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C.A. § 455 (West 2006). "'[A] judge must recuse [himself] if a reasonable, objective person,

knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States*

*v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (quoting *Hughes v. United States*, 899 F.2d 1495,

1501 (6th Cir. 1990)) (modifications in original).

The Plaintiff filed a Certificate of Interested Persons, (Doc. 52), on December 24, 2021,

that expressed the existence of significant "extrajudicial source" factors where the District Judge's

impartiality might reasonably be questioned:

### Rule 3.03(b) Certification

> I certify that I am aware of a conflict or basis of recusal of the District Judge
> or Magistrate Judge or reason to transfer the case to another federal district
> court as follows:  The district judge was formerly the chief judge of the
> Middle District of Florida, located in the Tampa Division, and has direct,
> personal knowledge of the federal judges party to this action.  In their CIP,
> the Defendants in this case failed to list the federal judges and this potential
> conflict. In the role of chief judge, the district judge also either knew or had
> reason to know of Ronald Ficarrotta, chief judge of the Thirteenth Circuit.
> In Case No. 8:21-cv-21-SDM-CPT, another case where CHIEF JUDGE
> RONALD FICARROTA, et al., individually and in his official capacity
> where other state court judges are defendants, the District Judge voluntarily
> disclosed a conflict and recused himself, despite stating in the order,
> "although I have no question about my impartiality."  Finally, through
> discovery, I will prove that a federal judge with the Middle District of
> Florida, Tampa Division, contacted Judge Ryan T. Holte, Federal Claims
> Court, the same day the instant case was filed. This contact may have
> prompted Judge Holte to suddenly dismiss the Plaintiff's "takings" case and
> enter a final judgment well after business hours, in late evening the same
> day. Though the United States has not yet made an appearance in the case,
> this merits further investigation. It may be incidental but the District Judge
> and Judge Holte both are associated with the Federalist Society.

A reasonable objective person would have questioned the District Judge's impartiality if

he in fact:

**(1)** has a relationship with Defendant Ronald Ficarrotta (or Defendant Gregory Holder);

**(2)** voluntarily disclosed a conflict and recused himself in that case if the same or similar conflict existed in this case. Case No. 8:21-cv-21-SDM-CPT has similarities to the existing case about the Thirteenth Circuit and/or its judges. The notable differences that might cause DeBose to fear that the District Judge cannot be impartial based on these facts alone is that the District Judge did not disclose any conflict (to Ficarrotta or Holder) and did not recuse himself, knowing that these conflicts existed. Case No. 8:21-cv-21-SDM-CPT involves a white female lawyer while the instant case involves a Black female lawyer. In Case No. 8:21-cv-21-SDM-CPT, the Thirteenth Circuit and/or its judges remain in the case and were not dismissed. In this case, they were dismissed despite substantial evidence. Both cases involve allegations that can be pursued criminally and civilly;

**(3)** interfered in another case and exerted his influence with the intent to cause an adverse ruling to be entered against DeBose.

**(4)** maintains an active association with the Federalist Society, a significant "extrajudicial source" factor based on its origination and history: *Alienated by what they perceived as the "liberal" bent — engendered by the New Deal, the Great Society, and the civil rights, women's, and anti-war movements — of their law professors and fellow students, they founded the Federalist Society for Law and Public Policy Studies*; and

**(5)** referred to Plaintiff's sister, LaShawn Washington, as *hateful* in a prior case where she advocated for canonical marriage. Adverse rulings against a party do not in themselves provide a basis for disqualification. *United States v. Hynes*, 467 F.3d 951, 960 (6th Cir. 2006) ("'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))); *Willner v. Budig*,

848 F.2d 1032, 1035 (10th Cir. 1988) (per curiam) ("'[A] motion to recuse cannot be based solely on adverse rulings.'" (quoting *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988) (per curiam)). Even if a ruling against Plaintiff in a prior case was erroneous, that alone would be insufficient to warrant recusal. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626-27 (9th Cir. 1993). Here, the District Judge's statement (calling someone hateful) and action (to willfully withhold and not docket her filing) is similar to what the District Judge attempted with DeBose's original complaint (i.e. to lock DeBose out of court until Holte's 9PM ruling in hopes of creating an affirmative defense—i.e. res judicata—for the defendant United States and the Middle District of Florida judges.

DeBose expressed this well before the injunction order. There were no proceedings or hearings in the case. Therefore, the Plaintiff did not rely on actions taken by the District Judge but DeBose's concerns about the District Judge's impartiality or ability to be fair, which provided proper grounds for disqualification. However, the District Judge did not recuse himself or order his own disqualification under § 455(a) or § 144.

<u>29 U.S.C. § 455(b)(1)</u>

On January 17, 2023, the Plaintiff filed a motion requesting to have the injunction order set aside because the District Court's Injunction relied on Defendant Greg Holder, as a successor judge. This was against the unmistakable evidence in the record from Gina Justice, Court Administration, Thirteenth Judicial Circuit Court, that Holder had no such assignment. Importantly, the Plaintiff subsequently obtained new evidence produced in the record that shows Holder himself had undisclosed conflicts that demanded his disqualification if he were in fact a successor. The conflicts—Holder's employment as an adjunct professor at the University of South Florida Board of Trustees and censure by the Florida Supreme Court for interfering in a case

4

involving USF, should have precluded Holder from issuing final judgments/orders, dismissing DeBose's cases 17-CA-001652 and 19-CA-004473 with prejudice, and entering orders to terminate 15-CA-005663 since the USF Board was a defendant in the three cases.

**New Evidence of District Judge's conflict or § 455(b)(1) knowledge about Holder**

The Plaintiff now submits evidence with her affidavit that shows that it is more probable than not that the District Judge had personal knowledge of disputed evidentiary facts concerning the proceeding under § 455(b)(1). Specifically, the evidence shows that the District Judge knew that Holder was not or should not have been a successor judge because the District Judge knew about Holder's employment with the USF and Holder's censure by the Florida Supreme Court for intervening in a case involving USF.

- May 25, 2021, **Case 8:21-cv-01142-SDM-SPF**, Holder was appointed a mediator in an order signed by the District Judge (**EXHIBIT B**)

- January 3, 2022, **Case 8:20-cv-01718-SDM-AEP**, Holder was appointed a mediator in an order signed by the District Judge (**EXHIBIT C**)

This evidence shows that the District Judge had opportunity and access to Holder's application, resume, or vitae submitted to the Middle District of Florida, listing his USF employment. It also shows the District Judge had direct personal knowledge of Holder during the instant case, when it was active. It may explain why the Magistrate and District Judge quashed the summons and complaint served on Holder, when such orders are not generally granted and easily remedied. The District Judge may have been motivated by personal knowledge and bias in favor of Holder, seeking to get him out of the case because of Holder's conflicts known by him. The information Plaintiff obtained shows the District Judge's personal knowledge of Holder goes back as far as the

year 1999. The above provides proper grounds for disqualification. The District Judge should recuse himself or order his own disqualification under § 455(b)(1) or § 144.

<u>28 U.S.C. § 144</u>

The District Judge's disqualification is alternatively required under 28 U.S.C. § 144. Section 144 requires a party seeking recusal to submit a "timely and sufficient affidavit," as well as a certificate stating that the motion is made in good faith. Plaintiff submits under this motion her good faith certificate and affidavit under penalty of perjury that the foregoing is true and correct, based on her knowledge, information, belief, and investigation. The above and foregoing provides proper grounds for disqualification. The District Judge should recuse himself or order his own disqualification under § 144.

**WHEREFORE**, Plaintiff respectfully asks that this motion for disqualification be granted, and a new judge assigned to review and/or vacate all prior orders rendered in this matter by the District Court.

**Dated this <u>7th</u> day of February 2023.**                    Respectfully submitted,

                                                                                */s/ Angela DeBose*
                                                                                Angela DeBose

**CERTIFICATE OF GOOD FAITH**

I HEREBY CERTIFY as the party seeking the District Judge's disqualification, that this motion and the statements contained herein are made in good faith.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **7th** day of February 2023, the above and foregoing was

filed with the Court, which will email all counsels of record.

*Angela DeBose*
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
(813) 230-3023
awdebose@aol.com

# EXHIBIT

# A

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANGELA DEBOSE,**

       **Plaintiff,**

   **v.**                      **CASE NO. 8:21-cv-2127-SDM-AAS**

**THE UNITED STATES, et al.,**

       **Defendants.**

_____/

### PLAINTIFF'S AFFIDAVIT FOR DISQUALIFICATION

STATE OF FLORIDA                   )

COUNTY OF **HILLSBOROUGH**  )

    BEFORE ME, an officer authorized to take oaths, this day personally appeared ANGELA DEBOSE, affiant, who first being duly sworn, deposes and says:

1.  I, Angela DeBose, am the Plaintiff in the case *Angela DeBose v. The United States, et al.,* Case No. 8:21-cv-2127-SDM-AAS.

2.  I have direct, personal knowledge of the information and facts attested to in this case.

3.  Pursuant to Florida Statute §§ 144 and 445, I request the immediate disqualification of District Judge Steven D. Merryday, for the reasons stated herein and in the Plaintiff's February 7, 2023 Motion for Mandatory Disqualification of United States District Judge.

4.  I received evidence through an investigation and researched, wrote, and developed the factual and legal arguments in the motion and this affidavit; I attest that the information is true and correct to the best of my knowledge.

1

5.  The federal rules above require a United States District Judge presiding over a civil proceeding to disqualify himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

6.  Although the Florida Rules of Judicial Administration may not govern here, a judge should recuse himself if a party thereto fears that she will not receive a fair trial or hearing because of specifically described prejudice, conduct, or bias of the judge.

7.  When provided proper grounds for disqualification in the Plaintiff's Certificate of Interested Persons, District Judge Merryday did not disclose his conflicts or extra judicial sources meriting disqualification to voluntarily step aside, as required under the federal rules.

8.  Knowing that he had a personal bias or prejudice concerning a party in the above case, (Ronald Ficarrotta and Gregory P. Holder, for example) District Judge Merryday did not disclose his conflicts and voluntarily step aside, as required under the federal rules.

9.  Knowing that he possessed personal knowledge of disputed evidentiary facts concerning the proceeding (e.g., Gregory P. Holder's employment at USF and censure by the Florida Supreme Court for a case involving USF), District Judge Merryday concealed his knowledge about Holder and did not disqualify himself, as required under the federal rules.

10.  The new evidence I obtained shows that District Judge Merryday entered orders appointing Holder as a mediator in cases in which he presided as recently as 2021 and 2022, providing him opportunity and access to Holder's employment information. It would not be unreasonable to believe that Holder listed his USF employment.

11.  It would not be unreasonable to believe that District Judge Merryday knew Holder both personally and professionally since I obtained information dating back to 1999 showing a connection. Therefore, it is likely, more probable than not, that District Judge Merryday knew that Holder was censured for improperly intervening in a case involving USF.

2

12.   District Judge Merryday did not hold a hearing in my case to deny me constitutional due process, to avoid making required disclosures or answer my questions or concerns about his impartiality.

13. The harm done is irreparable and cannot be remedied. District Judge Merryday's bias has caused me to fear that I will not receive a fair process.

14. I have moved for the mandatory disqualification of District Judge Merryday based on all applicable laws noted herein.

15. Furthermore, I have requested relief and requested a new proceeding on all the issues. My affidavit is also provided for these purposes, to support my Motion for Mandatory Disqualification of this District Judge.

Under penalty of perjury, the above information in this affidavit, in the motion for disqualification, and the exhibits attached are true and correct to the best of my knowledge, information, belief, and investigation

_____
**Affiant, ANGELA DEBOSE**

STATE OF FLORIDA                    )
COUNTY OF **HILLSBOROUGH**   )

Sworn to and signed personally before me on February **7th**, 2023, by ANGELA DEBOSE.

_____
AFFIANT'S SIGNATURE

Notary Public State of Florida
Patricia A Washington
My Commission GG 969481
Expires 03/15/2024

_____
NOTARY PUBLIC PRINTED

_____
NOTARY PUBLIC SIGNATURE

**X** Personally Known

3

# EXHIBIT
# B

CLOSED, MEDIATION

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: 8:21-cv-01142-SDM-SPF

| | |
|---|---|
| Evans v. LVNV Funding, LLC | Date Filed: 05/12/2021 |
| Assigned to: Judge Steven D. Merryday | Date Terminated: 11/23/2021 |
| Referred to: Magistrate Judge Sean P. Flynn | Jury Demand: Plaintiff |
| Demand: $7,000 | Nature of Suit: 480 Consumer Credit |
| Case in other court: Thirteenth Judicial Circuit, 21-CC-032963 | Jurisdiction: Federal Question |
| Cause: 15:1692 Fair Debt Collection Act | |

**Plaintiff**

**Tyrone Evans**                                     represented by  **Thomas Martin Bonan**
                                                                    Seraph Legal P.A.
                                                                    1614 N 19th Street
                                                                    Tampa, FL 33605
                                                                    813-321-2347
                                                                    Email: tbonan@seraphlegal.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**LVNV Funding, LLC**                                represented by  **Michael Alan Gold**
                                                                    Walters Levine Klingensmith & Thomison,
                                                                    PA
                                                                    601 Bayshore Blvd Ste 720
                                                                    Tampa, FL 33606-2760
                                                                    813-254-7474
                                                                    Fax: 813-254-7341
                                                                    Email: mgold@walterslevine.com
                                                                    *ATTORNEY TO BE NOTICED*

**Mediator**

**Gregory P. Holder**                                represented by  **Gregory P. Holder**
                                                                    Zinober Diana & Monteverde, P.A.
                                                                    1511 North Westshore Blvd.
                                                                    Suite 700
                                                                    Tampa, FL 33607
                                                                    813-773-5106
                                                                    Email: greg@zinoberdiana.com
                                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/12/2021 | 1 | COMPLAINT and NOTICE OF REMOVAL from Thirteenth Judicial Circuit, case number 21-CC-032963 filed in State Court on 04/06/2021. Filing fee $ 402, receipt number |

| | | AFLMDC-18242739 filed by LVNV Funding, LLC. (Attachments: # 1 State Court COMPLAINT, # 2 State Court Other Documents, # 3 State Court Docket Sheet, # 4 Civil Cover Sheet)(Gold, Michael) (Entered: 05/12/2021) |
|---|---|---|
| 05/12/2021 | 2 | NEW CASE ASSIGNED to Judge Steven D. Merryday and Magistrate Judge Sean P. Flynn. New case number: 8:21-cv-1142-SDM-SPF. (SJB) (Entered: 05/12/2021) |
| 05/12/2021 | 3 | NOTICE to counsel Michael A. Gold that Form JS 44 Civil Cover Sheet is required for the Clerk of Court to initiate a civil docket sheet. File the Civil Cover Sheet in this action using the **Notice (Other)** event. (**Civil Cover Sheet is blank**) (Signed by Deputy Clerk). (CTR) (Entered: 05/12/2021) |
| 05/12/2021 | 4 | NOTICE by LVNV Funding, LLC re 1 Notice of Removal *Civil Cover Sheet* (Gold, Michael) (Entered: 05/12/2021) |
| 05/13/2021 | 5 | NOTICE of Local Rule 1.07(c) and Local Rule 3.02(a)(2): <br><br> **-Local Rule 1.07(c)** requires lead counsel to *promptly* file a **Notice of a Related Action** that identifies and describes any related action pending in the Middle District. <br><br> **-Local Rule 3.02(a)(2)** requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (KR) (Entered: 05/13/2021) |
| 05/13/2021 | 6 | **NOTICE: COMPLIANCE WITH LOCAL RULE 1.08. Signed by Judge Steven D. Merryday on 2/5/2021. (KR)** (Entered: 05/13/2021) |
| 06/14/2021 | 7 | ANSWER and affirmative defenses to Complaint by LVNV Funding, LLC.(Gold, Michael) (Entered: 06/14/2021) |
| 07/29/2021 | 8 | NOTICE of a related action per Local Rule 1.07(c) by Tyrone Evans. Related case(s): No (Bonan, Thomas) (Entered: 07/29/2021) |
| 07/29/2021 | 9 | CERTIFICATE of interested persons and corporate disclosure statement by Tyrone Evans. (Bonan, Thomas) (Entered: 07/29/2021) |
| 08/02/2021 | 10 | CASE MANAGEMENT REPORT. (Bonan, Thomas) (Entered: 08/02/2021) |
| 08/04/2021 | 11 | CERTIFICATE of interested persons and corporate disclosure statement by LVNV Funding, LLC. (Gold, Michael) (Entered: 08/04/2021) |
| 08/31/2021 | 12 | **CASE MANAGEMENT AND SCHEDULING ORDER: Final pretrial conference scheduled for 8/2/2022 at 10:00AM in Tampa Courtroom 11B before Magistrate Judge Sean P. Flynn; jury trial scheduled for the September 2022 trial term in Tampa Courtroom 15A before Judge Steven D. Merryday. Signed by Judge Steven D. Merryday on 8/31/2021. (KM)** (Entered: 08/31/2021) |
| 09/13/2021 | 13 | **ORDER appointing Gregory Holder as mediator; designating Thomas Bonan as lead counsel; directing lead counsel to coordinate the date and time of mediation and to file a notice of mediation within seven days after this order; directing the parties to mediate by 1/21/2022. Signed by Judge Steven D. Merryday on 9/13/2021. (KRM)** (Entered: 09/13/2021) |

| 09/13/2021 | 14 | **ORDER re 13--mediation order; permitting the parties to appear by video with the mediator's approval. Signed by Judge Steven D. Merryday on 9/13/2021. (KRM)** (Entered: 09/13/2021) |
| 09/20/2021 | 15 | NOTICE of mediation conference/hearing to be held on November 24, 2021, 9:30 AM before Gregory Holder. (Bonan, Thomas) (Entered: 09/20/2021) |
| 11/18/2021 | 16 | NOTICE of settlement by Tyrone Evans (Bonan, Thomas) (Entered: 11/18/2021) |
| 11/23/2021 | 17 | **ENDORSED ORDER. The plaintiff announces a settlement. Under Local Rule 3.09(b), this action is DISMISSED subject to the right of any party within sixty days (1) to submit a stipulated form of final order or judgment or (2) to move to vacate the dismissal for good cause. The clerk is directed to close the case. Signed by Judge Steven D. Merryday on 11/23/2021. (DAS)** (Entered: 11/23/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/06/2023 18:56:29 | | |
| **PACER Login:** | awdebose7367 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-cv-01142-SDM-SPF |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT

# C

# Warmbier v. Omega Water Sciences, LLC et al

| |
|---|
| Alan Warmbier |
| Steven S. Sherman doing business as Project Vision Dynamics, Omega Material Sciences, LLC, Glen Finkel, James Doucher, Keith Ervin, Omega Water Sciences, LLC and Omega Petroleum Sciences, LLC |
| Gregory Holder |
| 8:2020cv01718 |
| July 24, 2020 |
| US District Court for the Middle District of Florida |
| Steven D Merryday |
| James S Moody |
| Anthony E Porcelli |
| Labor: Fair Standards |
| 29 U.S.C. § 201 Fair Labor Standards Act |
| Plaintiff |

## Docket Report

RSS Track this Docket

This docket was last retrieved on March 31, 2022. A more recent docket listing may be available from PACER.

| Document Text |
|---|
| **Filing 70**  ORDER granting #68 Motion for Extension of Time to Complete Discovery; granting #69 Motion for Extension of Time to Complete Discovery. The deadline to complete discovery is extended to and including June 30, 2022 and the deadline to file dispositive motions is extended to and including July 31, 2022. The Pretrial Conference and Trial dates will be reset by separate order. Defendants James Doucher and Steven Sherman d/b/a Project Vision Dynamics shall file a notice with an updated mailing address within 10 days of this order. The Clerk is directed to email a copy of this order to Defendants Doucher and Sherman's email addresses as listed in their motion. See Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 3/31/2022. (BMM) Modified on 3/31/2022 (BMM). |

| **Document Text** |
| --- |
| **Filing 69**  First MOTION for Extension of Time to Complete Discovery by James Doucher, Keith Ervin, Glen Finkel, Steven S. Sherman. (Brown, Cynthia) Motions referred to Magistrate Judge Anthony E. Porcelli. |
| **Filing 68**  First MOTION for Extension of Time to Complete Discovery by Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC. (Brown, Cynthia) Motions referred to Magistrate Judge Anthony E. Porcelli. |
| **Filing 64**  ENDORSED ORDER granting #62 Motion for Extension of Time to Complete Discovery and Dispositive Motion Deadline. The deadline to complete discovery is extended to and including March 30, 2022 and the deadline to file dispositive motions is extended to and including April 29, 2022. All other deadlines remain unchanged. Signed by Magistrate Judge Anthony E. Porcelli on 3/1/2022. (BMM) |
| **Filing 62**  Unopposed MOTION for Extension of Time to Complete Discovery and Dispositive Motion Deadline by Alan Warmbier. (Thorpe, Shaina) Motions referred to Magistrate Judge Anthony E. Porcelli. |
| **Filing 61**  MEDIATION report Hearing held on February 23, 2022. Hearing outcome: Impasse. (Holder, Gregory) Modified on 2/24/2022 (CTR). |
| **Filing 56**  NOTICE of mediation conference/hearing to be held on February 23, 2022 at 1:30 pm before Gregory Holder. (Thorpe, Shaina) |
| **Filing 55**  ORDER re #54--mediation order; permitting the parties to appear by video with the mediator's approval. Signed by Judge Steven D. Merryday on 1/3/2022. (KRM) |
| **Filing 54**  ORDER appointing Gregory Holder as mediator; designating Shaina Thorpe as lead counsel; directing lead counsel to coordinate the date and time of mediation and to file a notice of mediation within seven days after this order; directing the parties to mediate by 2/28/2022. Signed by Judge Steven D. Merryday on 1/3/2022. (KRM) |
| **Filing 53**  CASE MANAGEMENT AND SCHEDULING ORDER: Final pretrial conference scheduled for 8/30/2022 at 10:00AM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli; jury trial scheduled for the September 2022 trial term in Tampa Courtroom 15A before Judge Steven D. Merryday. Signed by Judge Steven D. Merryday on 12/30/2021. (KRM) |
| **Filing 52**  Case Reassigned to Judge Steven D. Merryday. New case number: 8:20-cv-1718-SDM-AEP. Judge James S. Moody, Jr no longer assigned to the case. (AG) |
| **Filing 51**  STATUS report on Settlement Discussions by Alan Warmbier. (Thorpe, Shaina) |
| **Filing 50**  ENDORSED ORDER re #49 Case Management Report. Pursuant to the Court's FLSA Scheduling Order (Dkt. #40), the Parties were given 30 days from the filing of the Verified Summary to meet and confer regarding settlement. No later than ten (10) days after the settlement conference, counsel was directed to jointly file a Report Regarding Settlement that notifies the Court whether: (1) the parties have settled the case; (2) the parties have not settled but wish to continue settlement discussions for a specific period of time; (3) the parties wish to engage in a |

| Document Text |
|---|
| formal mediation conference before a specific mediator on or before a specific date; (4) the parties have exhausted all settlement efforts and will file immediately a Case Management Report. The parties failed to file a report regarding settlement. The parties are directed to file a status report regarding settlement with 21 days of the date of this Order. Signed by Judge James S. Moody, Jr. on 9/9/2021. (SMB) |
| **Filing 49**  CASE MANAGEMENT REPORT. (Thorpe, Shaina) |
| **Filing 48**  ENDORSED ORDER re #45 Response to Order to Show Cause. Attorney Cynthia Brown shall remain counsel of record for the corporate defendants, Omega Material Sciences, LLC, Omega Water Sciences, LLC, and Omega Petroleum Sciences, LLC, in light of her compliance with registration with the MDFL and CM/ECF. Signed by Judge James S. Moody, Jr. on 7/15/2021. (SMB) |
| **Filing 47**  RESPONSE re #40 Case Management / FLSA / ADA / Social Security / Scheduling Order, #44 Order to strike filed by James Doucher, Keith Ervin, Glen Finkel, Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC, Steven S. Sherman. (Brown, Cynthia) |
| **Filing 46**  Answer to Court's Interrogatories re #40 Case Management / FLSA / ADA / Social Security / Scheduling Order, #44 Order to strike filed by James Doucher, Keith Ervin, Glen Finkel, Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC, Steven S. Sherman. (Brown, Cynthia) Modified event type and notified counsel on 7/14/2021. (JLD) |
| **Filing 45**  RESPONSE re #44 Order to strike filed by Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC. (Brown, Cynthia) |
| **Filing 44**  ORDER: The filings at Dockets #42 and #43 are ORDERED stricken and the Clerk is directed to return them to the submitting party with a copy of this Order. Attorney Cynthia Brown shall show cause in writing, within fourteen (14) days, why her appearance should not be stricken from the record. As an exception, Brown may file her response to this Order by paper format. Signed by Judge James S. Moody, Jr. on 6/29/2021. (SMB) |
| **Filing 43**  *** STRICKEN per #44 Order.*** ANSWER to FLSA interrogatories re: #40 Case Management / FLSA / ADA / Social Security / Scheduling Order by James Doucher, Keith Ervin, Glen Finkel, Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC, Steven S. Sherman. (Attachments: #1 Mailing Envelope)(JLD) Modified text on 6/29/2021 (JLD). |
| **Filing 42**  *** STRICKEN per #44 Order.*** NOTICE of Filing Defendants' Joint Response to Plaintiff by James Doucher, Keith Ervin, Glen Finkel, Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC, Steven S. Sherman re #40 Case Management / FLSA / ADA / Social Security / Scheduling Order (Attachments: #1 Mailing Envelope)(JLD) Modified text on 6/28/2021 (JLD). Modified text on 6/29/2021 (JLD). |
| **Filing 41**  NOTICE of Filing Plaintiff's Answers to Court Interrogatories to Plaintiff by Alan Warmbier re #40 Case Management / FLSA / ADA / Social Security / Scheduling Order. |

| Document Text |
| --- |
| (Attachments: #1 Plaintiff's Answers to Court's Interrogatories to Plaintiff)(Thorpe, Shaina) Modified on 6/3/2021 to edit text (CRH). |
| **Filing 40**  FLSA SCHEDULING ORDER. Plaintiff shall answer the Court's interrogatories within 20 days. (See Order for additional details and instructions.) Signed by Judge James S. Moody, Jr. on 5/10/2021. (Attachments: #1 Magistrate Judge Consent Form)(SMB) |
| **Filing 39**  ORDER for Cynthia A. Brown to comply with the administrative procedures regarding electronic filing. The Clerk is directed to stop sending paper copies to the above-referenced attorney after sending this Order. Signed by Judge James S. Moody, Jr. on 5/4/2021. (SMB) |
| **Filing 38**  NOTICE to counsel Cynthia A. Brown of Local Rule 2.01(b)(1)(G), which requires members of the Middle District bar to register with the Middle District CM/ECF system by submitting an e-file registration through PACER. (Signed by Deputy Clerk). (LSS) |
| **Filing 37**  ENDORSED ORDER granting #36 Defendants' Joint and Unopposed Motion for Additional Time to File Their Answer to Plaintiff's Amended Complaint. Defendants' deadline to respond to Plaintiff's Amended Complaint is extended to April 23, 2021. Signed by Judge James S. Moody, Jr. on 4/19/2021. (SMB) |
| **Filing 36**  MOTION for Extension of Time to File Answer re #6 Amended Complaint by James Doucher, Keith Ervin, Glen Finkel, Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC, Steven S. Sherman. (JLD) |
| **Filing 35**  ANSWER and affirmative defenses to #6 Amended Complaint by James Doucher, Keith Ervin, Glen Finkel, Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC, Steven S. Sherman.(JLD) |
| **Filing 34**  ENDORSED ORDER granting #33 Unopposed Motion to Modify Conferral Method for Case Management Report Conference. Signed by Judge James S. Moody, Jr. on 4/6/2021. (SMB) |
| **Filing 33**  Unopposed MOTION for Miscellaneous Relief, specifically to Modify Conferral Method for Case Management Report Conference by Alan Warmbier. (Thorpe, Shaina) |
| **Filing 32**  ORDER: Defendants' Motions to Dismiss Amended Complaint (Dkts. #20, #21, #22, #23, #24, #25, and #26) are denied. Defendants shall file their answers to Plaintiff's Amended Complaint within fourteen (14) days of the date of this Order. Signed by Judge James S. Moody, Jr. on 3/25/2021. (SMB) |
| **Filing 31**  MEMORANDUM in opposition re #26 Motion to Dismiss, #20 Motion to Dismiss, #22 Motion to Dismiss, #25 Motion to Dismiss, #21 Motion to Dismiss, #24 Motion to Dismiss, #23 Motion to Dismiss filed by Alan Warmbier. (Thorpe, Shaina) |
| **Filing 30**  ENDORSED ORDER granting #29 Plaintiff's Unopposed Motion for Extension of Time to March 12, 2021 to File Response in Opposition to Motions to Dismiss. Signed by Judge James S. Moody, Jr. on 3/8/2021. (SMB) |

| Document Text |
|---|
| **Filing 29**  Consent MOTION for Extension of Time to File Response/Reply as to #26 MOTION to Dismiss Amended Complaint, #20 MOTION to Dismiss Amended Complaint and Incorporated Memorandum of Law, #22 MOTION to Dismiss Amended Complaint, #25 MOTION to Dismiss Amended Complaint, #21 MOTION to Dismiss Amended Complaint, #24 MOTION to Dismiss Amended Complaint, #23 MOTION to Dismiss Amended Complaint by Alan Warmbier. (Thorpe, Shaina) |
| **Filing 28**  NOTICE of a related action per Local Rule 1.07(c) by Alan Warmbier. Related case(s): Yes (Thorpe, Shaina) |
| **Filing 27**  CERTIFICATE of interested persons and corporate disclosure statement by Alan Warmbier. (Thorpe, Shaina) |
| **Filing 26**  MOTION to Dismiss Amended Complaint by Steven S. Sherman. (BSN) |
| **Filing 25**  MOTION to Dismiss Amended Complaint by James Doucher. (BSN) |
| **Filing 24**  MOTION to Dismiss Amended Complaint by Glen Finkel. (Attachments: #1 Mailing Envelope)(BSN) |
| **Filing 22**  MOTION to Dismiss Amended Complaint by Omega Petroleum Sciences, LLC. (BSN) |
| **Filing 21**  MOTION to Dismiss Amended Complaint by Omega Water Sciences, LLC. (BSN) |
| **Filing 20**  MOTION to Dismiss Amended Complaint and Incorporated Memorandum of Law by Keith Ervin. (Attachments: #1 Mailing Envelope)(JLD) |
| **Filing 19**  ENDORSED ORDER: After review of the filings in this case, the Court sua sponte grants Defendants an extension of time until February 12, 2021, to respond to Plaintiff's complaint. Failure to respond by that time may result in the Court entering a default without further notice. Signed by Judge James S. Moody, Jr on 2/2/2021. (JG) |
| **Filing 23**  MOTION to Dismiss Amended Complaint by Omega Material Sciences, LLC. (BSN) |
| **Filing 18**  ENDORSED ORDER denying without prejudice for failure to comply with Local Rule 3.01(g) #16 Motion to File Excess Pages. Signed by Judge James S. Moody, Jr on 2/1/2021. (JG) |
| **Filing 17**  ENDORSED ORDER denying without prejudice for failure to comply with Local Rule 3.01(g) #15 Motion to Dismiss. The Court also notes that only the individual defendants may proceed in this matter pro se. An attorney must represent the corporate entities. Signed by Judge James S. Moody, Jr on 2/1/2021. (JG) |
| **Filing 16**  JOINT MOTION for Permission to Submit a Single Joint Motion to Dismiss and Incorporated Memorandum of Law in Excess of 25-Page Limit by James Doucher, Keith Ervin, Glen Finkel, Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC, Steven S. Sherman. (CRH) Modified on 2/1/2021 (CRH). Modified text on 2/8/2021 (AG). |

| Document Text |
| --- |
| **Filing 15** JOINT MOTION to Dismiss Amended Complaint and Incorporated Memorandum of Law by James Doucher, Keith Ervin, Glen Finkel, Omega Material Sciences, LLC, Omega Petroleum Sciences, LLC, Omega Water Sciences, LLC, Steven S. Sherman. (CRH) Modified text on 2/8/2021 (AG). |