UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.                                             CASE NO. 8:21-cv-2127-SDM-AAS

UNITED STATES, et al.,

    Defendants.
_____/

**ORDER**

    A September 12, 2022 order (Doc. 81) dismisses with prejudice this action — the ninth successive action by Angela DeBose, an unmistakably vexatious litigant, against these defendants — and enjoins DeBose "from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF, (2) about Ellucian, LP, (3) about any firm's or lawyer's representation of USF or Ellucian, LP, or (4) about DeBose's litigation against USF, the members of the Board of Trustees, USF's lawyers and Ellucian, LP." DeBose appeals. (Doc. 87)

    Since the dismissal, DeBose has (1) twice moved (Docs. 83 and 107) to vacate the judgment, (2) moved (Doc. 86) for a new trial, (3) moved (Doc. 95) to compel USF to comply with a subpoena issued after the dismissal, (4) moved (Doc. 100) to hold a non-party in civil contempt after the non-party refused to answer a different subpoena issued after the dismissal, (5) moved (Doc. 102) to re-open the case, and

(6) moved (Doc. 108) to disqualify the presiding judge.  The second motion to vacate the judgment and the motion to disqualify (Docs. 107 and 108) pend.  But similar to the earlier motions, DeBose presents no arguably meritorious basis for either pending motion.  Further, because of the pending appeal, no authority remains in the district court to vacate the judgment.  Thus, each pending motion (Docs. 107 and 108) is **DENIED**.*  As a supplement to the record-on-appeal, the clerk must transmit this order to the Eleventh Circuit in appeal 22-13380.

ORDERED in Tampa, Florida, on March 3, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* DeBose's protracted series of frivolous and vexatious motions likely will require at the conclusion of the appeal an expansion of the injunction.