# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 22, 2023

Clerk - Middle District of Florida
U.S. District Court
801 N FLORIDA AVE
TAMPA, FL 33602-3849

Appeal Number: 23-10961-H
Case Style: In re: Angela DeBose
District Court Docket No: 8:21-cv-02127-SDM-AAS

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers
General Information:    404-335-6100      Attorney Admissions:           404-335-6122
Case Administration:    404-335-6135      Capital Cases:                 404-335-6200
CM/ECF Help Desk:       404-335-6125      Cases Set for Oral Argument:   404-335-6141

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10961

_____

In re: ANGELA W. DEBOSE,

                                                  Petitioner.

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida
D.C. Docket No. 8:21-cv-02127-SDM-AAS

_____

Before LUCK AND ABUDU, Circuit Judges.

BY THE COURT:

Case 8:21-cv-02127-SDM-AAS   Document 113   Filed 09/22/23   Page 3 of 6 PageID 2728
USCA11 Case: 23-10961   Document: 15-2   Date Filed: 09/22/2023   Page: 2 of 5

2                            Order of the Court                        23-10961

Angela DeBose, proceeding *pro se*, petitions this Court for a writ of mandamus and/or prohibition, arising out of a post-judgment motion seeking to disqualify a judge that she filed in the U.S. District Court for the Middle District of Florida. In her mandamus petition, DeBose alleges various disqualifying events and actions by the presiding judge in her civil case, the final judgment of which is currently on appeal. She requests an order of mandamus or prohibition either (1) granting her petition and directing the judge to recuse himself or, alternatively, (2) vacating the order denying her disqualification motion and ordering expedited discovery on the motion so it can be considered on an adequately developed evidentiary record. DeBose also seeks judicial notice of two affidavits she filed in the district court after her disqualification motion was denied.

Writs of prohibition and mandamus, both authorized under 28 U.S.C. § 1651, are "two sides of the same coin with interchangeable standards." *United States v. Pleau*, 680 F.3d 1, 4, (1st Cir. 2012) (*en banc*) (persuasive authority). They are available only in drastic situations when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion. *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation marks omitted). The petitioner has the burden of showing that she has no other avenue of relief and that her right to relief is clear and indisputable. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989); *see also In re Wainwright*, 678 F.2d 951, 953 (11th Cir. 1982) (applying the same standard to writs of prohibition.). These writs may not

Case 8:21-cv-02127-SDM-AAS   Document 113   Filed 09/22/23   Page 4 of 6 PageID 2729
USCA11 Case: 23-10961   Document: 15-2   Date Filed: 09/22/2023   Page: 3 of 5

23-10961                Order of the Court                3

be used as a substitute for appeal or to control decisions of the district court in discretionary matters. *Jackson*, 130 F.3d at 1004; *In re Wainwright*, 678 F.2d at 953. When an alternative remedy exists, even if it is unlikely to provide relief, mandamus relief is not proper. *See Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004).

Under § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or in any circumstances "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Similarly, under § 144, a judge must recuse himself if a party to the proceeding makes a timely and sufficient showing by affidavit that the judge "has a personal bias or prejudice" against him. 28 U.S.C. § 144. Disqualification is only required when the alleged bias is personal in nature; that is, the bias stems from an extra-judicial source. *Loranger v. Stierheim,* 10 F.3d 776, 780 (11th Cir. 1994). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States,* 510 U.S. 540, 555 (1994). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* We have held that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous

Case 8:21-cv-02127-SDM-AAS   Document 113   Filed 09/22/23   Page 5 of 6 PageID 2730
USCA11 Case: 23-10961   Document: 15-2   Date Filed: 09/22/2023   Page: 4 of 5

4                          Order of the Court                        23-10961

speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)).

An appeal from a final judgment brings up for review all preceding non-final orders that produced the judgment. *Mickles on behalf of herself v. Country Club, Inc.*, 887 F.3d 1270, 1278-79 (11th Cir. 2018); *Barfield v. Brierton*, 883 F.2d 923, 930-31 (11th Cir. 1989). Post-judgment proceedings are final and subject to appeal once the district court has disposed of all the issues raised in the motion that initiated those post-judgment proceedings. *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012).

A district court's pre-judgment ruling on recusal or disqualification is reviewable upon appeal after issuance of a final judgment. *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 960-62 (5th Cir. 1980). Accordingly, such a ruling is not reviewable on appeal until the litigation is final, though a writ of mandamus may be issued to correct such a decision in "exceptional circumstances amounting to a judicial usurpation of power." *Id.* at 960-62 & n.4 (quotation marks omitted); *see id.* at 961-62 (declining to grant mandamus relief relating to a district court judge's refusal to recuse himself where full review of the issue was available on appeal); *see also In re Moody*, 755 F.3d at 897 (explaining that review of district court judge's refusal to recuse under mandamus authority was "even more stringent" than the ordinary abuse-of-discretion standard applicable to review on appeal of recusal issue, because the drastic remedy of mandamus was available only in exceptional circumstances). Where a judge's duty to recuse himself is debatable

Case 8:21-cv-02127-SDM-AAS   Document 113   Filed 09/22/23   Page 6 of 6 PageID 2731
USCA11 Case: 23-10961   Document: 15-2   Date Filed: 09/22/2023   Page: 5 of 5

23-10961                Order of the Court                5

or non-existent, a writ of mandamus will not issue to compel recusal. *Corrugated Container*, 614 F.2d at 962.

DeBose's judicial-notice motion, which we construe as a request for this Court to consider the two affidavits she filed in the district court in determining whether she is entitled to mandamus or prohibition relief, is **GRANTED.**

Nevertheless, DeBose is not entitled to mandamus or prohibition relief because she had the adequate alternative remedy of appealing the district court's order denying her post-judgment motion for disqualification. Furthermore, to the extent she alleges the district court judge should have recused himself before entering the final judgment in the case, she had the adequate alternative remedy of raising this issue in her appeal from the judgment. Further, she has not shown any exceptional circumstances to warrant a recusal challenge through mandamus, especially now that judgment has been entered. Finally, she has not shown that her right to relief is clear and undisputable.

Accordingly, DeBose's petition for a writ of mandamus and/or prohibition is **DENIED.**