IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.

THE UNITED STATES, et al.,

    Defendants.
_____/

FEB 10 2025 AM10:53
FILED - USDC - FLMD - TPA

CASE NO. 8:21-cv-2127-SDM-AAS

## PLAINTIFF-INTERVENORS LAVONNE WASHINGTON'S AND MICHAEL WASHINGTON'S MOTION TO INTERVENE AND REOPEN CASE TO CORRECT AN ADMINISTRATIVE ERROR AND SHORTEN OR ELIMINATE THE "WITH PREJUDICE" PERIOD PROVISION OF PRIOR ORDER OF DISMISSAL

LaVonne Washington and Michael Washington respectfully move pursuant to intervene on behalf of the Estate of Patricia Ann Washington in this action. Intervention is warranted as of right because LaVonne Washington and Michael Washington have filed a lawsuit against the district judge in this matter who has unfairly impaired the Estates of Patricia Ann Washington and LaShawn Washington such that they cannot be fully protected by Plaintiff Angela DeBose, personal representative. LaVonne Washington and Michael Washington intervene as of right to move for the immediate disqualification of district judge Steven D. Merryday whom they have sued for constitutional reasons, Case #24-CA-010301, in the Thirteenth Judicial Circuit for Hillsborough County. See the attached notice of filing of lawsuit.

### ARGUMENT

The judge has a personal bias or prejudice against members of the Estate. The judge has personal knowledge of disputed facts that he has knowingly disregarded. The judge has failed to apply the law in a correct manner.

**I. LaVonne Washington and Michael Washington Should Be Permitted to Intervene as of Right.**

Florida Rule 1.230 provides that "Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention". Equivalently, Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Both Rules are "broadly construed in favor of potential intervenors." The federal rule provides the following stringent tests regarding who must be permitted to intervene: "1) the application was timely filed; 2) the applicants possess a substantial legal interest in the case as the siblings of the decedent; 3) the applicants' ability to protect the Estate's interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicants' interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); *see Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). LaVonne Washington and Michal Washington meet each of these requirements for intervention as of right.

**A. LaVonne Washington's and Michael Washington's Intervention is Timely.**

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of her interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th

Cir. 1990). The motion is seeking to reopen the case and shorten the "with prejudice" period provision of the dismissal order because of the violation of Rule 65, Rule 12(d), violating the First Amendment and state action doctrine, etc. The issuance of a temporary injunction without a hearing or notice to the adverse party made it difficult to schedule a hearing to dissolve, vacate or modify the injunction. The injunction is being held out as permanent and has harmed the estates of LaShawn Washington and Patricia Ann Washington. These facts militate in favor of LaVonne Washington's and Michael Washington's intervention.

### B. LaVonne Washington and Michael Washington have a Substantial Legal Interest in the Subject Matter of This Case.

LaVonne Washington and Michael Washington have a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6thCir. 1987) ("'[I]nterest' is to be construed liberally."). No specific legal or equitable interest is required, *see Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under the Rule. The injunction order issued by the circuit judge violated the court's administrative policy of the Thirteenth Judicial Circuit and violated the constitutional rights of the Estates' members, including those guaranteed by the First, Fifth, and Fourteenth Amendments as well as violated federally protected rights, such as those created by federal statutes—for example Section 1983. *Cf. Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006) (State of Ohio entitled to intervene as of right where it had an interest in "defending the validity of Ohio laws and ensuring that those laws are enforced").

### C. Intervention in this Case is Necessary to Protect the Estate's Interest.

Under the third intervention prong, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. "This

burden is minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." *Id.*; *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired"). The disposition of this case impacts LaVonne Washington's and Michael Washington's personal interests in allowing themselves and other surviving family members to seek death benefits from the loss of their loved, pursue wrongful death damages, etc.

### D. The Existing Parties have been impaired by the district judge's delay and refusal to disqualify in the face of nonwaivable conflicts of interest and cannot Protect the Interest of LaVonne Washington and Michael Washington.

LaVonne Washington and Michael Washington carry a minimal burden to show that the existing parties to this litigation inadequately represent her interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it '*may* be' inadequate." *Id.* (citations omitted) (emphasis added); *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a *potential* for inadequate representation.") (citation omitted) (emphasis in original). LaVonne Washington and Michael Washington satisfy this burden. LaVonne Washington and Michael Washington property interests have been impaired.

## II. Alternatively, LaVonne Washington and Michael Washington should be allowed to Intervene By Permission

The Court may likewise permit intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion, a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original

parties' rights." The same substantial interests that give LaVonne Washington and Michael Washington a right to intervene in this case supports permissive intervention.

## CONCLUSION

WHEREFORE, Intervenors LaVonne Washington and Michael Washington, having rightfully intervened, respectfully ask the Court to reopen the case and reassign a neutral successor judge.

Respectfully submitted this **10th** day of February, 2025.

*/s/ LaVonne Washington*
LaVonne Washington, Intervenor

*/s/ Michael Washington*
Michael Washington, Intervenor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **10th** day of February, 2025, this was filed with the Clerk, which will notify all parties.

Respectfully submitted,

*/s/ LaVonne Washington*
LaVonne Washington
5205 79th Street
Tampa, FL 33619
(813) 677-1949
saratiwashington@gmail.com

*/s/ Michael Washington*
Michael Washington
6210 East 113th Avenue
Temple Terrace, FL 33617
(813) 751-6464
mwasha513@msn.com