# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.                                                              CASE NO. 8:21-cv-2127-SDM-AAS

THE UNITED STATES, et al.,

    Defendants.
_____/

## ORDER

A September 12, 2022 order (Doc. 81) dismisses with prejudice this action — the ninth successive action by Angela DeBose, an unmistakably vexatious litigant, against these defendants — and enjoins DeBose "from filing pro se in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF; (2) about Ellucian, LP; (3) about any firm's or lawyer's representation of USF or Ellucian, LP; or (4) about DeBose's litigation against USF, the members of the Board of Trustees, USF's lawyers and Ellucian, LP."

After dismissal, DeBose (1) twice moved (Docs. 83 and 107) to vacate the judgment, (2) moved (Doc. 86) for a new trial, (3) moved (Doc. 95) to compel USF to comply with a subpoena issued after the dismissal, (4) moved (Doc. 100) to hold a non-party in civil contempt after the non-party refused to answer a different subpoena issued after the dismissal, (5) moved (Doc. 102) to re-open the case, (6) and

moved (Doc. 108) to disqualify the presiding judge. Several earlier orders (Docs. 89, 96, 98, 101, 106, and 109) deny each motion. DeBose appealed (Doc. 87) the earlier order (Doc. 81) that dismisses this action with prejudice and that imposes a limited filing injunction, and the Eleventh Circuit affirmed[1] (Docs. 114 and 115) each ruling.

Almost a year after the Eleventh Circuit's judgment (Doc. 115), DeBose again moves (Doc. 117) to disqualify the presiding judge. Lavonne Washington and Michael Washington move (Doc. 118) to intervene. The presiding judge in this action also presides over *Angela DeBose v. Primerica Life Insurance Company*, 8:24-cv-2433-SDM-NHA (the Primerica action), in which DeBose is a party.[2] DeBose moved (Doc. 9 in 24-cv-2433) to disqualify the presiding judge in the Primerica action, and a December 4, 2024 order (Doc. 16 in 24-cv-2433) denies DeBose's motion (Doc. 9 in 24-cv-2433). According to DeBose, the presiding judge must recuse himself in this action because the December 4, 2024 order (Doc. 16 in 24-cv-2433) in the Primerica action "demonstrates bias against [DeBose], which could impact the fairness of future proceedings." (Doc. 117 at 2)

Under 28 U.S.C. § 455(a), judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard for determining the presence of a "reasonable question" about a judge's impartiality is an "objective" standard. In other words, the issue is whether a reasonable, informed, and

---

[1] *DeBose v. United States*, No. 22-13380, 2024 WL 4896699 (11th Cir. Feb. 8, 2024)

[2] In the Primerica action, DeBose brings claims on behalf of Patricia Ann Washington's estate.

Case 8:21-cv-02127-SDM-AAS   Document 119   Filed 02/24/25   Page 3 of 4 PageID 2773

disinterested third-party would have a substantial question about the judge's impartiality. But under 28 U.S.C. § 455(a), the alleged bias must arise from something other than an adverse ruling. "[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature. As a result, except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). *See also Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."). Like every other order, the December 4, 2024 order (Doc. 16 in 24-cv-2433) is "judicial in nature," and my information about DeBose is limited to information disclosed in litigation. Accordingly, DeBose's motion (Doc. 117) to disqualify the presiding judge is **DENIED**.

Lavonne Washington and Michael Washington move (Doc. 118)) to "intervene on behalf of the Estate of Patricia Ann Washington in this action," move to reopen this case, and move to disqualify the presiding judge. Under Rule 24(a)(2), Federal Rules of Civil Procedure, a non-party can intervene as of right if the non-party timely "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." And under Rule 24(b)(1), a district court may permit intervention if a non-party timely moves and asserts "a claim or defense that shares with the main action a common question of law or fact."

- 3 -

LaVonne Washington and Michael Washington assert that they are beneficiaries to Patricia Washington's estate and that DeBose, the personal representative of Patricia Washington's estate, "cannot fully protect[]" their interest in the estate. (Doc. 118 at 1)  Because DeBose's claims in this action do not involve Patricia Ann Washington's estate, LaVonne Washington and Michael Washington have failed to assert a cognizable interest relating to "the subject of the action."  And because an earlier order (Doc. 81) dismisses this action with prejudice, no action exists in which to intervene.  LaVonne Washington's and Michael Washington's motion (Doc. 118) to intervene is **DENIED**.  And because LaVonne Washington and Micheal Washington are not parties, their requests to disqualify the presiding judge and to re-open the case are **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on February 24, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE